U.S. COURT OF APPEALS
RECEIVED
Aug 30, 2026
FIFTH CIRCUIT

**No. 26-10606**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

Samuel Randles; Patrick Wayne Tuter; Conghua Yan; Kaitlan Ross,
Plaintiffs - Appellants

v.

Jimmy Blacklock, in his **official** capacity as Chief Justice of the Supreme Court of Texas; David L. Evans, in his **official** and **individual** capacities as the statutory Presiding Judge (**regional administrative officer**) of the Eighth **Administrative** Judicial Region under **Tex. Gov't Code ch. 74**; Susan Brown, in her **official** capacity as Presiding Judge of the Eleventh Administrative Judicial Region; Ray Wheless, in his **official** capacity as Presiding Judge of the First Administrative Judicial Region; Crawford R. Randy Catterton, in his **official** capacity as a retired judge sitting by assignment; William Wren Bill Harris, in his **official** capacity as a retired judge sitting by assignment; Sherill Youngberg Dean, in her **official** capacity as a retired judge sitting by assignment; Kim Cooks, in her **official** capacity as a retired judge sitting by assignment; John Roach, Jr., in his **official** capacity as Presiding Judge; Cynthia Favila Terry, in her **official** capacity as Presiding Judge of the 325th District Court of Tarrant County, Texas and in her individual capacity; Lisa Grimaldi, in her **official** capacity as Court Coordinator of the 325th District Court of Tarrant County, Texas and, to the extent permitted by law, in her individual capacity; Kirk Moss, in his **individual** capacity; Tom Wilder, in his **official** and **individual** capacities as District Clerk of Tarrant County, Texas; Tarrant County, Texas, a political subdivision,

Defendants - Appellees

Appeal from the U.S. District Court for the Northern District of Texas,
Fort Worth Division, No. 4:25-cv-01422-O-BP (Hon. Reed O'Connor)

**STATUTORY ADDENDUM TO JOINT OPENING BRIEF**
**FED. R. APP. P. 28(f)**


| **Samuel Randles** | **Kaitlan Ross** | **Patrick Wayne Tuter** | **Conghua Yan** |
|---|---|---|---|
| 5001 SH 114 E.<br>Apt. 1313<br>Roanoke, TX<br>76262<br>(214) 250-6187 | 915 County Road<br>2719<br>Goldthwaite, TX<br>76844<br>(512) 529-0294 | 430 Christi Lane<br>Princeton, TX<br>75407<br>(214) 497-6152 | 2140 E. Southlake<br>Blvd.<br>Suite L-439<br>Southlake, TX<br>76092<br>(214) 228-1886 |

## STATUTORY ADDENDUM CONTENTS

1. U.S. Const. amend. XIV, § 1 - Due process and equal protection ..............Add. 3

2. 42 U.S.C. § 1983 - Civil action for deprivation of rights ............................Add. 3

3. Fed. R. App. P. 4(a)(4)(A)(iv) - Rule 59 tolling provision..........................Add. 4

4. Fed. R. Civ. P. 4(m) - Time limit for service..............................................Add. 4

5. Fed. R. Civ. P. 6(b)(1)(A) - Extension requested before expiration............Add. 5

6. Fed. R. Civ. P. 15(a)(2) - Leave to amend..................................................Add. 6

7. Fed. R. Civ. P. 59(e) - Motion to alter or amend judgment..........................Add. 7

8. Fed. R. Civ. P. 61 - Harmless error.............................................................Add. 8

9. N.D. Tex. Civ. R. 7.1(e)-(f) - Response and reply deadlines .......................Add. 9

10. Tex. Const. art. V, §§ 1, 8, 31(a) - Judicial power and administration ....Add. 10

11. Tex. Gov't Code ch. 74 (selected provisions) ........................................Add. 11

12. Tex. R. Civ. P. 145(a)-(f) - Payment of costs not required.......................Add. 15

13. Tex. R. Civ. P. 145 cmt. to 2016 change (selected paragraph) ................Add. 17

1. Fourteenth Amendment to the United States Constitution, § 1

Amendment XIV

Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

2. 42 U.S.C. § 1983 - Civil action for deprivation of rights

**§ 1983. Civil action for deprivation of rights**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

3. Federal Rule of Appellate Procedure 4(a)(4)(A)(iv)

Rule 4. Appeal as of Right—When Taken

Selected cited provision: Rule 4(a)(4)(A)(iv).
(a) Appeal in a Civil Case.
(4) Effect of a Motion on a Notice of Appeal.
(A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
(iv) to alter or amend the judgment under Rule 59;
4. Fed. R. Civ. P. 4(m) - Time limit for service

**Rule 4. Summons**

(m) TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

5. Federal Rule of Civil Procedure 6(b)(1)(A)

**Rule 6. Computing and Extending Time; Time for Motion Papers**

Selected cited provision: Rule 6(b)(1)(A).

(b) Extending Time.

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

6. Federal Rule of Civil Procedure 15(a)(2)

**Rule 15. Amended and Supplemental Pleadings**

Selected cited provision: Rule 15(a)(2).

(a) Amendments Before Trial.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

7. Federal Rule of Civil Procedure 59(e)

Rule 59. New Trial; Altering or Amending a Judgment

Selected cited provision: Rule 59(e).
(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

8. Federal Rule of Civil Procedure 61

## Rule 61. Harmless Error

Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order.

At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

9. N.D. Tex. Civ. R. 7.1(e)-(f) - Response and reply deadlines

## LR 7.1 Motion Practice

Selected cited provisions: LR 7.1(e)-(f).

(e) Time for Response and Brief. A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.

(f) Time for Reply Briefs. Unless otherwise directed by the presiding judge, a party who has filed an opposed motion may file a reply brief within 14 days from the date the response is filed.

10. Texas Constitution article V, §§ 1, 8, 31(a)

**Article V. Judicial Department**

**§ 1. Judicial Power Vested in Courts; Legislative Power Regarding Courts**

The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.

**§ 8. Jurisdiction of District Courts**

District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law.

**§ 31. Court Administration and Rule-Making Authority**

(a) The Supreme Court is responsible for the efficient administration of the judicial branch and shall promulgate rules of administration not inconsistent with the laws of the state as may be necessary for the efficient and uniform administration of justice in the various courts.

11. Texas Government Code Chapter 74 - Court Administration Act

*Selected provisions: §§ 74.043(a), 74.046(a), 74.047, 74.050(a)-(b), 74.052(a), 74.053, 74.055(a)-(b), (c)(6), 74.056(a)-(b), and 74.059(a).*

**§ 74.043. Facilities; Funding**

(a) Adequate quarters for the operation of each administrative region and the preservation of its records shall be provided in the courthouse of the county in which the presiding judge resides.

**§ 74.046. Duties of Presiding Judge**

(a) A presiding judge shall:

(1) ensure the promulgation of regional rules of administration within policies and guidelines set by the supreme court;

(2) advise local judges on case flow management and auxiliary court services;

(3) recommend to the chief justice of the supreme court any needs for judicial assignments from outside the region;

(4) recommend to the supreme court any changes in the organization, jurisdiction, operation, or procedures of the region necessary or desirable for the improvement of the administration of justice;

(5) act for a local administrative judge when the local administrative judge does not perform the duties required by Subchapter D;

(6) implement and execute any rules adopted by the supreme court under this chapter;

(7) provide the supreme court or the office of court administration statistical information requested; and

(8) perform the duties assigned by the chief justice of the supreme court.

**§ 74.047. Authority of Presiding Judge**

A presiding judge may perform the acts necessary to carry out the provisions of this chapter and to improve the management of the court system and the administration of justice.

**§ 74.050. Support Staff**

(a) The presiding judge may employ, directly or through a contract with another governmental entity, a full-time or part-time administrative assistant.

(b) An administrative assistant shall aid the presiding judge in carrying out the judge's duties under this chapter. The administrative assistant shall:

(1) perform the duties that are required by the presiding judge and by the rules of administration;

(2) conduct correspondence for the presiding judge;

(3) under the direction of the presiding judge, make an annual report of the activities of the administrative region and special reports as provided by the rules of administration to the supreme court, which shall be made in the manner directed by the supreme court; and

(4) attend to other matters that are prescribed by the council of judges.

**§ 74.052. Assignment of Judges**

(a) Judges may be assigned in the manner provided by this chapter to hold court when necessary to dispose of accumulated business in the region.

**§ 74.053. Objection to Judge Assigned to a Trial Court**

(a) When a judge is assigned to a trial court under this chapter:

(1) the order of assignment must state whether the judge is an active, former, retired, or senior judge; and

(2) the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed not later than the seventh day after the date the party receives actual notice of the assignment or before the date the first hearing or trial, including pretrial hearings, commences, whichever date

occurs earlier. The presiding judge may extend the time to file an objection under this section on written motion by a party who demonstrates good cause.

(d) An assigned judge or justice who was defeated in the last primary or general election for which the judge or justice was a candidate for the judicial office held by the judge or justice may not sit in a case if either party objects to the judge or justice.

(e) An active judge assigned under this chapter is not subject to an objection.

(f) For purposes of this section, notice of an assignment may be given and an objection to an assignment may be filed by electronic mail.

(g) In this section, "party" includes multiple parties aligned in a case as determined by the presiding judge.

**§ 74.055. List of Retired and Former Judges Subject to Assignment**

(a) Each presiding judge shall maintain a list of retired and former judges who meet the requirements of this section.

(b) The presiding judge shall divide the list into area specialties of criminal, civil, or domestic relations cases. A retired or former judge may only be assigned to a case in the judge's area of specialty. A judge may qualify for assignment in more than one area of specialty.

(c) To be eligible to be named on the list, a retired or former judge must:

* * *

(6) certify to the presiding judge a willingness not to appear and plead as an attorney in any court in the administrative judicial region in which the judge is assigned for a period of two years; and

* * *

**§ 74.056. Assignment by Presiding Judge**

(a) A presiding judge from time to time shall assign the judges of the administrative region to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business.

(b) The presiding judge of one administrative region may request the presiding judge of another administrative region to furnish judges to aid in the disposition of

litigation pending in a county in the administrative region of the presiding judge who makes the request.

**§ 74.059. Powers and Duties**

(a) A judge assigned under the provisions of this chapter has all the powers of the judge of the court to which he is assigned.

12. Texas Rule of Civil Procedure 145(a)-(f)

**Rule 145. Payment of Costs Not Required**

Historical version effective September 1, 2021; subsections (a)-(f).

(a) Costs Defined. "Costs" mean any fee charged by the court or an officer of the court, including, but not limited to, filing fees, fees for issuance and service of process, fees for copies, fees for a court-appointed professional, and fees charged by the clerk or court reporter for preparation of the appellate record.

(b) Sworn Statement Required. A party who cannot afford payment of court costs must file the Statement of Inability to Afford Payment of Court Costs approved by the Supreme Court or another sworn document containing the same information. A "sworn" Statement is one that is signed before a notary or made under penalty of perjury. In this rule, "declarant" means the party filing the Statement.

(c) Duties of the Clerk. The clerk:

(1) must make the Statement available to any person for free without request;

(2) may return a Statement for correction only if it is not sworn—not for failure to attach evidence or any other reason; and

(3) must, on the filing of a sworn Statement, docket the case, issue citation, and provide any other service that is ordinarily provided to a party.

(d) Prima Facie Evidence of Inability to Afford Payment of Costs. The declarant should submit with the Statement any available evidence of the declarant's inability to afford payment of costs. An attachment demonstrating any of the following is prima facie evidence:

(1) the declarant or the declarant's dependent receives benefits from a means-tested government entitlement program;

(2) the declarant is being represented in the case by an attorney who is providing legal services to the declarant through:

(A) a provider funded by the Texas Access to Justice Foundation;

(B) a provider funded by the Legal Services Corporation; or

(C) a nonprofit that provides civil legal services to persons living at or below 200% of the federal poverty guidelines published annually by the United States Department of Health and Human Services; or

(3) the declarant has applied for free legal services for the case through a provider listed in (2) and was determined to be financially eligible but was declined representation.

(e) Motion to Require Payment of Costs. A motion to require the declarant to pay costs must comply with this paragraph.

(1) By the Clerk, the Reporter, or a Party. A motion filed by the clerk, the court reporter, or a party must contain sworn evidence—not merely allegations—either that the Statement was materially false when made or that because of changed circumstances, it is no longer true.

(2) By the Court. The court on its own may require the declarant to prove the inability to afford costs when evidence comes before the court that the declarant may be able to afford costs or when an officer or professional must be appointed in the case.

(f) Notice; Hearing; Requirements of Order. When a Statement has been filed, the declarant must not be ordered to pay costs unless these procedural requirements have been satisfied:

(1) Notice and Hearing. The declarant must not be required to pay costs without an oral evidentiary hearing. The declarant must be given 10 days' notice of the hearing. Notice must either be in writing and served in accordance with Rule 21a or given in open court. At the hearing, the burden is on the declarant to prove the inability to afford costs.

(2) Findings Required. An order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs.

(3) Partial and Delayed Payment. The court may order that the declarant pay the part of the costs the declarant can afford or that payment be made in installments. But the court must not delay the case if payment is made in installments.

(4) Order Must State Notice of Right to Appeal. An order requiring the declarant to pay costs must state in conspicuous type: "You may challenge this order by filing a motion in the court of appeals within 10 days after the date this order is signed. See Texas Rule of Civil Procedure 145."

13. Texas Rule of Civil Procedure 145—Comment to 2016 Change (selected paragraph)

Comment to 2016 Change

Because costs to access the system—filing fees, fees for issuance of process and notices, and fees for service and return—are kept relatively small, the expense involved in challenging a claim of inability to afford costs often exceeds the costs themselves. Thus, the rule does not allow the clerk or a party to challenge a litigant's claim of inability to afford costs without sworn evidence that the claim is false. The filing of a Statement of Inability to Afford Payment of Court Costs—which may either be sworn to before a notary or made under penalty of perjury, as permitted by Civil Practice and Remedies Code Section 132.001—is all that is needed to require the clerk to provide ordinary services without payment of fees and costs. But evidence may come to light that the claim was false when made. And the declarant's circumstances may change, so that the claim is no longer true. Importantly, costs may increase with the appointment of officers or professionals in the case, or when a reporter's record must be prepared. The reporter is always allowed to challenge a claim of inability to afford costs before incurring the substantial expense of record preparation. The trial court always retains discretion to require evidence of an inability to afford costs.
Source: Tex. R. Civ. P. 145 cmt. to 2016 change; Tex. Sup. Ct. Misc. Docket No. 21-9077, at 5-6 (July 9, 2021).

## Signatures

Each Plaintiff-Appellant personally joins this statutory addendum under Federal Rule of Appellate Procedure 28(i). No Appellant purports to represent another. Each Appellant consents to the inclusion of the electronically represented signature below and to Kaitlan Ross serving as the transmitting filer for this jointly signed addendum under the Court's pro se filing procedures and Fifth Circuit Rule 25.2.10.


**/s/ Samuel Randles**
**Samuel Randles**
5001 SH 114 E., Apt. 1313
Roanoke, Texas 76262
(214) 250-6187
randles.sam@gmail.com
*Pro Se Plaintiff-Appellant*

**/s/ Kaitlan Ross**
**Kaitlan Ross**
915 County Road 2719
Goldthwaite, Texas 76844
(512) 529-0294
Kaitlan.ross33@gmail.com
*Pro Se Plaintiff-Appellant*

**/s/ Patrick Wayne Tuter**
**Patrick Wayne Tuter**
430 Christi Lane
Princeton, Texas 75407
(214) 497-6152
patrick762soldier@hotmail.com
*Pro Se Plaintiff-Appellant*

**/s/ Conghua Yan**
**Conghua Yan**
2140 E. Southlake Blvd., Suite L-439
Southlake, Texas 76092
(214) 228-1886
arnold200@gmail.com
*Pro Se Plaintiff-Appellant*

## Certificate of Service

I certify that on August 30, 2026, I filed the foregoing statutory addendum by email with the Clerk under the Court's instructions for this pro se filing and served it by email on all counsel of record at their electronic addresses of record: Scot M. Graydon (scot.graydon@oag.texas.gov); Karen S. Mitchell (at the electronic address supplied by the Clerk for this appeal); Katherine Elizabeth Owens (keowens@tarrantcountytx.gov); and Craig Manning Price (cmprice@tarrantcountytx.gov). I also copied the other joint Appellants at the email addresses stated in the signature block.

/s/ Kaitlan Ross

Kaitlan Ross