# In the United States Court of Appeals for the Fifth Circuit

---

Case No. 26-10606

---

Samuel Randles; Patrick Wayne Tuter; Conghua Yan; Kaitlan Ross,

Plaintiffs - Appellants

v.

Jimmy Blacklock, in his official capacity as Chief Justice of the Supreme Court of Texas; David L. Evans, in his official and individual capacities as the statutory Presiding Judge (regional administrative officer) of the Eighth Administrative Judicial Region under Tex. Gov't Code ch. 74; Susan Brown, in her official capacity as Presiding Judge of the Eleventh Administrative Judicial Region; Ray Wheless, in his official capacity as Presiding Judge of the First Administrative Judicial Region; Crawford R. Randy Catterton, in his official capacity as a retired judge sitting by assignment; William Wren Bill Harris, in his official capacity as a retired judge sitting by assignment; Sherill Youngberg Dean, in her official capacity as a retired judge sitting by assignment; Kim Cooks, in her official capacity as a retired judge sitting by assignment; John Roach, Jr., in his official capacity as Presiding Judge; Cynthia Favila Terry, in her official capacity as Presiding Judge of the 325th District Court of Tarrant County, Texas and in her individual capacity; Lisa Grimaldi, in her official capacity as Court Coordinator ) of the 325th District Court of Tarrant County, Texas, and, ) to the extent permitted by law, in his individual capacity; Kirk Moss, in his individual capacity; Tom Wilder, in his official and individual capacities as ) District Clerk of Tarrant County, Texas; Tarrant County, Texas, a political subdivision,

Defendants – Appellees

---

On Appeal from the United States District Court for the
Northern District of Texas, Fort Worth Division
Civil Action No. 4:25-CV-1422-O The Honorable Reed O'Connor, Presiding

---

## BRIEF OF DEFENDANT – APPELLEE KIRK MOSS


PHIL SORRELLS
Tarrant County Criminal
District Attorney

CRAIG M. PRICE
Texas State Bar No. 16284170
KATHERINE E. OWENS
Texas State Bar No. 24081683
Assistant Criminal District Attorneys
401 W. Belknap, 9th Floor – Civil
Fort Worth, Texas 76196
817-884-1233 – Telephone
817-884-1675 – Facsimile
cmprice@tarrantcountytx.gov
keowens@tarrantcountytx.gov

COUNSEL FOR DEFENDANT – APPELLEE, KIRK MOSS

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal:

**Defendants/Appellees**

1. Jimmy Blacklock
2. David L. Evans
3. Susan Brown
4. Ray Wheless
5. Crawford R. Randy Catterton,
6. William Wren Bill Harris,
7. Sherill Youngberg Dean
8. Kim Cooks,
9. John Roach, Jr.
10. Cynthia Favila Terry
11. Lisa Grimaldi
12. Kirk Moss
13. Tom Wilder
14. District Clerk of Tarrant County, Texas
15. Tarrant County, Texas

**Counsel for Defendants/Appellees**

Phil Sorrells, Tarrant County District Attorney
Katherine E. Owens, Tarrant County Assistant District Attorney
Craig M. Price, Tarrant County Assistant District Attorney
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor – Civil
Fort Worth, Texas 76196
817-884-1233 – Telephone
817-884-1675 – Facsimile
E-Mail: keowens@tarrantcountytx.gov
E-Mail: cmprice@tarrantcountytx.gov

**Plaintiffs/Appellants**

1. Samuel Randles
2. Patrick Wayne Tuter
3. Conghua Yan
4. Kaitlan Ross

**Pro Se Plaintiffs/Appellants**

Samuel Randles
5001 SH114E, Apt 1313
Roanoke, Texas 76262
Telephone: (214) 250-6187
randles.sam@gmail.com

Kaitlan Ross
915 County Road 2719
Goldthwaite, Texas 76844
Telephone: (512) 529-0294
Kaitlan.ross33@gmail.com

Patrick Wayne Tuter
430 Christi Ln.
Princeton, Texas 75407
Telephone: (214) 497-6152
patrick762soldier@hotmail.com

Conghua Yan
2140 E Southlake Blvd, Suite L-439
Southlake, Texas 76092
Telephone: (214) 228-1886
arnold200@gmail.com

*/s/ Katherine E. Owens*
Katherine E. Owens
*Counsel for Defendant-Appellee*

## STATEMENT REGARDING ORAL ARGUMENT

Defendant - Appellee Kirk Moss does not believe that oral argument is necessary because this appeal can be decided by the application of well-established precedent to the record on appeal. Therefore: (1) the dispositive issues already have been authoritatively decided, and (2) the facts and legal arguments are adequately presented in the briefs and record, so the decisional process would not be significantly aided by oral arguments. Fed. R. App. P. 34(a)(2)(B), (C).

## TABLE OF CONTENTS

Page


CERTIFICATE OF INTERESTED PERSONS ........ iii

STATEMENT REGARDING ORAL ARGUMENT ........ v

TABLE OF CONTENTS ........ vi

TABLE OF AUTHORITIES ........ vii

I. STATEMENT OF JURISDICTION ........ 1

II. STATEMENT OF ISSUES ........ 1

III. STATEMENT OF THE CASE ........ 1

IV. STANDARD OF REVIEW ........ 4

V. SUMMARY OF THE ARGUMENT ........ 6

VI. ARGUMENT IN SUPPORT OF DISTRICT COURT'S DISMISSAL OF MOSS ........ 8

A. District Court did not err in dismissing claims against all Defendants ........ 8
B. Yan lacks standing ........ 10
C. This Court should affirm based on the *Younger* abstention doctrine ........ 12
D. This Court should affirm based on the *Rooker-Feldman* doctrine ........ 14
E. Qualified Immunity bars Yan's claims ........ 14
F. Yan failed to state a claim upon which relief can be granted ........ 16
G. Yan is not entitled to attorney's fees as a *pro se* plaintiff ........ 20

VII. PRAYER ........ 19

CERTIFICATE OF SERVICE ........ 20

CERTIFICATE OF COMPLIANCE ........ 21

## TABLE OF AUTHORITIES

PAGE(S)

Cases

*Anderson v. Creighton*,
483 U.S. 635 (1987)....................14

*Anderson v. U.S. Dep't of Hous. & Urban Dev.*,
554 F.3d 525 (5th Cir. 2008)....................16

*Arsenaux v. Roberts*,
726 F.2d 1022 (5th Cir. 1982)....................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................... 4, 16, 17, 18

*Badgerow v. REJ Props., Inc.,*
974 F.3d 610 (5th Cir., 2020)....................5

*Ballew v. Cont'l Airlines, Inc.*,
668 F.3d 777 (5th Cir. 2012)....................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4, 16

*Bonny v. Soc'y of Lloyd's*,
3 F.3d 156 (7th Cir. 1993)....................8

*Bowlby v. City of Aberdeen, Miss.*,
681 F.3d 215 (5th Cir. 2012).................... 15, 17, 18

*Brosseau v. Haugen*,
543 U.S. 194 (2004)....................15

*Bruckner Truck Sales, Inc. v. Guzman*,
148 F.4th 341 (5th Cir. 2025)....................5

*Caperton v. A.T. Massey Coal Co.*,
556 U.S. 868 (2009)....................17

*Clapper v. Amnesty*,
568 U.S. 398 (2013).................... 10, 11

*Cope v. Cogdill*,
3 F.4th 198 (5th Cir. 2021) .......... 15, 16

*Diggles v. Surratt*,
No. 4:23-CV-78, 2023 WL 6963666 (S.D. Tex. Oct. 20, 2023) .......... 16

*Estate of Snyder v. Arbor Lodging Mgt.*,
No. 4:24-CV-00477-O, 2025 WL 346932 (N.D. Tex. Jan. 30, 2025) .......... 4

*FDA v. All. For Hippocratic Med.*,
602 U.S. 367 (2024) .......... 10, 11

*Ford Motor Credit Co. v. Bright*,
34 F.3d 322 (5th Cir. 1994) .......... 5

*Guerra v. Castillo*,
82 F.4th 278 (5th Cir. 2023) .......... 4

*Hunter v. Bryan,*
502 U.S. 224 (1991) .......... 14

*Johnson v. Tarrant County, Texas*,
No. 4:24-cv-686-O, 2025 WL 438366 (N.D. Tex. Feb. 7, 2025) .......... 9

*Joseph ex rel. Estate of Joseph v. Bartlett*,
981 F.3d 319 (5th Cir. 2020) .......... 15

*Kay v. Ehrler*,
499 U.S. 432 (1991) .......... 18

*King v. U.S. Dep't of Veterans,*
*Affs*., 728 F.3d 410 (5th Cir. 2013) .......... 9

*Kovac v. Wray*,
363 F. Supp. 3d 721 (N.D. Tex. 2019) .......... 17

*Kovacic v. Villarreal*,
628 F.3d 209 (5th Cir. 2010) .......... 14

*Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*,
858 F.3d 916 (5th Cir. 2017) .......... 10

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)....................................................................................9, 12

*Mathews v. Eldridge*,
424 U.S. 319 (1976)......................................................................................17

*McClendon v. City of Columbia*,
305 F.3d 314 (5th Cir. 2002) .......................................................................14

*Murthy v. Missouri*,
603 U.S. 43 (2024)........................................................................................10

*Naquin v. Elevating Boats, L.L.C.*,
817 F.3d 235 (5th Cir. 2016) .........................................................................6

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,
491 U.S. 350 (2013)............................................................................. 12, 13

*Nino v. JPMorgan Chase, N.A.*,
2011 WL 5040454 (W.D. Tex. Oct. 24, 2011)............................................. 13, 14

*Norman v. Apache Corp.*,
19 F.3d 1017 (5th Cir. 1994) .........................................................................9

*Pearson v. Callahan*,
555 U.S. 223 (2009)......................................................................................14

*Pearson v. Shriners Hosp. for Children, Texas*, 133 F.4th 433 (5th Cir. 2025)...................................................10

*Pequeno v. Schmidt*,
240 F. App'x. 634 (5th Cir. 2007)................................................................5, 6

*Ramming v. United States*,
281 F.3d 158 (5th Cir. 2001) .........................................................................4

*S. Contractors Group, Inc. v. Dynalectric Co.*,
2 F.3d 606 (5th Cir. 1993) .............................................................................6

*Sample v. Morrison*,
406 F.3d 310 (5th Cir. 2005) .......................................................................10

*Seals v. McBee*,
907 F.3d 885 (5th Cir. 2018) ....................................................................12

*Severin v. Parish of Jefferson*,
357 F. App'x 601 (5th Cir. 2009) ..............................................................16

*Sonnier v. State Farm Mut. Auto. Ins. Co.*,
509 F.3d 673 (5th Cir. 2007) ....................................................................16

*Sprint Commc'ns, Inc. v. Jacobs*,
571 U.S. 69 (2013)....................................................................... 12, 13

*Taylor v. Acxiom Corp.*,
612 F.3d 325 (5th Cir. 2010) ......................................................................8

*Templet v. HydroChem, Inc.*,
367 F.3d 473 (5th Cir. 2004) ..................................................................5, 6

*Texas v. Travis Cnty.*,
910 F.3d 809 (5th Cir. 2018) ......................................................................5

*Texas v. United States*,
523 U.S. 296 (1998)......................................................................................10

*Texas v. Yellen*,
105 F.4th 755 (5th Cir. 2024) ...................................................................10

*Thomas v. Union Carbide Agric. Prods. Co.*,
473 U.S. 568 (1985)......................................................................................10

*White v. New Hampshire Dept. of Employment Sec.*,
455 U.S. 445 (1982)........................................................................................6

*Wightman v. Texas Supreme Court*,
84 F.3d 188 (5th Cir. 1996) .......................................................................13

*Winding v. Grimes,*
405 F. App'x 935 (5th Cir. 2010) ................................................................6

*Yan v. Texas*,
No. 25-10752, 2026 WL 2447137 (5th Cir. Aug. 20, 2026)..................................8

*Younger v. Harris*,
401 U.S. 37 (1971) ........................................ 12

Statutes

42 U.S.C. § 1983 ........................................ 7

U.S. Const. art. III ........................................ 9

Rules

Fed. R. Civ. P. 12(b)(1) & 12(b)(6) ........................................ 7

Fed. R. Civ. P. 12 ........................................ 1, 4

Fed. R. Civ. P. 12(b)(6) ........................................ 4, 16, 17, 18

Fed. R. Civ. P. 12(h)(3) ........................................ 4

Fed. R. Civ. P. 59(e) ........................................ 5, 6

Fed. R. Civ. P. 7(b)(1)(B) ........................................ 9

Fed. R. Civ. P. 8(a)(2) ........................................ 4

Federal Rule of Civil Procedure 8(a) ........................................ 4

Rule 12(b)(1) ........................................ 4, 12

Rule 12(b)(1) and 12(b)(6) ........................................ 7

Tex. R. Civ. P. 145 ........................................ 11, 13, 16, 17

Tex. R. Civ. P. 145(e)(1) ........................................ 7, 15

## BRIEF OF DEFENDANT – APPELLEE KIRK MOSS

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Defendant-Appellee Kirk Moss (hereafter "Moss"), and files his Appellee's Brief and respectfully shows this Court the following:

### I.
### STATEMENT OF JURISDICTION

Moss generally agrees with Plaintiffs-Appellants' (hereafter "Appellants") jurisdictional statement, subject to Moss's contention that Appellants do not have standing to maintain this action. *Appellants' Br.*, p. 11.

### II.
### STATEMENT OF ISSUES

This appeal asks whether the district court properly dismissed Appellants' claims against all the Defendants-Appellees (hereafter "Appellees") pursuant to Fed. R. Civ. P. 12.

### III.
### STATEMENT OF THE CASE

Conghua Yan ("Yan") is the only Appellant in this action who asserts a claim against Moss.[1] ROA.223—ROA.300; ROA.225, ¶ 11; ROA.228, ¶ 25; ROA.241, ¶ 71. In the Original Complaint, Yan was not a plaintiff, and Moss was not a named

[1] As a result, Moss will refer only to Appellant Yan.

defendant. ROA.14—ROA.60. When Yan joined as a plaintiff with the First Amended Complaint, he asserted his claims against Moss. ROA.137—ROA.218 (*ECF No. 8, supplanted by ECF No. 9*); ROA.219—ROA.300 (*ECF No. 9, the operative pleading*).

Yan has been involved in a lengthy divorce case with his ex-wife, Fuyan Wang, in Tarrant County, Texas. The divorce case initially was filed in the 325th District Court, but it was transferred to the 360th District Court in Cause No. 360-707596-21. ROA.227, ¶ 19; ROA.239, ¶ 67; ROA.718. Appellees Judge Cynthia Terry (325th District Judge), Judge Randy Catterton (visiting), and Judge William Harris (visiting) all have heard matters related to Yan's divorce, and he complains in this case about each of them. Appellee Judge David Evans is the administrative judge of the 8th Administrative Judicial Region, which includes Tarrant County district courts, and his alleged actions in presiding over numerous challenges to judicial assignments in Yan's divorce case have made him a target of Yan's complaints herein.

**Moss** is the official court reporter for the 325th District Court. Appellee Tom Wilder is the Tarrant County District Clerk. Appellee Lisa Grimaldi is the Court Coordinator for the 325th District Court. Yan alleges that all three of these court personnel thwarted his claim of indigency in his divorce case. ROA.284—ROA.285, ¶ 216.

After Appellee Judge Ray Wheless filed his Motion to Dismiss, the magistrate ordered on February 5, 2026, that the Appellants should respond to the motion as if all defendants had made the same arguments, even though some of the defendants had not yet responded or been served. ROA.563; ROA.577—ROA.578. The magistrate also issued an expedited briefing schedule. ROA.577—ROA.578.

After considering the briefs, the magistrate recommended on February 18, 2026, that the Appellants' claims against all Appellees should be dismissed without prejudice. ROA.684—ROA.703. Out of an abundance of caution, Moss filed his motion to dismiss and supporting brief on February 23, 2026, *after* the magistrate had issued his report. ROA.684—ROA.703; ROA.741; ROA.744. Appellants filed objections to the Magistrate's recommendations on March 4, March 9, and March 10, 2026. ROA.799; ROA.844; ROA.869; ROA.895.

The district court rejected the Appellants' objections and accepted the Magistrate's Findings, Conclusions and Recommendations and entered a Final Judgment on March 11, 2026, ordering that "Plaintiffs' claims against *all Defendants*" be dismissed without prejudice.[2] ROA.913; ROA.914 (emphasis added). Appellants filed a Motion to Alter or Amend Judgment on April 8, 2026, ROA.917, which the district court denied on June 12, 2026. ROA.943.

[2] In its order accepting the Magistrate's Findings, Conclusions and Recommendations, the district court denied various motions to dismiss as moot, including Moss's motion, ECF No. 46. ROA.741; ROA.913; ROA.914.

## IV.
## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Estate of Snyder v. Arbor Lodging Mgt.*, Civ. Action No. 4:24-CV-00477-O, 2025 WL 346932, *1 (N.D. Tex. Jan. 30, 2025). To demonstrate entitlement to relief, the complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Otherwise, a plaintiff fails to state a claim. *Id.*; Fed. R. Civ. P. 12(b)(6). *See also* ROA.689, p. 6 (*standard for reviewing a <u>pro se</u> plaintiff's complaint*).

On appeal, the standard of review is a de novo review. *Guerra v. Castillo*, 82 F.4th 278, 284 (5th Cir. 2023). However, as the district court correctly stated, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." ROA.686, p. 3 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). If a court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). *See* ROA.686, p. 3.

Additionally, this Court of Appeals may affirm on any ground supported by the record, including one not reached by the district court. *Texas v. Travis Cnty*., 910 F.3d 809, 811 (5th Cir. 2018) (citing *Ballew v. Cont'l Airlines, Inc*., 668 F.3d 777, 781 (5th Cir. 2012)).

With regard to Yan's claim that he is entitled to relief pursuant to Fed. R. Civ. P. 59(e), he misstates the standard of review as de novo. *Appellants' Br.*, p. 24 (citing *Bruckner Truck Sales, Inc. v. Guzman*, 148 F.4th 341, 344 (5th Cir. 2025)). In fact, Bruckner's Rule 59(e) motion asked only that the district court reconsider its summary judgment ruling on the merits, so, under that circumstance, this Court properly held that its review of the denial of that motion was also de novo, like its summary judgment review. *Bruckner*, 148 F.4th at 344. *See Badgerow v. REJ Props., Inc.,* 974 F.3d 610, 616 n.6 (5th Cir. 2020). Conversely, this Court held in *Pequeno v. Schmidt*, 240 F. App'x. 634 (5th Cir. 2007), that the denial of a Rule 59(e) motion for reconsideration is reviewed for an *abuse of discretion*. *Id*., at 636; *Templet v. HydroChem, Inc*., 367 F.3d 473, 477 (5th Cir. 2004). This Court in *Pequeno* went on to state, "[u]nder this standard [of review], the district court's decision and decision-making process need only be reasonable." *Id*. at 636 (quoting *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994)).

The United States Supreme Court discussed the purpose of Rule 59(e), as follows:

> Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following entry of judgment. ... Consistent with this original understanding, the federal courts have invoked Rule 59(e) only to support reconsiderations of matters properly encompassed in a decision on the merits.

*White v. New Hampshire Dept. of Employment Sec*., 455 U.S. 445, 450-51 (1982) (citations omitted). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citation omitted). *See, e.g., Naquin v. Elevating Boats, L.L.C.,* 817 F.3d 235, 240 n.4 (5th Cir. 2016); *Winding v. Grimes,* 405 F. App'x 935, 937 (5th Cir. 2010). Moreover, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citations omitted). As a result, the decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. *S. Contractors Group, Inc. v. Dynalectric Co*., 2 F.3d 606, 611 & n.28 (5th Cir. 1993); *Pequeno*, 240 F. App'x. at 636; *Templet*, 367 F.3d at 477.

## <u>SUMMARY OF THE ARGUMENT</u>

Yan's complaints against Moss are not clear, but he appears to allege that Moss, a court reporter who successfully challenged Yan's right to proceed *in forma pauperis* in his divorce case, was treated differently than Yan with respect to Rule

145.[3] ROA.241, ¶ 71; ROA.242, ¶¶ 73-75; ROA.244, ¶ 80; ROA.245—ROA.246, ¶ 83; ROA.281, ¶ 204(3); ROA.281, ¶ 206. *See also Appellants' Br.,* p. 41. Invoking 42 U.S.C. § 1983, Yan asserts he was improperly deprived of his due process right to proceed as an indigent litigant. ROA.234, ¶ 50; ROA.249, ¶ 96; ROA.250, ¶ 98. Yan also asserts a claim for equal protection of the law. ROA.143, at ¶ 11.

The district court properly dismissed all of Appellants' claims against Moss. ROA.684—ROA.703; ROA.913; ROA.914. The record supports dismissal based on each of the grounds asserted in Moss's Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6): lack of jurisdiction due to standing; *Younger* abstention doctrine; *Rooker-Feldman* doctrine; qualified immunity; and the failure to state a claim. ROA.684—ROA.703; ROA.741—ROA.743 (*motion to dismiss*); ROA.744—ROA.753 *(brief*); ROA.913; ROA.914. *See* Fed. R. Civ. P. 12(b)(1) & 12(b)(6).

Neither the magistrate nor the district court abused its discretion in: (1) requiring the Appellants to respond as if all the Appellees had asserted the same defenses; (2) setting an expedited briefing schedule; (3) denying an extension of time to respond; (4) dismissing the claims without leave to amend; and (5) denying the motion to alter or amend the judgment. ROA.577—ROA.578; ROA.589; ROA.701—ROA.702; ROA.913; ROA.914; ROA.943.

[3] Tex. R. Civ. P. 145(e)(1) allows a court reporter to file a sworn motion to require a party to pay costs if the party has filed an affidavit of indigency. Tex. R. Civ. P. 145(e)(1). ROA.284, ¶ 216.

Therefore, the dismissal of all claims against Moss should be affirmed. ROA.914.

## VI.
## <u>ARGUMENT IN SUPPORT OF DISTRICT COURT'S DISMISSAL OF MOSS</u>

### A. District Court did not err in dismissing claims against all Defendants.

The district court did not err in treating the issues as being common and requiring the Appellants to respond to the first motion to dismiss as if all Appellees had made the same arguments. ROA.577—ROA.578. *See Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010); *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993). In fact, Moss made virtually the same arguments as those contained in Judge Wheless's motion to dismiss and brief. *Compare* ROA.684—ROA.703 (*Magistrate's Findings, et al.*) with ROA.744—ROA.753 (*Moss's brief*).

Having clearly dismissed Appellants' claims against *all* the Appellees without prejudice, the district court did not abuse its discretion, and Yan's complaints about being denied additional time to respond to the motion or not being allowed to amend his complaint have no merit. ROA.701—ROA.702 (*Magistrate's Findings, et al.*). As the Fifth Circuit stated recently in an ancillary case involving Yan, a court does not abuse its discretion in denying leave where amendment would be futile. *Yan v. Texas*, No. 25-10752, 2026 WL 2447137, *3 (5th Cir. Aug. 20, 2026) ("Yan has already filed multiple iterations of his complaint across two federal lawsuits **arising from the same divorce proceeding**. Neither below nor on appeal has he identified

additional facts that another amendment would add, much less facts that would cure the defects.") (emphasis added). *See also Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In his current case, Yan also did not suggest the particular grounds on which amendment was sought, Fed. R. Civ. P. 7(b)(1)(B), nor did he provide the district court with a document that he sought leave to file. Local Civ. R. 15.1. *See* ROA.826 (*unsupported request for leave to amend in Objections to Findings, et al.*); ROA.867 (*unsupported leave to amend in Objections to Findings, et al.*); ROA.941 (*unsupported request to "permit targeted amendment" in Motion to Amend or Alter Judgment*). *See Johnson v. Tarrant County, Texas*, Civ. Action No. 4:24-cv-686-O, 2025 WL 438366, *8 (N.D. Tex. Feb. 7, 2025), *aff'd*, No. 25-10540, 2026 WL 2455772, *1 (5th Cir. Aug. 21, 2026) (denying leave to amend when no proposed amendment was provided).

As a result, leave to amend was properly denied, and the dismissal of Yan's claims against Moss should be affirmed. ROA.913; ROA.914.

**B. Yan lacks standing.**

As the party asserting jurisdiction, Yan bears the burden of proof for a 12(b)(1) motion to dismiss. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *King v. U.S. Dep't of Veterans Affs.*, 728 F.3d 410, 413 (5th Cir. 2013). To establish standing under Article III of the U.S. Constitution, a plaintiff must show that: (1) he has suffered an injury in fact; (2) the injury "likely was caused or likely

will be caused" by the defendant; and (3) the injury is likely to be "redressed by the requested judicial relief." *FDA v. All. For Hippocratic Med.*, 602 U.S. 367, 380 (2024); *Texas v. Yellen*, 105 F.4th 755, 763 (5th Cir. 2024).

To satisfy the causation element in standing, "the links in the chain of causation, must not be too speculative or too attenuated." *Pearson v. Shriners Hosp. for Children, Texas*, 133 F.4th 433, 446 (5th Cir. 2025) (quoting *Hippocratic Med.*, 602 U.S. at 383). "The chain is impermissibly speculative or attenuated when 'it is not sufficiently predictable how third parties would react to government action or cause downstream injury to plaintiffs.'" *Pearson*, 133 F.4th at 446 (quoting *Hippocratic Med.*, 602 U.S. at 383). *See also Murthy v. Missouri*, 603 U.S. 43, 57-58 (2024) (Supreme Court has "been reluctant to endorse standing theories that require guesswork as to how independent decisionmakers [*i.e., a trial judge*] will exercise their judgment.") (quoting *Clapper v. Amnesty*, 568 U.S. 398, 413 (2013)).

"Ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017) (citations omitted); *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or that may not occur at all. *Texas v. United States*, 523 U.S. 296, 300 (1998); *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 581 (1985).

The Complaint fails to assert any facts that would remotely evidence an actual ripe dispute between Yan and Moss. Yan ignores why his claim of indigency was rejected in Cause No. 360-707596-21 (*previously pending as Cause No. 325-707596-21 – see* ROA.227, ¶19); instead, he seeks to collaterally attack the denial of his Tex. R. Civ. P. 145 Affidavit of Inability to Afford Payment of Court Costs, and he seeks to shift responsibility for the decision regarding his affidavit from the state court to Appellees like Moss. ROA.245—ROA.249, ¶¶ 83-95. As a result, Yan's claim against Moss does not allow for redressability because the state court – not the court reporter – made the ultimate decision to deny Yan his indigency status. Therefore, there is no causal effect between Moss and Yan's purported injury for his Rule 145 allegation, and there is no ripe dispute between Yan and Moss that will support Yan's standing. *Hippocratic Med.*, 602 U.S. at 383.

Additionally, Yan's claim for injunctive relief against Moss is not ripe because there is no existing controversy between them that can be enjoined. *Clapper*, 568 U.S. at 409. Yan merely alleges that injunctive relief is necessary "to prevent the *imminent* deprivation" described in paragraphs VI and VII. *See* ROA.291, ¶ 227 (emphasis added). Yan only *anticipates* that his continuing appeal of Cause No 360-707596-21 will give rise to *future* instances of his claim that he is indigent pursuant to Rule 145, which he *assumes* will be challenged in a similar manner, but he fails to allege how such future events might involve Moss. ROA.291, ¶ 227, ROA.292, ¶

229(5). Conjecture and hypothesis are wholly insufficient to prove a certainly impending injury. *Seals v. McBee*, 907 F.3d 885, 888 (5th Cir. 2018) (per curiam) (Jones, J., dissenting from denial of mot. for reh'g *en banc*, joined by five justices).

Because Yan's purported injury is not ripe, he has failed to establish that he has standing to assert any claims against Moss, and Yan's claims against Moss were properly dismissed for lack of jurisdiction. *Lujan*, 504 U.S. at 560; Fed. R. Civ. P. 12(b)(1).

**C. This Court should affirm based on *Younger* abstention doctrine.**

If Yan does have standing to maintain this action, this Court should affirm dismissal because the *Younger* doctrine compelled the district court to abstain from exercising jurisdiction over Yan's claims. "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original) (citations omitted). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72 (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367-68 (2013)). *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving

**certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions**." *Id.* at 73 (internal quotation marks omitted) (quoting *New Orleans Pub. Serv.,* 491 U.S. at 367-68) (emphasis added). *See also Wightman v. Texas Supreme Court*, 84 F.3d 188, 189-90 (5th Cir. 1996).

The order on Yan's Rule 145 affidavit of indigency in his divorce case is precisely the kind of subject matter for which abstention is proper under *Younger*. *See* ROA.692—ROA.693, pp. 9-10. Therefore, this Court should affirm the district court's dismissal because it was proper to abstain from considering Yan's claims against Moss pursuant to the *Younger* doctrine. ROA.692—ROA.693, pp. 9-10; ROA.913; ROA.914. *See Sprint*, 571 U.S. at 73.

**D. This Court should affirm based on *Rooker-Feldman* doctrine.**

Alternatively, the *Rooker-Feldman* doctrine bars the district court's exercise of jurisdiction over the dispute. *See Nino v. JPMorgan Chase, N.A*., 2011 WL 5040454, at *2 (W.D. Tex. Oct. 24, 2011). *See* ROA.749 (*Moss raised Rooker-Feldman doctrine before district court*). Pursuant to the *Rooker-Feldman* doctrine, a federal court lacks jurisdiction to entertain a collateral attack on a state-court order. *Id*., at *2. Because Yan's claims flow from the state court's order denying his indigent status in his divorce case, Yan's claim here is inextricably intertwined with state court orders, and this Court should affirm the district court's decision to decline

to exercise jurisdiction pursuant to the *Rooker-Feldman* doctrine. *Nino*, 2011 WL 5040454, at *2**.**

**E. Qualified immunity bars Yan's claims.**

Yan's claims against Moss also are barred because Moss is entitled to qualified immunity, the protection from which Moss asserted in his Motion to Dismiss. ROA.742; ROA.749—ROA.750. Public officials sued in their individual capacities are presumed to enjoy qualified immunity, which is immunity from the lawsuit itself, not merely from liability, and the issue should be decided in the earliest stage of litigation. *Hunter v. Bryan,* 502 U.S. 224, 227 (1991). Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

To determine a public official's entitlement to qualified immunity, the court must determine (1) whether a plaintiff has plausibly alleged a violation of a constitutional right, and if so (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 244 (2009); *Anderson v. Creighton*, 483 U.S. 635, 637-41 (1987). "A constitutional right is clearly established for the purposes of section 1983 only if the law is clear enough such that 'a reasonable official would understand that what he is doing violates that right.'" *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010).

"Unless existing precedent squarely governs the conduct at issue, an official will be entitled to qualified immunity." *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (*per curiam*)) (internal quotation marks omitted).

Yan has not met this demanding standard. First, Yan fails to plausibly allege that Moss violated Yan's constitutional rights by any action he took with respect to Yan's indigency hearing. *See Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 221, 226-27 (5th Cir. 2012). Moss did nothing more than what state rules of procedure specifically allowed him to do; Yan's claims to the contrary are conclusory and bear no weight. *Arsenaux v. Roberts*, 726 F.2d 1022, 1025 (5th Cir. 1982) (conclusory allegations without reference to facts cannot survive a motion to dismiss). *See also* Tex. R. Civ. P. 145(e)(1).

Second, Yan does not identify any existing precedent which would show that his rights under these circumstances were so clearly established that all officials in Moss's position would know immediately that his conduct violated Yan's constitutional rights. *Cope,* 3 F.4th at 205 (citing *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020)). There appears to be no case similar to Yan's purported injury, and Yan has not cited any such exemplar.

As stated in the Magistrate's Findings, Conclusions and Recommendations, "claims against court reporters like Moss, brought 'in [their] individual capacity are

barred by qualified immunity.'" ROA.698, p. 15 (*quoting Diggles v. Surratt*, No. 4:23-CV-78, 2023 WL 6963666, at *7 (S.D. Tex. Oct. 20, 2023)); *see also Severin v. Parish of Jefferson*, 357 F. App'x 601, 605 (5th Cir. 2009) (court employee who acts under the explicit instructions of a judge falls within the judge's judicial immunity). As such, Moss is entitled to qualified immunity from Yan's constitutional claims, and the dismissal should be affirmed. ROA.914; *Iqbal*, 566 U.S. at 678; *Cope,* 3 F.4th at 205; Fed. R. Civ. P. 12(b)(6).

**F. Yan failed to state a claim upon which relief can be granted.**

To avoid a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Hous. & Urban Dev*., 554 F.3d 525, 528 (5th Cir. 2008). *See also Twombly*, 550 U.S. at 555. The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

Yan claims that his interest in having his Affidavit of Indigency accepted pursuant to Rule 145 is a property right that is protected by due process. ROA.223, ¶ 3, ROA.224, ¶ 6, ROA.224, ¶ 7, ROA.225, ¶ 9. The Due Process Clause of the

Fourteenth Amendment encompasses both substantive and procedural due process. *See Kovac v. Wray*, 363 F. Supp. 3d 721, 749, 756 (N.D. Tex. 2019).

Yan refers to Moss's actions as constituting a "pre-deprivation procedural due process violation and the denial of court access." ROA.224, ¶ 6. *Caperton v. A.T. Massey Coal Co*., 556 U.S. 868, 877-84 (2009). *See Bowlby*, 681 F.3d at 221 (elements of whether due process was sufficient); *see also Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). However, Yan does not adequately allege how he was deprived by Moss of his constitutional right to due process through the Rule 145 indigency procedure. He only suggests that Moss, the official court reporter, received advantageous treatment when he challenged Yan's Affidavit of Indigency, which Yan himself did not receive. ROA.243, ¶ 76; ROA.244, ¶ 80; ROA.283, ¶ 213, ROA.284, ¶ 216(3). Unsuccessful in reversing the divorce court's rejection of his claimed indigency, Yan has filed this claim to recoup his costs of litigation directly from Moss. ROA.242, ¶ 73; *Appellants' Br*., 41-42. Essentially, Yan could not controvert the evidence relied on by the state court to deny his indigency, so he now attacks the procedure used to reach that decision.

Therefore, Yan has not plausibly alleged that his due process right was denied, and Yan's claims against Moss should be dismissed for failing to state a claim upon which relief can be granted. *Iqbal*, 566 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

To the extent that Yan invokes the equal protection clause of the Fourteenth Amendment, he fails to allege how he was discriminated against based on his race compared to someone else who was similarly situated. ROA.244—ROA.245, ¶ 81; ROA.282, ¶ 208; ROA.290—ROA.291, ¶ 225(15). *See Bowlby*, 681 F.3d at 226-27. Yan asserts that Moss was treated differently than Yan, but he alleges no facts to establish that he and Moss were similarly situated. ROA.223—ROA.300. *See Bowlby*, 681 F.3d at 226-27. As a result, Yan's claim against Moss based on the equal protection clause was properly dismissed for failure to state a claim upon which relief can be granted. *Bowlby*, 681 F.3rd at 227; *Iqbal*, 566 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

**G. Yan is not entitled to attorney's fees as a *pro se* plaintiff.**

Yan cannot recover attorney's fees on conditional events, and the Court should affirm the district court's dismissal of this claim. ROA.299, ¶ 244. *See Kay v. Ehrler*, 499 U.S. 432, 438 (1991); Fed. R. Civ. P. 12(b)(6).

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee Kirk Moss, the Court Reporter for the 325th District Court, prays this Court to affirm the district court's dismissal of Yan's claims against Moss and order that Appellants take nothing by this suit.

Respectfully submitted,

*/s/ Katherine E. Owens*

**KATHERINE E. OWENS**
State Bar No. 24081683
**CRAIG M. PRICE**
State Bar No. 16284170
Assistant Criminal District Attorneys

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1233 - Telephone
817-884-1675 – Facsimile
keowens@tarrantcountytx.gov
cmprice@tarrantcountytx.gov

**ATTORNEYS FOR APPELLEE KIRK MOSS**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing document was electronically served upon the following parties in accordance with the provisions of Rule 5, Fed. R. Civ. P., on September 28, 2026.

*/s/ Katherine E. Owens*
KATHERINE E. OWENS

**CERTIFICATE OF COMPLIANCE**

With Type-Volume Limitation, Typeface Requirements,
and Type Style Requirements

The undersigned counsel certifies this brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 4,303 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f), as computed by the word-processing system used to prepare this brief.

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows 365, version 2604 in 14-point Century Schoolbook typeface (other than footnotes, which are in 12-point Century Schoolbook typeface per 5TH CIR. R. 32.1).

/s/ *Katherine E. Owens*
**KATHERINE E. OWENS**

Dated: September 28, 2026