# No. 26-10606

## In the United States Court of Appeals for the Fifth Circuit

---

Samuel Randles; Patrick Wayne Tuter; Conghua Yan; Kaitlan Ross,

Plaintiffs - Appellants

v.

Jimmy Blacklock, in his official capacity as Chief Justice of the Supreme Court of Texas; David L. Evans, in his official and individual capacities as the statutory Presiding Judge (regional administrative officer) of the Eighth Administrative Judicial Region under Tex. Gov't Code ch. 74; Susan Brown, in her official capacity as Presiding Judge of the Eleventh Administrative Judicial Region; Ray Wheless, in his official capacity as Presiding Judge of the First Administrative Judicial Region; Crawford R. Randy Catterton, in his official capacity as a retired judge sitting by assignment; William Wren Bill Harris, in his official capacity as a retired judge sitting by assignment; Sherill Youngberg Dean, in her official capacity as a retired judge sitting by assignment; Kim Cooks, in her official capacity as a retired judge sitting by assignment; John Roach, Jr., in his official capacity as Presiding Judge; Cynthia Favila Terry, in her official capacity as Presiding Judge of the 325th District Court of Tarrant County, Texas and in her individual capacity; Lisa Grimaldi, in her official capacity as Court Coordinator ) of the 325th District Court of Tarrant County, Texas, and, ) to the extent permitted by law, in his individual capacity; Kirk Moss, in his individual capacity; Tom Wilder, in his official and individual capacities as ) District Clerk of Tarrant County, Texas; Tarrant County, Texas, a political subdivision,

Defendants - Appellees

**On Appeal from**

United States District Court for the Northern District of Texas

4:25-CV-1422

**BRIEF OF THE JUDICIAL APPELLEES – CHIEF JUSTICE JIMMY BLACKLOCK, SUSAN BROWN, CRAWFORD R. CATTERTON, SHERILL DEAN, DAVID EVANS, WILLIAM HARRIS, JOHN ROACH, CYNTHIA TERRY, AND RAY WHELESS**


KEN PAXTON
Attorney General of Texas
BRENT WEBSTER
First Assistant Attorney General
RALPH MOLINA
Deputy First Assistant Attorney General
WILLIAM F. WASSDORF
Deputy Attorney General for Civil Litigation
KIMBERLY GDULA
Chief - General Litigation Division

*/s/ Scot M. Graydon*
**SCOT M. GRAYDON**
Assistant Attorney General
Texas State Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737)224-2943|Fax:(512)320-0667
Scot.Graydon@oag.texas.gov

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| **Appellees:** | **Counsel for Appellees:** |
|---|---|
| Jimmy Blacklock | Scot Graydon of Office of the Attorney General Austin, TX |
| Susan Brown | Scot Graydon of Office of the Attorney General Austin, TX |
| Crawford R. Catterton | Scot Graydon of Office of the Attorney General Austin, TX |
| Sherill Dean | Scot Graydon of Office of the Attorney General Austin, TX |
| David Evans | Scot Graydon of Office of the Attorney General Austin, TX |
| Lisa Grimaldi | Katherine Owens of Tarrant County Criminal District Attorney Fort Worth, TX |
| Lisa Grimaldi | Craig Price of Tarrant County Criminal District Attorney Fort Worth, TX |
| William Harris | Scot Graydon of Office of the Attorney General Austin, TX |
| Kirk Moss | Katherine Owens of Tarrant County Criminal District Attorney Fort Worth, TX |
| Kirk Moss | Craig Price of Tarrant County Criminal District Attorney Fort Worth, TX |
| John Roach | Scot Graydon of Office of the Attorney General Austin, TX |
| Cynthia Terry | Scot Graydon of Office of the Attorney General Austin, TX |
| Ray Wheless | Scot Graydon of Office of the Attorney General Austin, TX |

| | |
|---|---|
| Tom Wilder | Katherine Owens and Craig Price of Tarrant County Criminal District Attorney Fort Worth, TX |

| **Appellants:** | **Counsel for Appellants:** |
|---|---|
| Samuel Randles | Samuel Randles Roanoke, TX |
| Kaitlan Ross | Kaitlan Ross Goldthwaite, TX |
| Patrick Tuter | Patrick Tuter Princeton, TX |
| Conghua Yan | Conghua Yan Southlake, TX |

*/s/Scot Macdonald Graydon*
Assistant Attorney General
Office of the Attorney General of Texas
Attorney of record for Jimmy Blacklock, Susan Brown, Crawford R. Catterton, Sherill Dean, David Evans, Williams Harris, John Roach, Cynthia Terry, and Ray Wheless

## STATEMENT REGARDING ORAL ARGUMENT

Appellees Chief Justice Jimmy Blacklock, Ray Wheless, David Evans, Susan Brown, Crawford R. Catterton, Sherill Dean, Williams Harris, John Roach, and Cynthia Terry (collectively, "the Judicial Appellees") submit that the legal arguments, issues on appeal, and statement of the record are adequately presented in the briefs of the parties and oral argument is unnecessary to aid the Court's decisional process. If, however, the Court requests oral argument, the Judicial Appellees will be prepared to present their arguments to the Court.

# TABLE OF CONTENTS


Certificate Of Interested Persons ..... iii
Statement Regarding Oral Argument ..... iv
Table Of Contents ..... v
Table Of Authorities ..... vii
Jurisdictional Statement ..... 1
Statement Of The Issues (Restated) ..... 2
Statement Of The Case ..... 2
I. Statement Of Facts ..... 2
II. Ruling Presented For Review ..... 4
Summary Of The Argument ..... 4
Argument ..... 6
I. Appellants lacked Standing to Bring This Lawsuit ..... 6
A. No Justiciable Controversy ..... 7
1. Judge David Evans ..... 8
2. Judge Ray Wheless ..... 8
3. Judge Brown and Judge Dean ..... 8
4. Judges Terry, Catterton, and Harris ..... 9
5. Judge Roach ..... 9
B. No Traditional Standing Exists ..... 10
1. No Injuries to Attributable to Chief Justice Blacklock ..... 10
2. No Redressability for Equitable Claims Against the Judicial Appellees ..... 11
II. The Eleventh Amendment Bars All Official Capacity Claims in this Lawsuit ..... 12
A. Appellate Review of this Issue Has Been Abandoned ..... 12
B. Entitlement to Sovereign Immunity ..... 14

C. The Claims, brought under 42 U.S.C. § 1983, are Barred By Sovereign Immunity ....................15
D. No Exception Applies .................... 16
III. Judicial Immunity Bars All Claims against Judicial Appellees in this Lawsuit .................... 16
A. Appellate Review of this Issue Has Been Abandoned ....................17
B. No Exception of Judicial Immunity is Presented .................... 18
IV. The District Court was Correct to Dismiss this Lawsuit under the *Younger* abstention doctrine .................... 18
A. Appellate Review of this Issue Has Been Abandoned .................... 18
B. The *Younger* Doctrine ....................20
V. The District Court had Discretion to Control its Docket and Proceed with Judicial Economy ....................23
Conclusion ....................26
Certificate Of Service .................... 27
Certificate Of Compliance ....................28

# TABLE OF AUTHORITIES

**Cases**

*Arvie v. Cathedral of Faith Missionary Baptist Church*,
No. 24-30759, 2025 WL 1565149 (5th Cir. June 3, 2025)....................16

*Arvie v. Cathedral of Faith Missionary Baptist Church*,
No. 24-30759, *cert. denied*, 146 S. Ct. 1473, 223 L. Ed. 2d 526 (2026) ....16

*Baldwin v. Univ. of Tex. Med. Branch at Galveston*,
945 F.Supp. 1022, (S.D.Tex.1996)....................15

*Bauer v. Texas*,
341 F.3d 352 (5th Cir. 2003)....................7

*Burgess v. Cox*,
No. 4:14-CV-466-ALM- CAN, *report and recommendation adopted*, No. 4:14-CV-466, 2015 WL 5579866 (E.D. Tex. Sept. 21, 2015) ....................21

*Burgess v. Cox*,
No. 4:14-CV-466-ALM-CAN, 2015 WL 5578310 (E.D. Tex. July 30, 2015) ....................21

*DeLoach v. Woodley,*
405 F.2d 496 (5th Cir.1968)....................25

*DeSpain v. Johnston*,
731 F.2d 1171 (5th Cir. 1984) ....................21

*Estate of Merkel v. Pollard*,
354 Fed. Appx. 88 (5th Cir. 2009) ....................22

*Ex parte Young*,
209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)....................7

*Fox v. Mississippi*,
551 Fed. Appx. 772 (5th Cir.2014) ....................15

*Google, Inc. v. Hood*,
822 F.3d 212 (5th Cir. 2016) .................... 18, 20

*Hicks v. Bexar Cty., Tex.*,
973 F.Supp. 653 (W.D. Tex. 1997)....................17

*In re Taxotere (Docetaxel) Prods. Liab. Litig.*,
966 F.3d 351 (5th Cir. 2020)....................23

*In re Tuter*,
No. 05-24-01392-CV, 2024 WL 5134652 (Tex. App.—Dallas Dec. 17, 2024, orig. proceeding)....9

*In re Tuter*,
No. 05-24-01499-CV, 2025 WL 262059 (Tex. App.—Dallas Jan. 22, 2025, orig. proceeding)....9

*In re Tuter*,
No. 05-25-00769-CV, 2025 WL 1805809 (Tex. App.—Dallas July 1, 2025, orig. proceeding)....10

*In re Tuter*,
No. 05-25-00838-CV, 2025 WL 1909390 (Tex. App.—Dallas July 10, 2025)....10

*LaBranche v. Becnel*,
559 F Fed. Appx. 290 (5th Cir.2014)....11

*Landis v. N. Am. Co.,*
299 U.S. 248 (1936)....23

*Link v. Wabash R.R. Co.*,
370 U.S. 626 (1962)....23

*Lujan v. Defenders of Wildlife,*
504 U.S. 555 (1992)....10

*Machete Prods., L.L.C. v. Page*,
809 F.3d 281 (5th Cir.2015)....15

*Machetta v. Moren*,
726 F. App'x 219 (5th Cir. 2018)....11, 16

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*
457 U.S. 423 (1982)....20

*Mireles v. Waco*,
502 U.S. 9 (1991)....17, 18

*Montgomery v. Office C/O Pearce*,
79 F.3d 1143 (5th Cir. 1996)....12

*Moore v. Sims*,
442 U.S. 415 (1979)....22

*Norwood v. Dickey,*
409 F.3d 901 (8th Cir.2005)....21

*Pennhurst State Sch. & Hosp. v. Halderman,*
465 U.S. 89 (1984) .......... 12

*Pennzoil v. Texaco,*
481 U.S. 1 (1987) .......... 21

*Pierson v. Ray*,
386 U.S. 547 (1967) .......... 17

*Rickhoff v. Willing*,
No. SA-10-CA-140-XR, 2010 WL 4053607, (W.D. Tex. Oct. 14, 2010) .... 21

*Rickhoff v. Willing*,
No. SA-10-CA-140-XR, *aff'd*, 457 F. App'x 355 (5th Cir. 2012) .......... 21

*Soadjede v. Ashcroft*,
324 F.3d 830 (5th Cir.2003) .......... 14, 19

*Spargo v. N.Y. State Comm 'n on Judicial Conduct,*
351 F.3d 65 (2d Cir.2003) .......... 21

*Tuter v. Tuter*,
No. 4:25-CV-00075, 2025 WL 2601545 (E.D. Tex. Sept. 8, 2025) .......... 10

*United States v. Colomb*,
419 F.3d 292 (5th Cir. 2005) .......... 23

*Whitmore v. Arkansas*,
495 U.S. 149 (1990) .......... 6

*Whole Woman's Health v. Jackson*,
142 S. Ct. 522 (2021) .......... 7, 12, 16

*Wightman v. Tex. Supreme Ct.*,
84 F.3d 188 (5th Cir. 1996) .......... 18, 20

*Woodson v. Surgitek, Inc.*,
57 F.3d 1406 (5th Cir. 1995) .......... 23

*Yohey v. Collins,*
985 F.2d 222 (5th Cir.1993) .......... 12, 14, 17, 19

**Statutes**

FED. R. CIV. P. 12(a)(1)(C) .......... 23

FED. R. CIV. P. 12(a)(4) .......... 24

GOV'T CODE § 24.633 .......... 15

GOV'T CODE § 24.124 .......... 15

GOV'T CODE § 24.232 ....................................................................................15
GOV'T CODE § 24.473 ....................................................................................14
GOV'T CODE § 24.629 ....................................................................................15
GOV'T CODE § 74.042(b)(l)..............................................................................14
GOV'T CODE § 74.042(b),(i).............................................................................14
TEX. CONST., ART. 5, § 2 ................................................................................14

**Other Authorities**

PRO SE HANDBOOK FOR CIVIL SUITS, U.S. DISTRICT COURT, N.D. TEX., p. 15....24

# JURISDICTIONAL STATEMENT

A. District Court's Jurisdiction

Jurisdiction in the District Court is predicated upon the federal question and civil rights provisions of 28 U.S.C. §§ 1331 and 1343.

B. Court of Appeals' Jurisdiction

This Court has jurisdiction over this type of appeal pursuant to 28 U.S.C. § 1291 because the judgment below is a final judgment of the United States District Court.

C. Timeliness of Appeal

This appeal is timely. The district court's final judgment was entered on March 11, 2026. ROA.914. A Motion to Alter Judgment was filed on April 8, 2026, extending the appellate period. ROA.917. This Motion was denied on June 12, 2026. ROA.943. The notice of appeal followed on June 28, 2026. ROA.944.

## STATEMENT OF THE ISSUES (Restated)

**I. Appellants lacked Standing to Bring This Lawsuit**

**II. The Eleventh Amendment Bars All Official Capacity Claims in this Lawsuit**

**III. Judicial Immunity Bars All Claims against Judicial Appellees in this Lawsuit**

**IV. The District Court was Correct to Dismiss this Lawsuit under the *Younger* abstention doctrine**

**V. The District Court had Discretion to Control its Docket and Proceed with Judicial Economy**

## STATEMENT OF THE CASE

### I. STATEMENT OF FACTS

Samuel Randles, Conghua Yan, Patrick Tuter, and Kaitlyn Ross ("Appellants") each have ongoing family law matters being litigated in different state court cases. ROA.226-27, ¶¶ 16-19.

Unhappy with orders entered in their separate state court cases, Appellants have decided to file this lawsuit against the Chief Justice of the Texas Supreme Court, the Presiding Judges of three different Administrative Judicial Regions, and six different district judges from different parts of the State of Texas (collectively, "the Judicial Appellees"). ROA.227-29, ¶¶ 20-33.

Appellants also sued Tarrant County and three Tarrant County officials. ROA.228, ¶¶ 25-28.

The Judicial Appellees are alleged to have entered orders in the Appellants' state court cases. ROA. 225, ¶ 62-63, ROA.235, ¶¶ 52-53, ROA.233-34, ¶¶ 48-49, ROA. 236-37, ¶¶ 56-58, ROA.238, ROA.245-47, ¶ 83-85, ROA.248, ¶ 91, ROA.251-253, ROA.254-56, and ROA.256, ¶ 118.

Appellants misrepresent orders assigning judges to preside over specific issues, such as ruling on a motion to recuse, as "administrative" despite the fact that the assignments are made by judicial order. *See, e.g.*, ROA.631, ¶ 38 (mis-identifying such judicial orders in pending litigation as "administrative assignment and case-management practices").

Appellants asked the federal district court to enter declaratory and injunctive relief regarding judicial decisions in their state court litigations and directing state court judges how they must proceed in presiding over cases before them. ROA.286-95. Randles and Yan also seek monetary damages as a result of the judicial orders rendered against them in state court. ROA.295-98.

## II. RULING PRESENTED FOR REVIEW

Appellants appeal from the Final Judgment, the Order adopting the magistrate judge's Findings, Conclusions, and Recommendations (FCR) and granting the defendants' motions to dismiss, and the Motion to Alter Judgment. ROA.944.

# SUMMARY OF THE ARGUMENT

The district court properly dismissed Appellants' lawsuit for the reasons specified by the district judge. As stated in the Order dismissing the case, the district court dismissed the claims against the Judicial Appellees because Appellants lacked standing, their claims were barred by Eleventh Amendment immunity in their official capacities, judicial immunity, and the *Younger* abstention doctrine.

Appellants lack standing because they did not present a justiciable controversy in the district court, and their claims lacked redressability because they sought relief that could not be granted. As a matter of law, judges acting in their adjudicatory capacities do not create a justiciable controversy. Judges presiding over cases pending before them are not adverse to the litigants in those cases. Moreover, Appellants allege violations of their rights under the U.S. Constitution, claims actionable under 42 U.S.C.

1983. However, the statutory language of 1983 and case law preclude the equitable relief sought by Appellants.

Appellants' claims against the Judicial Appellees in their official capacities are barred by Texas' sovereign immunity under the Eleventh Amendment to the U.S. Constitution. Although this matter was briefed in the district court and formed one of the reasons this lawsuit was dismissed, Appellants wholly failed to dispute the application of sovereign immunity to the Judicial Appellees in Appellants' Brief and only dispute its application to Tarrant County and its officials. By not raising the issue in their opening brief, Appellants have waived review of the issue. Moreover, Appellants do not dispute the fact that each of the Judicial Appellees in their official capacity are entitled to sovereign immunity or that the Eleventh Amendment bars the claims in this lawsuit. Finally, the injunctive relief sought does not apply to state court judges, so no plausible exception to immunity under the Eleventh Amendment applies in this matter.

To the extent that Appellants intended to seek relief from any of the Judicial Appellees, those claims are also barred under judicial immunity. Although this matter was one of the reasons this lawsuit was dismissed, Appellants wholly failed to dispute the application of judicial immunity to the Judicial Appellees in Appellants' Brief and have waived appellate review.

The district court also specifically dismissed the claims against the Judicial Appellees because the law requires abstention under the *Younger* doctrine. As with other issues, Appellants' Brief is wholly silent on this matter with respect to claims asserted against the Judicial Appellees. Appellants only dispute the application of the Younger doctrine to Count VI, a claim only asserted against Tarrant County and its officials, which did not include the Judicial Appellees.

Finally, to the extent that Appellees complain about the district court's exercise of judicial economy, the decisions were firmly within the court's discretion. The court recognized that the defenses raised by Judge Wheless were likely to be common to all of the Judicial Appellees, and indeed, they were raised by each of them. The defects were global regardless of the individual issues raised, and the district court was correct in recognizing that no additional amendment would cure those defects.

## ARGUMENT

### I. Appellants lacked Standing to Bring This Lawsuit

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990).

### A. No Justiciable Controversy

The district court dismissed the claims against the Judicial Appellees after determining the Appellants did not establish standing to bring claims against them "because they do not satisfy the case or controversy requirement." ROA.691-92. "The case or controversy requirement of Article III of the Constitution requires a Plaintiff to show that he and the defendants have adverse legal interests. The requirement of a justiciable controversy is not satisfied where a judge acts in [her] adjudicatory capacity." *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003). Indeed, "[i]f a state court errs in its rulings, too, the traditional remedy has been some form of appeal, including to this Court, not the entry of an *ex ante* injunction…an injunction against a state court" or its 'machinery' 'would be a violation of the whole scheme of our Government.'" *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021), citing *Ex parte Young*, 209 U.S. 123, 159–160, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

Appellants brought their lawsuit to object to the state court procedure regarding assignment of judges to preside over state court recusal motions after they were dissatisfied with the outcome of those state court denials of recusal motions, as well as to complain about various judicial decisions rendered in their respective cases. [APPELLANTS' BRIEF, pp. 14-18]. As such,

Appellants did not and do not present a justiciable controversy with respect to any of the members of the judiciary who are named in this lawsuit as a matter of law. The specific actions of which the Appellants complain are:

**1. Judge David Evans**

Judge Evans is alleged to have entered an order appointing judges to consider and rule on a contempt matter and other litigation matters, apparently did not respond to a document request directly sent from a litigant in a matter he was involved in, and did not give Plaintiffs as much notice of the orders of assignment as they would like. ROA.235, ¶ 52, ROA.251-253, and ROA.254-56. These were adjudicatory acts.

**2. Judge Ray Wheless**

Judge Wheless is alleged to have entered an order appointing a judge to consider Tuter's motion to recuse, which was then denied. ROA.225, ¶ 62-63. It is undisputed that this was an adjudicatory act.

**3. Judge Brown and Judge Dean**

Judge Brown is alleged to have assigned Judge Dean to preside over Ross' cases for a time. ROA.256, ¶ 118. Judge Dean was assigned to preside over Ross' state cases for a time conducted a trial and entered orders. ROA.236, ¶ 56. Ross admits that she was represented by counsel in the proceedings and did not object to Judge Dean's assignment. ROA.236-37,

¶¶ 56-58. What is clear is that any alleged acts by Judges Brown and Dean were solely their respective actions in state court proceedings in their adjudicatory capacities.

#### 4. Judges Terry, Catterton, and Harris

Judge Harris was alleged to have been assigned to preside over Randles' and Yan's state cases for a time. ROA.235, ¶ 53 and ROA.252, ¶ 105. Judge Catterton was assigned to preside over Randles' and Yan's state cases for a time and entered orders in those cases. ROA.233-34, ¶¶ 48-49; ROA.245-46, ¶ 83, and ROA.248, ¶ 91. Judge Terry is alleged to have allowed Judge Catterton to preside over two of Plaintiff Yan's court dates. ROA.246-47, ¶¶ 84-85. What is clear is that any alleged acts were taken in the respective Judges' adjudicatory capacity.

#### 5. Judge Roach

Judge Roach is alleged to have presided over Tuter's case, failed to recuse himself, and ordered Plaintiff Tuter held in contempt of court. ROA.238. Prior to filing this lawsuit, Tuter had unsuccessfully asserted his arguments in multiple efforts to force Judge Roach to recuse. *See, e.g., In re Tuter*, No. 05-24-01392-CV, 2024 WL 5134652 (Tex. App.—Dallas Dec. 17, 2024, orig. proceeding); *In re Tuter*, No. 05-24-01499-CV, 2025 WL 262059 (Tex. App.—Dallas Jan. 22, 2025, orig. proceeding); *In re Tuter*, No. 05-25-

00769-CV, 2025 WL 1805809 (Tex. App.—Dallas July 1, 2025, orig. proceeding); *In re Tuter*, No. 05-25-00838-CV, 2025 WL 1909390 (Tex. App.—Dallas July 10, 2025). Similarly, on January 24, 2025, after Judge Roach denied Tuter's third motion to recuse and only three days before his state court trial, Tuter improperly removed his family law case to the federal court to successfully, if temporarily, avoid trial before the matter was remanded to state court. *See Tuter v. Tuter*, No. 4:25-CV-00075, 2025 WL 2601545 at *7 (E.D. Tex. Sept. 8, 2025). Any alleged acts were taken in the respective Judge Roach's adjudicatory capacity.

**B. No Traditional Standing Exists**

In addition to a justiciable controversy, Standing requires Plaintiffs to demonstrate they have suffered an "injury in fact," that is "fairly traceable" to the defendant's conduct, and that will "likely ... be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

**1. No Injuries to Attributable to Chief Justice Blacklock**

Throughout this lawsuit, there is no "injury in fact" that is "fairly traceable" to alleged conduct of Chief Justice Blacklock. ROA.219-300. No action of Chief Justice Blacklock has been suggested to have caused any injury to any Plaintiff. Indeed, none of the Plaintiffs have been "injured" in

any way by the judicial decisions of any judge in this case, although they do not like those decisions.

### 2. No Redressability for Equitable Claims Against the Judicial Appellees

Further, redressability of alleged injuries is not available from the Judicial Appellees. Equitable relief is not available because no injunction or declaration would cure any alleged injury. Additionally, Judges Terry and Evans have recused themselves from Yan's case and are not in position to provide him with any equitable relief. ROA.251, ¶ 102. Moreover, as the district court correctly recognized, Appellants "arguments rely on the untenable foundation that they have standing to sue in federal court for unfavorable outcomes in a state court proceeding. Fifth Circuit precedent is clear that they do not. *See, e.g., Machetta,* 726 F. App'x at 219-20 (5th Cir. 2018) (internal citation omitted) (providing that a disgruntled family court litigant lacked standing to sue the family law judge in federal court for an unfavorable decision)." ROA.691, citing *Machetta v. Moren*, 726 F. App'x 219, 219-20 (5th Cir. 2018). Injunctive relief is inappropriate "because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *See LaBranche v. Becnel*, 559 F Fed. Appx. 290, 291 (5th Cir.2014). As discussed *supra*, "[i]f a state court errs in its rulings, too, the traditional remedy has been some form of appeal,

including to this Court, not the entry of an *ex ante* injunction…an injunction against a state court" or its 'machinery' 'would be a violation of the whole scheme of our Government.'" *Whole Woman's Health v. Jackson*, 142 S. Ct. at 532, citing *Ex parte Young*, 209 U.S. at 159–160. Finally, as Appellants' claims arise under 42 U.S.C. § 1983 [APPELLANTS' BRIEF, p. 11], as discussed *infra*, injunctive relief is unavailable by statute.

## II. The Eleventh Amendment Bars All Official Capacity Claims in this Lawsuit

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984).

### A. Appellate Review of this Issue Has Been Abandoned

"Although this court liberally construes *pro se* briefs, this court requires arguments to be briefed in order to be preserved." *Montgomery v. Office C/O Pearce*, 79 F.3d 1143 (5th Cir. 1996), (internal citations omitted). Claims not adequately argued in the body of the brief are deemed abandoned on appeal. *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993).

The district court dismissed the claims against the Judicial Appellees in their official capacities specifically because they have sovereign immunity

from the claims in this lawsuit, pursuant to the Eleventh Amendment. ROA 687-88, 694-95.

In their Brief, Appellants do not dispute the dismissal of claims against the Judicial Appellees based on sovereign immunity. [APPELLANTS' BRIEF]. Appellants do not present any case law or cite to any portion of the record to suggest that **in this case**, the district court was incorrect in its application of the law to the facts presented in dismissing the claims against the Judicial Appellees in their official capacities. [APPELLANT'S BRIEF]. Instead, the only references to "sovereign immunity" involve Tarrant County and its employees. [APPELLANTS' BRIEF, p. 38 ("Tarrant County has neither Texas sovereign immunity nor a qualified-immunity defense to its own Section 1983 liability."), p. 43 (discussing Tarrant County officials Wilder and Grimaldi), p. 65 (recognizing the concept of sovereign immunity as a basis for dismissal of the claims)]. Similarly, the only two references to the Eleventh Amendment in the Brief do not dispute the district court's application to the Judicial Appellees. In one reference, immunity under the Eleventh Amendment in a list of reasons for dismissal of the claims briefed by Judge Wheless in the district court. [APPELLANTS' BRIEF, p. 44]. In the only other reference, the Appellees discuss application to Tarrant County officials Wilder and Grimaldi. [APPELLANTS' BRIEF, p. 43].

Because the Appellants do not address the decision of the district court on the application of immunity under the Eleventh Amendment or Texas' sovereign immunity to the Judicial Appellees, that issue is abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir.2003); *Yohey,* 985 F.2d at 225. Dismissal of the claims against the Judicial Appellees in their official capacities should be affirmed on this basis alone.

Even if they had not abandoned this issue, the dismissal of the claims against the Judicial Appellees in their official capacities should be affirmed for the reasons that follow.

**B. Entitlement to Sovereign Immunity**

Each of the Judicial Appellees is a state official entitled to Texas' sovereign immunity. Chief Justice Blacklock is entitled to sovereign immunity because the Chief Justice of the Supreme Court of Texas is an official position created by the Texas Constitution. *See* TEX. CONST., ART. 5, § 2. The First, Eighth and Eleventh Administrative Judicial Regions of Texas, respectively presided over by Judges Wheless, Evans, and Brown (ROA.227) are state entities created by statute. *See* GOV'T CODE § 74.042(b),(i), and (l). Judge Roach presides over the 296th District Court of Collin County, Texas (ROA.228), an arm of the state judiciary created by statute. *See* GOV'T CODE § 24.473). Judge Dean, a retired/former judge, "presided and exercised

judicial authority as a visiting judge" over "proceedings in the 23rd District Court" and the 130th District Court (ROA.236-37) which are arms of the state judiciary created by statute. *See* GOV'T CODE § 24.124 and § 24.232. Finally, Judges Terry, Catterton, and Harris were (at the relevant times) Presiding Judges of the 322nd and 325th District Courts of Tarrant County, are arms of the state judiciary created by statute. *See* GOV'T CODE § 24.629 and § 24.633.

### C. The Claims, brought under 42 U.S.C. § 1983, are Barred By Sovereign Immunity

In this case, the federal constitutional claims are barred by the Eleventh Amendment. *See, e.g., Fox v. Mississippi*, 551 Fed. Appx. 772, 774–75 (5th Cir.2014) (per curiam) (holding, inter alia, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities). "Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985." *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F.Supp. 1022, 1030 (S.D.Tex.1996). Retrospective equitable relief is similarly barred by sovereign immunity. *See Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 288 (5th Cir.2015).

### D. No Exception Applies

Again, in their Brief, Appellants do not suggest that any exception to Eleventh Amendment immunity applies to claims against the Judicial Appellees in their official capacities. [APPELLANTS' BRIEF]. This is because no exception applies. The Supreme Court reaffirmed, "as *Ex parte Young* itself explained, this traditional exception does not normally permit federal courts to issue injunctions against state-court judges or clerks. The traditional remedy against such actors has been some form of appeal..." *Whole Woman's Health v. Jackson*, 142 S. Ct. at 532. Further, this Court has repeatedly recognized that "Section 1983 does not provide a basis for [Appellants] to seek injunctive relief against the judges, however." *See Arvie v. Cathedral of Faith Missionary Baptist Church*, No. 24-30759, 2025 WL 1565149, at *5 (5th Cir. June 3, 2025), *cert. denied*, 146 S. Ct. 1473, 223 L. Ed. 2d 526 (2026), citing *Machetta*, 726 F. App'x at 220.

## III. Judicial Immunity Bars All Claims against Judicial Appellees in this Lawsuit

To the extent that Appellants intended to seek relief from any of the Judicial Appellees, those claims are also barred under judicial immunity. Judge Evans was sued "in his individual capacity by Plaintiff Randles for monetary damages as alleged." ROA.227, ¶ 21. Judges are immune from suit

for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). "The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Hicks v. Bexar Cty., Tex.*, 973 F.Supp. 653, 667-72 (W.D. Tex. 1997), citing *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir.1990). This immunity is so pervasive that it bars suit for claims far more significant than the allegations raised in this litigation, applying even when a judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

### A. Appellate Review of this Issue Has Been Abandoned

The district court dismissed the claims against the Judicial Appellees specifically because they have judicial immunity from the claims in this lawsuit. ROA 695-97. Judicial immunity was raised in Judge Roach's motion to dismiss and asserted by Judge Evans. ROA.598-99 and 778.

Claims not adequately argued in the body of the brief are deemed abandoned on appeal. *Yohey,* 985 F.2d at 225. In their Brief, Appellants do not dispute the application of judicial immunity to the claims asserted against the Judicial Appellees. [APPELLANTS' BRIEF].

Dismissal of the claims against the Judicial Appellees in their official capacities should be affirmed on this basis alone. Even if they had not

abandoned this issue, the dismissal of the claims against the Judicial Appellees should be affirmed for the reason that follows.

### B. No Exception of Judicial Immunity is Presented

Even in the Appellants' Brief, there are no allegations that Judge Evans or any of the Judicial Appellees performed non-judicial acts or ever acted "in the clear absence of all jurisdiction" as required to abrogate judicial immunity. *See Mireles*, 502 U.S. at, 11–12.

## IV. The District Court was Correct to Dismiss this Lawsuit under the *Younger* abstention doctrine

This Court recognizes that *Younger* requires federal courts to abstain where (as here): (1) the dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir. 1996). *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016).

### A. Appellate Review of this Issue Has Been Abandoned

The district court dismissed the claims against the Judicial Appellees specifically because the law requires abstention under the *Younger* doctrine. ROA 692-93. Application of the *Younger* doctrine was raised in Judge

Wheless' and Judge Roach's motions to dismiss, among others. ROA.571-73, 599-601, 98-99 and 778.

Claims not adequately argued in the body of the brief are deemed abandoned on appeal. *Yohey,* 985 F.2d at 225. In their Brief, Appellants do not dispute the dismissal of application of the claims asserted against the Judicial Appellees based on the *Younger* doctrine. [APPELLANTS' BRIEF]. Appellants do not present any case law or cite to any portion of the record to suggest that **in this case**, the district court was incorrect in its application of the law to the facts presented in dismissing the claims against the Judicial Appellees. [APPELLANT'S BRIEF]. Instead, the only suggests that "*Younger* does not support dismissal of Count VI" and Count VI only asserts claims against Tarrant County and its employees regarding "County-controlled clerk practices." [APPELLANTS' BRIEF, p. 38]. On its face, that Count of the First Amended Complaint is brought only against "Defendants Grimaldi, Wilder, Moss, and Tarrant County for Deprivation of Rule 145 Protections and Arbitrary Clerk Practices." ROA.279-83.

Because Appellants do not dispute the dismissal of application of the claims asserted against the Judicial Appellees based on the *Younger* doctrine in their Brief, that issue is abandoned. *See Soadjede*, 324 F.3d at 833; *Yohey,* 985 F.2d at 225.

Even if they had not abandoned this issue, the dismissal of the claims against the Judicial Appellees pursuant to the *Younger* doctrine should be affirmed for the reasons that follow.

**B. The *Younger* Doctrine**

Additionally, Plaintiffs' claims are barred by the *Younger* doctrine, which requires that a federal court abstain from enjoining a pending state court proceeding. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). As mentioned supra, *Younger* requires federal courts to abstain where: (1) the dispute involves an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman.*, 84 F.3d at 189; *Google, Inc. v. Hood,* 822 F.3d at 222.

Appellants admit that their state court proceedings are ongoing. (ROA.226-27, ¶¶ 16-19, describing their state court actions as "pending"]. Appellants admit that "Judge Roach presides over Plaintiff Tuter's case, Cause No. 296-50864-2022." [ROA.228, ¶ 29]. Even if any of the state court judgments might be appealable, "the *Younger* doctrine requires that federal courts abstain when a state proceeding is pending and the state appellate

procedure has not been exhausted." *DeSpain v. Johnston*, 731 F.2d 1171, 1177–78 (5th Cir. 1984).

For the second prong, it is unquestioned that Appellants' allegations against the members of the judiciary, involving allegedly unlawful acts committed by them, implicate important state interests as a matter of law. *See, e.g., Burgess v. Cox*, No. 4:14-CV-466-ALM-CAN, 2015 WL 5578310, at *7 (E.D. Tex. July 30, 2015), *report and recommendation adopted*, No. 4:14-CV-466, 2015 WL 5579866 (E.D. Tex. Sept. 21, 2015) ("Plaintiff's allegations implicate important state interests, such as unlawful acts allegedly committed by its law enforcement officers, city officials, and judges"; *see also Rickhoff v. Willing*, No. SA-10-CA-140-XR, 2010 WL 4053607, at *4 (W.D. Tex. Oct. 14, 2010), *aff'd*, 457 F. App'x 355 (5th Cir. 2012), and *aff'd*, 457 F. App'x 355 (5th Cir. 2012) ("Courts routinely state that judicial oversight proceedings implicate important state interests"), citing *Norwood v. Dickey,* 409 F.3d 901, 903 (8th Cir.2005) (the quality of the judiciary is an important state interest); *Spargo v. N.Y. State Comm 'n on Judicial Conduct,* 351 F.3d 65, 75 (2d Cir.2003) (noting that judicial disciplinary proceeding "undeniably implicates a vital state interest," and "few interests can be considered more central that a state's interest in regulating its own judicial system"); *see also Pennzoil v. Texaco,* 481 U.S. 1, 12-13 (1987) ("This Court

repeatedly has recognized that the States have important interests in administering certain aspects of their judicial systems.”). Similarly, it is unquestioned that “family and child custody are important state interests as a matter of law.” *Moore v. Sims*, 442 U.S. 415, 434 (1979) (recognizing that family and child custody matters satisfy the second prong of the *Younger* doctrine). Indeed, “[f]amily relations are a traditional area of state concern.” *Id.* at 435; *see also Estate of Merkel v. Pollard*, 354 Fed. Appx. 88, 94 (5th Cir. 2009).

Finally, as a matter of law, “Texas law is apparently as accommodating as the federal forum .... [A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Moore*, 442 U.S. at 425-26. This case meets each element of the *Younger* analysis, and as a result, unless Appellants demonstrated specific facts to fall within an exception (and they did not), the district court was required to abstain from entertaining the lawsuit. Because Appellants failed to do so, the district court was correct to dismiss the lawsuit in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1).

The district court was correct in abstaining under *Younger* because “any constitutional questions regarding the validity of the Texas visiting judge system must be brought in state court.” ROA.693.

## V. The District Court had Discretion to Control its Docket and Proceed with Judicial Economy

Appellants complain that they had to respond to the issues raised in Judge Wheless' motion to dismiss as though they were asserted by the other Judicial Appellees, and that the district court applied these reasons for dismissal in the same fashion. [APPELLANTS' BRIEF, p. 20-21].

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005), quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). This has been reiterated many times over the years: "District courts are vested with the power to 'manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 356–57 (5th Cir. 2020) citing *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)); *see also United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Rule 12 specifically authorizes courts to change the time to respond to a pleading under Rule 12: "A party must serve a reply to an answer within 21 days after being served with an order to reply, *unless the order specifies a different time*." FED. R. CIV. P. 12(a)(1)(C) (emphasis added); *see also*

12(a)(4). Indeed, the Northern District of Texas specifically advises litigants in the section guiding litigants on "Compliance with Local Rule 7.1" that the briefing schedule is subject to change at the discretion of the court: "The court may modify any of the above schedules." PRO SE HANDBOOK FOR CIVIL SUITS, U.S. DISTRICT COURT, N.D. TEX., p. 15.

As the magistrate judge recognized, the defects leading to dismissal of the claims were universally applicable to each of the Judicial Appellees. ROA.690-700. Indeed, each of the Judicial Appellees raised these matters in their respective motions to dismiss. ROA.563-76, 590-605, 676-83, 704-11, 726-40, 768-98, and 828-43. Appellants, in turn, responded to the issues raised in the motions to dismiss and the FCR. ROA.618-70, 799-827 and 844-912. All of these motions, responses, and objections were on file before the district judge entered the final determination of the issues. ROA.913-14.

Thus, the decisions regarding expedited briefing were within the discretion of the court, and the result was correct, as the defects for the claims against each of the Judicial Appellees were common to all.

To the extent that Appellants complain about the fact that the district court dismissed their lawsuit without further amendments [Appellants' Brief, p. 58-62], this was within the Court's discretion. "The liberal amendment rules of F.R. Civ. P. 15(a) do not require that courts indulge in

futile gestures." *DeLoach v. Woodley,* 405 F.2d 496, 496–97 (5th Cir.1968). The magistrate judge's FCR considered the "82-page Amended Complaint and a 26-page Response and Objection to Judge Wheless' Motion to Dismiss" and recognized that "No amount of amendment or revised pleadings would" cure the defect that required dismissal. ROA.702. Indeed, this remained true after an additional 29 pages of initial objections, 25 more pages of "targeted objections" related to just 4 Judicial Appellees, an additional 25 pages of objections from Yan regarding Count VI alone, and an 18-page set of objections regarding dismissal of Count I. ROA.799-827 and 844-912. All of these objections and filings were considered before the FCR was adopted by the district court and Final Judgment was entered. ROA.913. Later, Appellants provided another 26 pages of briefing in the Motion to Alter Judgment. ROA.917-942.

Appellants had 231 pages to convince the district court that amendment would not be futile and failed to do so. Even in their Brief, Appellants do not indicate how they could have amended their lawsuit to cure the defects precluding the district court from exercising subject matter jurisdiction or otherwise requiring dismissal of their claims. [APPELLANTS' BRIEF].

Accordingly, the district court was correct to conclude that Appellants' claims were subject to dismissal based on common defenses and defects for each of the Judicial Appellees and that Appellants could not cure their defects, rendering any further efforts futile.

## CONCLUSION

Chief Justice Jimmy Blacklock, Ray Wheless, David Evans, Susan Brown, Crawford R. Catterton, Sherill Dean, Williams Harris, John Roach, and Cynthia Terry each urge this Court to affirm the dismissal of Appellants' claims for the reasons stated above. Appellants have abandoned appellate review of most issues by failing to present their arguments in the opening brief. Even if they did not abandon or waive the issues, the district court was correct in its application of the law to the live pleading, and in determining that dismissal was required. This Court should affirm that decision.

SUBMITTED BY:

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

WILLIAM D. WASSDORF
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

/s/ Scot M. Graydon
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(737) 224-2943 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Brief of the Judicial Appellees* was served on the **30th day of September, 2026**, upon all parties who have entered an appearance, using the CM/ECF system and upon the following individual by Certified Mail, Return Receipt Requested and via regular mail:

Samuel Randles
5001 SH114E, Apt 1313,
Roanoke, TX 76262
randles.sam@gmail.com
***Via Certified Mail No***
7020 1290 0000 7439 1906

Patrick Wayne Tuter
430 Christi Ln.
Princeton, Texas 75407
patrick762soldier@hotmail.com
***Via Certified Mail No.***
*7020 1290 0000 7439 1920*

Kaitlan Ross
915 County Road 2719
Goldthwaite, Texas 76844
Kaitlan.ross33@gmail.com
***Via Certified Mail No***
7020 1290 0000 7439 1913

Conghua Yan
2140 E Southlake Blvd, Suite L-439,
Southlake, Texas 76092
arnold200@gmail.com
***Via Certified Mail No***
7020 1290 0000 7439 1937

*/s/Scot Macdonald Graydon*
Assistant Attorney General
Office of the Attorney General of Texas

**CERTIFICATE OF COMPLIANCE**

Pursuant to 5TH CIR. R. 32.2.7(c), the undersigned certifies this brief complies with the type-volume limitations of FED R. APP. P. 32(a)(7).

1. Exclusive of the portions exempted by 5TH CIR. R. 32.2, this brief contains 5,263 words printed in a proportionally spaced typeface.

2. This brief is printed in a proportionally spaced, serif typeface using Georgia 14-point font in text and Georgia 12-point font in footnotes produced by Microsoft Word 2013 software.

3. Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in 5TH

CIR. R. 32.2, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

<u>*/s/Scot Macdonald Graydon*</u>
Assistant Attorney General
Office of the Attorney General of Texas