No. 26-10606

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
Oct 01, 2026
FIFTH CIRCUIT

SAMUEL RANDLES; PATRICK WAYNE TUTER;
CONGHUA YAN; KAITLAN ROSS,
Plaintiffs–Appellants,

v.

JIMMY BLACKLOCK, et al.,
Defendants–Appellees.

On Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
No. 4:25-cv-01422-O

# APPELLANTS' OPPOSED MOTION FOR LEAVE TO FILE TWO REPLY BRIEFS OF UP TO 9000 AND 14000 WORDS OR ONE JOINT REPLY OF UP TO 23000 WORDS

The Court should permit two coordinated reply briefs totaling no more than 23,000 words, or alternatively one joint reply with that same ceiling.

Appellants Samuel Randles, Patrick Wayne Tuter, Conghua Yan, and Kaitlan Ross move under Federal Rules of Appellate Procedure 27, 28(c), 28(i), and 32(e), and Fifth Circuit Rules 27.1.13, 27.1.16, and 32.4, for leave to file:

1. A joint reply by all four appellants of **no more than 9,000 words**, answering the joint brief of the nine Judicial Appellees represented by the Texas Attorney General; and

2. A separate reply by Conghua Yan of **no more than 14,000 words**, answering collectively the three briefs filed by County counsel for Tom Wilder, Lisa Grimaldi, and Kirk Moss.

Alternatively, the Court should permit all four appellants to file **one joint reply of no more than 23,000 words** addressing all four appellee briefs. Each requested limit excludes the material identified in Rule 32(f). These are **estimated maximums, not drafting targets**. Appellants do not intend to use the full allowance merely because it is available and will file shorter replies to the extent a complete, organized response permits.

**Current Rule 32 permits a case specific enlargement without the former disfavor language**

Current Rule 32(e) authorizes the requested enlargement by order in a particular case. Fifth Circuit Rule 27.1.16 authorizes action on requests to extend brief-length limits, and Rule 32.4 requires the motion at least ten days before the brief is due. The operative local rule no longer states that such motions receive "great disfavor" or require "extraordinary and compelling reasons." The Court expressly deleted that language, and the former requirement to submit a draft brief with the motion, effective April 4, 2017. Order Amending 5th Cir. R. 32.4 (Apr. 4, 2017). The Court should apply the current rule and assess the concrete response burden shown here.

This request is timely if filed on October 1, 2026. The last appellee's brief served on September 30 produces October 21 as the earliest ordinary deadline. Fed. R. App. P. 31(a)(1). October 1 is 20 days before that date and satisfies Rule

32.4. Appellants request additional words and approval of the briefing arrangement.

**Four appellants can consolidate their replies within less than the combined ordinary allowance**

Rule 28(c) permits an appellant to reply, and Rule 32(a)(7)(B)(ii) ordinarily permits 6,500 words. Rule 28(i) makes joinder in a reply optional for multiple appellants. Accordingly, absent a contrary briefing order, the four appellants could each file an individual reply of up to 6,500 words, for a combined 26,000 words. They instead propose two organized replies, or one joint reply, to consolidate common arguments and reduce duplication. The proposed 23,000-word ceiling is 3,000 words below the combined ordinary allowance for four individual replies.

The proposed order would place that consolidation under express limits. The 9,000-word joint reply would address the Judicial Appellees' shared defenses and the issues affecting all four appellants. Yan's 14,000-word reply would combine his responses to the three County-counsel briefs, discussing common principles once and then addressing each defendant's alleged acts and distinct defenses. Because Yan would join the first reply and file the second, appellants expressly seek leave for that arrangement under Fifth Circuit Rule 27.1.13 as well as leave for the proposed lengths. If the Court prefers one filing, the alternative 23,000-word joint reply supplies it.

**Three County briefs require a substantive response to 13586 words and distinct defenses**

The actual response burden supports the requested space. County counsel filed separate briefs for Wilder, Grimaldi, and Moss. Their certificates report **4,567, 4,716, and 4,303 words**, respectively, for **13,586 words** in those three briefs alone. Wilder Br. 21; Grimaldi Br. 22; Moss Br. 20. The Judicial Appellees' joint brief adds **5,263 words**, bringing the four appellee briefs to **18,849 certified words**. Judicial Appellees' Br. 28. A single ordinary 6,500-word reply would provide less than half the space used by the three County briefs before appellants answered the Judicial Appellees at all.

Shared doctrinal headings do not eliminate the different answers these briefs require. Wilder defends the clerk's conduct and invokes sovereign and qualified immunity; Grimaldi invokes derivative judicial immunity for a court coordinator; Moss defends a court reporter's participation in an indigency contest. Wilder Br. 13–17; Grimaldi Br. 15–18; Moss Br. 14–16. Applying those defenses requires attention to each defendant's alleged acts, the authority asserted for those acts, and the relief requested. The opening brief separately addresses the clerk's practices, notice and hearing defects, access to courts, retaliation, and amendment. Opening Br. 33–43, 59–66.

Appellants' proposal already combines the nine Judicial Appellees in one response and the three County-counsel briefs in another. It allows common legal

principles to be stated once within each reply while preserving the explanations needed for different alleged conduct and different requested remedies.

**The Judicial Appellees' brief creates additional response work of its own.**

It asserts abandonment of grounds and develops arguments concerning recusal and the response timetable. Judicial Appellees' Br. 11–13, 17–19, 23–24. The joint reply must identify the opening-brief passages and record materials that answer the abandonment assertions, distinguish the officials' roles, and address the procedural rules invoked. Those tasks explain the separate 9,000-word estimate for that reply.

**Undecided and newly developed grounds require enough space for a meaningful answer**

The Court should allow a full response before considering alternative grounds the district court did not decide. Each County appellee asks for affirmance on any ground supported by the record, including grounds not reached below. Wilder Br. 5–6; Grimaldi Br. 6; Moss Br. 5. Answering that request requires more than repeating the opening brief's criticism of the adopted reasoning. Yan must identify which proposed grounds were decided, which were presented but left unresolved, which applications are new on appeal, and whether the pleaded facts and requested relief permit disposition on those grounds.

Meaningful adversarial presentation matters most when an appellee seeks the first decision on a ground in this Court. In *FDIC v. Lee*, 130 F.3d 1139, 1142–43 (5th Cir. 1997), the Court distinguished an adequately developed legal issue from new grounds resting on an insufficiently developed record, and relied in part on supplemental briefing to address the concern that the opposing parties had been surprised.

*Rooker–Feldman* illustrates the difference between presenting a defense and deciding it. The County appellees raised the doctrine below, but the adopted findings did not rely on it. Compare ROA.719, 749, 762 with ROA.690–702, 913. All three now press it as an alternative basis for affirmance. Wilder Br. 13; Grimaldi Br. 14–15; Moss Br. 14. A useful reply must distinguish the state-court ruling from the antecedent acts alleged in the complaint and explain how each requested remedy bears on the jurisdictional inquiry. Calling the doctrine a common issue does not supply that analysis.

The appellate briefs also add applications that require separate record comparisons. Wilder expressly invokes judicial immunity on appeal although his own dismissal papers developed sovereign and qualified immunity; the findings supplied a separate clerk-immunity discussion. Compare Wilder Br. 3, 15 with ROA.713, 720–722, 697. Grimaldi applies standing and *Rooker–Feldman* to Catterton's assignment, while her district-court memorandum applied those

doctrines to the indigency ruling. Compare Grimaldi Br. 12, 15 with ROA.759–762. Moss adds a judicial-instruction rationale under *Severin* within his immunity discussion, requiring examination of whether the record identifies an instruction covering the acts alleged. Compare Moss Br. 16 with ROA.749–750. Each comparison affects what this Court would be deciding for the first time.

Amendment presents another issue beyond defending the reasoning actually adopted. Moss invokes Federal Rule of Civil Procedure 7(b)(1)(B) and Northern District of Texas Local Rule 15.1 to argue that Yan did not adequately specify or submit a proposed amendment. Moss Br. 9. The findings instead denied further amendment on the view that appellants had pleaded their best case and amendment would be futile. ROA.701–702. The reply must connect the preserved amendment requests and proposed corrections to those newly developed procedural objections. See Opening Br. 59–64.

Here, the requested reply space would let appellants explain both whether the alternative grounds are properly reached and why those grounds do not sustain the judgment. If appellees ask this Court to decide issues the district court left unresolved, appellants should have an adequate opportunity to answer before that decision. The requested limits provide that opportunity within an organized reply structure.

**The Court should authorize the proposed ceilings and briefing structure**

Appellants request leave to file a joint reply of no more than 9,000 words to the Judicial Appellees and Yan's separate reply of no more than 14,000 words to Wilder, Grimaldi, and Moss. Alternatively, they request leave to file one joint reply of no more than 23,000 words to all four appellee briefs. These estimated ceilings allow a complete response while consolidating common arguments; appellants do not intend to exhaust the permitted space unless the final presentation requires it.

Respectfully submitted,

*/s/ Samuel Randles*
Samuel Randles, pro se
5001 SH 114 E, Apt. 1313
Roanoke, Texas 76262
(214) 250-6187
randles.sam@gmail.com

/s/ Patrick Wayne Tuter
Patrick Wayne Tuter, pro se
430 Christi Ln
Princeton, Texas 75407
(214) 497-6152
patrick762soldier@hotmail.com

*/s/ Conghua Yan*
Conghua Yan, pro se
2140 E. Southlake Blvd, Suite L-439
Southlake, Texas 76092
(214) 228-1886
arnold200@gmail.com

*/s/ Kaitlan Ross*
Kaitlan Ross, pro se
915 County Road 2719
Goldthwaite, Texas 76844
(512) 529-0294
kaitlan.ross33@gmail.com

**Certificate of compliance**

This motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1487 words, excluding the material exempted by Rule 32(f). It complies with Rules 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it is prepared in Microsoft Word in a proportionally spaced, 14-point Times New Roman typeface.

*/s/ Conghua Yan*
Conghua Yan

**Certificate of conference**

On September 30, 2026, I emailed Scot Macdonald Graydon, Craig M. Price, and Katherine E. Owens to request their clients' positions on two replies: a 9,000-word joint reply to the Judicial Appellees, a 14,000-word reply by me to Wilder, Grimaldi, and Moss and alternatively one 23,000-word joint reply. The other three appellants were copied. Ms. Owens responded that the Tarrant County defendants opposed. Counsel for the Judicial Appellees had not responded as of filing.

*/s/ Conghua Yan*
Conghua Yan

## Certificate of service

I certify that on October 1, 2026, I served a true and correct copy of this motion by email on the following counsel:

Scot Macdonald Graydon
Office of the Attorney General of Texas
scot.graydon@oag.texas.gov
Counsel for the Judicial Appellees

Craig M. Price
Katherine E. Owens
Tarrant County Criminal District Attorney's Office
cmprice@tarrantcountytx.gov
keowens@tarrantcountytx.gov
Counsel for Wilder, Grimaldi, and Moss

*/s/ Conghua Yan*
Conghua Yan