U.S. COURT OF APPEALS
RECEIVED
Oct 21, 2026
FIFTH CIRCUIT

**No. 26-10606**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

Samuel Randles; Patrick Wayne Tuter; Conghua Yan; Kaitlan Ross,
*Plaintiffs-Appellants*
v.

Jimmy Blacklock; David L. Evans; Susan Brown; Ray Wheless; Crawford R. Catterton; William W. Harris; Sherill Y. Dean; Kim Cooks; John Roach, Jr.; Cynthia F. Terry; Lisa Grimaldi; Kirk Moss; Tom Wilder; Tarrant County, Texas, Defendants-Appellees.

On Appeal from the United States District Court for the Northern District of Texas
Fort Worth Division, Civil Action No. 4:25-cv-01422-O-BP

# JOINT REPLY BRIEF OF PLAINTIFFS-APPELLANTS

In Response to the Brief of the Nine Judicial Appellees Represented by the State of Texas

*/s/ Conghua Yan*
Conghua Yan
Pro se, for himself

*/s/ Kaitlan Ross*
Kaitlan Ross
Pro se, for herself

*/s/ Samuel Randles*
Samuel Randles
Pro se, for himself

*/s/ Patrick Wayne Tuter*
Patrick Wayne Tuter
Pro se, for himself

## CERTIFICATE OF INTERESTED PERSONS

The undersigned pro se Plaintiffs-Appellants certify that the following persons and entities have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

Plaintiffs-Appellants: Samuel Randles; Patrick Wayne Tuter; Conghua Yan; Kaitlan Ross.

Defendants-Appellees: Jimmy Blacklock; David L. Evans; Susan Brown; Ray Wheless; Crawford R. "Randy" Catterton; William Wren "Bill" Harris; Sherill Youngberg Dean; Kim Cooks; John Roach, Jr.; Cynthia Favila Terry; Lisa Grimaldi; Kirk Moss; Tom Wilder; Tarrant County, Texas, in the capacities reflected in the Court's caption.

Lower-court judicial officers: Chief District Judge Reed O'Connor; Magistrate Judge Hal R. Ray, Jr.

Counsel and organizations: Scot Macdonald Graydon, Office of the Attorney General of Texas; Katherine E. Owens and Craig Manning Price, Tarrant County Criminal District Attorney's Office.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS.......................................... ii

TABLE OF CONTENTS ......................................................................... iii

TABLE OF AUTHORITIES....................................................................... vi

Cases ........................................................................................... vi

Statutes and Rules.......................................................................... viii

INTRODUCTION ..........................................................................1

I. Evans's alleged administrative notice omission is not absolutely immune, and Count V seeks personal damages.........................................................1

A. The notice implementation challenged in Count V is administrative, not adjudicative...........................................................................................2

B. The State has not established qualified immunity for the pleaded notice practice...........................................................................................................3

II. The State's nonadversity theory does not defeat the pleaded administrative and prospective claims.....................................................7

A. The challenged administrative functions differ from neutral adjudication..........................................................................................7

B. Blacklock's Chapter 74 implementation duties connect him to prospective relief....8

C. The State's nonadversity argument fails to account for each distinct injury and remedy....9

III. The State's immunity defenses do not dispose of prospective federal relief....14

A. The State's consent argument does not answer the pleaded *Young* exception....14

B. The State's notice defense does not answer Count II's challenge to judicial authority....16

C. The State's notice argument overlooks that a timely, qualifying objection bars the assigned judge....18

D. Section 1983's injunction restriction does not dispose of prospective declarations....21

IV. The State's *Middlesex* factors do not satisfy *Sprint*'s *Younger* threshold23

V. Preservation, procedural prejudice, and amendment independently support remand....26

A. The opening brief preserved these distinct grounds for reversal....26

B. Extending Wheless's motion to different claims prejudiced Appellants ...........27

C. The dismissal's legal errors cannot establish that targeted amendment is futile...........29

CONCLUSION...........30

CERTIFICATE OF SERVICE...........32

CERTIFICATE OF COMPLIANCE ...........33

## TABLE OF AUTHORITIES

### Cases

*Aetna Life Insurance Co. v. Lavoie*, 475 U.S. 813 (1986)......................................13
*Anderson v. Valdez*, 845 F.3d 580 (5th Cir. 2016) ..................................................6
*Arvie v. Cathedral of Faith Missionary Baptist Church*, No. 24-30759, 2025 WL 1565149 (5th Cir. June 3, 2025)..............................................................22
*Association of American Physicians & Surgeons Educational Foundation v. American Board of Internal Medicine*, 103 F.4th 383 (5th Cir. 2024) .............29
*Balentine v. Thaler*, 626 F.3d 842 (5th Cir. 2010)..................................................27
*Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003) .........................................................7
*Brooks v. George County*, 84 F.3d 157 (5th Cir. 1996)............................................4
*Bruckner Truck Sales, Inc. v. Guzman*, 148 F.4th 341 (5th Cir. 2025)..................30
*Calhoun v. Collier*, 78 F.4th 846 (5th Cir. 2023) ...................................................29
*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).......................................13
*Carey v. Piphus*, 435 U.S. 247 (1978) .......................................................................6
*Carver v. Atwood*, 18 F.4th 494 (5th Cir. 2021).....................................................29
*Daves v. Dallas County*, 64 F.4th 616 (5th Cir. 2023) (en banc)...........................24
*Davis v. Tarrant County*, 565 F.3d 214 (5th Cir. 2009) ...........................................3
*Deakins v. Monaghan*, 484 U.S. 193 (1988) ...........................................................26
*DeSpain v. Johnston*, 731 F.2d 1171 (5th Cir. 1984) .............................................25
*Diaz v. Cantu*, 123 F.4th 736 (5th Cir. 2024) ............................................2–3, 7, 21
*Dilworth v. Tucker*, 179 F.4th 992 (5th Cir. 2026)....................................................5
*Eriakha v. University of Mississippi*, No. 26-60007 (5th Cir. Sept. 9, 2026) .........................................................................................6, 15
*Ex parte Young*, 209 U.S. 123 (1908)...................................... 14–15, 22, 26–27, 30
*Farmers Texas County Mutual Insurance Co. v. 1st Choice Accident & Injury, L.L.C.*, 168 F.4th 271 (5th Cir. 2026)...............................................29–30
*Forrester v. White*, 484 U.S. 219 (1988) ..........................................................2, 27
*Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016)...............................................24
*Green Valley Special Utility District v. City of Schertz*, 969 F.3d 460 (5th Cir. 2020) (en banc).........................................................................................15
*Hafer v. Melo*, 502 U.S. 21 (1991) ........................................................................1–2
*Harrison v. Young*, 48 F.4th 331 (5th Cir. 2022) ...................................................21
*Hicks v. Oklahoma*, 447 U.S. 343 (1980) ....................................................5, 18, 21
*In re Geomet Recycling LLC*, 578 S.W.3d 82 (Tex. 2019) ....................................20

*In re Justices of the Supreme Court of Puerto Rico*, 695 F.2d 17 (1st Cir. 1982) .......... 9
*In re State ex rel. Wice*, 668 S.W.3d 662 (Tex. Crim. App. 2023) .......... 16
*Jimenez v. Guerrero*, 133 F.4th 483 (5th Cir. 2025) .......... 13
*Juidice v. Vail*, 430 U.S. 327 (1977) .......... 24
*Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90 (1991) .......... 26
*La Union del Pueblo Entero v. Nelson*, 163 F.4th 239 (5th Cir. 2025) .......... 8
*LaBranche v. Becnel*, 559 F. App'x 290 (5th Cir. 2014) .......... 23
*Lebron v. National Railroad Passenger Corp.*, 513 U.S. 374 (1995) .......... 27
*Lee v. Verizon Communications, Inc.*, 837 F.3d 523 (5th Cir. 2016) .......... 16
*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .......... 14
*Machetta v. Moren*, 726 F. App'x 219 (5th Cir. 2018) .......... 22
*Megalomedia Inc. v. Phila. Indem. Ins. Co.*, No. 23-20570 (5th Cir. Sept. 14, 2026) .......... 27
*Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) .......... 23–24
*Moore v. Sims*, 442 U.S. 415 (1979) .......... 24–25
*Mosley v. Texas Health & Human Services Commission*, 593 S.W.3d 250 (Tex. 2019) .......... 20–21
*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) .......... 5, 18, 21
*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984) .......... 21
*Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987) .......... 24–25
*Reule v. Jackson*, 114 F.4th 360 (5th Cir. 2024) .......... 3, 7, 9, 27
*Rivera Castelan v. Taylor*, No. 25-50714 (5th Cir. Aug. 6, 2026) .......... 3–4
*Rutila v. United States Department of Transportation*, 12 F.4th 509 (5th Cir. 2021) .......... 30
*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc) .......... 6
*Society of Separationists, Inc. v. Herman*, 959 F.2d 1283 (5th Cir. 1992) (en banc) .......... 10
*Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013) .......... 23–25, 27, 30
*Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719 (1980) .......... 7
*Taylor v. Acxiom Corp.*, 612 F.3d 325 (5th Cir. 2010) .......... 27
*Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586 (5th Cir. 2016) .......... 30
*Thomas v. City of Dallas*, 175 F.3d 358 (5th Cir. 1999) .......... 2, 5
*Town of Chester v. Laroe Estates, Inc.*, 581 U.S. 433 (2017) .......... 10

*Tumey v. Ohio*, 273 U.S. 510 (1927) ........................................................................13
*United States v. Quintanilla*, 114 F.4th 453 (5th Cir. 2024) ..................................27
*United States v. Scroggins*, 599 F.3d 433 (5th Cir. 2010) ........................................3
*Verizon Maryland Inc. v. Public Service Commission of Maryland*, 535 U.S. 635 (2002) ........................................................................................14–15
*Werlein v. Calvert*, 460 S.W.2d 398 (Tex. 1970) .......................................................7
*Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021)....................................7, 15
*Williams v. Wood*, 612 F.2d 982 (5th Cir. 1980).......................................................2
*Yee v. City of Escondido*, 503 U.S. 519 (1992) .......................................................27
*Younger v. Harris*, 401 U.S. 37 (1971)..........................................22–23, 26–27, 31

**Statutes and Rules**

42 U.S.C. § 1983 ..........................................................................1, 5–6, 14, 21–23
Act of May 23, 2025, 89th Leg., R.S., ch. 1151, §§ 3–5 .........................................20
Fed. R. App. P. 25 .........................................................................................................32
Fed. R. App. P. 28(a)(5), 28(a)(8)(A) ........................................................................26
Fed. R. App. P. 32(a)(5)–(6), 32(f) ............................................................................33
Fed. R. Civ. P. 12 ...................................................................................................28, 30
Fed. R. Civ. P. 15 ...................................................................................................29–30
Fed. R. Civ. P. 59(e)........................................................................................18, 28, 30
Fed. R. Civ. P. 9 ..............................................................................................................6
First Administrative Judicial Region Rules 4.1, 6.1–6.2, 6.5–6.6...........................19
N.D. Tex. Civ. R. 7.1(e)–(f)..........................................................................................28
Tex. Const. art. V, §§ 1, 8, 11, 31 .........................................................7, 13, 17, 20
Tex. Gov't Code §§ 22.003(b), 22.004(a) ..................................................................20
Tex. Gov't Code §§ 72.011, 72.023, 72.026–.027 .......................................................8
Tex. Gov't Code §§ 74.004–.006, 74.021, 74.023, 74.041–.043, 74.046 .............7–8
Tex. Gov't Code §§ 74.050, 74.053, 74.055, 74.056, 74.059 ........................................................................ 1, 4, 7–8, 12, 16, 18–20
Tex. R. App. P. 52..........................................................................................................13
Tex. R. Jud. Admin. 12 .................................................................................................17
U.S. Const. amend. XI .....................................................................................................1
U.S. Const. amend. XIV ...............................................................................................16

## INTRODUCTION

The State's categorical defenses overlook the distinction between adjudication and administration. Count V seeks personal damages from Evans for his alleged administration of assignment notice before Randles's confinement—not for Catterton's contempt ruling. The FAC separately challenges ongoing assignment implementation, records, and conflict-disclosure practices attributable to officials with administrative duties. A timely, qualifying objection under Texas Government Code § 74.053(b) bars the assigned judge; Appellants allege denial of a meaningful opportunity to invoke that safeguard before proceedings affecting liberty or property. Opening Br. 32–33, 44–53; State Br. 8–18. These claims require reversal of the categorical dismissal and, where necessary, consideration of preserved targeted amendment. This reply concerns the nine State appellees; brief references use printed page numbers.

### I. Evans's alleged administrative notice omission is not absolutely immune, and Count V seeks personal damages

Count V pleads an individual-capacity damages claim against Evans for a completed deprivation of advance assignment notice and the opportunity to object. FAC ¶¶ 21, 200–202, 234–240; ROA.227, 279, 296–297. The State acknowledges the individual-capacity claim. State Br. 16. Under *Hafer v. Melo*, the Eleventh Amendment does not bar personal-capacity damages merely because the defendant

holds state office. *502 U.S. 21, 26, 31 (1991)*. The FCR instead stated that defendants had not acted individually and treated their challenged conduct collectively. ROA.699. Neither reasoning disposes of Count V; absolute and qualified immunity have distinct requirements.

**A. The notice implementation challenged in Count V is administrative, not adjudicative**

The FCR identified Evans's alleged failure to provide timely notice identifying Catterton's assigned status but invoked the district court's general family-law jurisdiction to classify all challenged acts as judicial. ROA.696–697. That classification conflates Catterton's adjudication with Evans's separate notice function. *Forrester v. White* denies absolute judicial immunity to administrative acts performed by judges; *Williams v. Wood* denies absolute immunity to routine entry and notification of orders. 484 U.S. 219, 227–30 (1988); 612 F.2d 982, 984–85 (5th Cir. 1980). Count V challenges Evans's alleged implementation of notice before confinement, not the choice of an assigned judge or the contempt decision. FAC ¶¶ 52, 200–202; ROA.235, 279. The pleaded notice omission is administrative for the functional-immunity inquiry. *Diaz v. Cantu*, 123 F.4th 736, 746–47 (5th Cir. 2024).

*Thomas v. City of Dallas* supplies the decisive functional comparison: the Fifth Circuit protected adjudicator Gaines but denied absolute immunity to

administrator Allen for her notice responsibilities. 175 F.3d 358, 362–65 (5th Cir. 1999). The same distinction defeats a categorical grant of judicial immunity for Evans's alleged administration of notice, even though his assignment decision may itself be judicial. *Davis v. Tarrant County* concerned judicial selection of appointed counsel; *Reule v. Jackson* concerned a judge's adjudicative vexatious-filing determination. 565 F.3d 214, 225–26 (5th Cir. 2009); 114 F.4th 360, 365–68 (5th Cir. 2024). Neither converts the separately pleaded notice function into adjudication. The absence-of-jurisdiction exception is independent; the FCR's general-jurisdiction premise cannot replace the functional inquiry. Opening Br. 50–53.

**B. The State has not established qualified immunity for the pleaded notice practice**

Evans bears the initial burden to establish that the challenged function fell within his discretionary authority before the burden shifts to Randles. *Diaz*, 123 F.4th at 747–50; *Rivera Castelan v. Taylor*, No. 25-50714, slip op. at 6–10 (5th Cir. Aug. 6, 2026). Evans's motion and the State's brief principally press absolute judicial immunity, without an independently developed qualified-immunity defense to this particular notice function. ROA.768–782; State Br. 16–18. The State should not obtain affirmance on an undeveloped defense. *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010).

*Brooks v. George County* denied qualified immunity for failure to perform a nondiscretionary statutory records duty. 84 F.3d 157, 164–65 (5th Cir. 1996). *Rivera* Castelan distinguished a duty imposed by statute on the magistrate rather than the defendant administrator. Slip op. at 10–11. Here § 74.053(a)(2) assigns a conditional notice duty to the regional presiding judge and § 74.059(a) separately identifies the assigned judge's powers. The notice obligation depends on reasonableness, practicability, and available time; § 74.053(f) permits email notice. Evans has not established discretionary authority by labeling the separate notice implementation as adjudication. FAC ¶¶ 21, 52, 200–202; ROA.227, 235, 279.

The FAC alleges that Evans maintained, authorized, or enforced practices allowing assigned judges to act before parties could receive timely identifying information or exercise a qualifying objection. FAC ¶¶ 21, 200–202, 240; ROA.227, 279, 297. The alleged omission preceded Randles's June 4–6, 2025 confinement and deprived him of the opportunity to invoke a safeguard that, if timely and applicable, would have barred Catterton from hearing his case. FAC ¶¶ 52, 201, 234–238; ROA.235, 279, 296. This allegation identifies Evans's personal administrative role and a completed procedural injury; it does not seek damages for Catterton's contempt ruling.

The FCR also rejected a federal violation and clearly established law by addressing whether the visiting-judge system itself was unconstitutional. ROA.699. That answers a different claim. Count V alleges the arbitrary loss of a usable objection opportunity before a deprivation of liberty. *Hicks v. Oklahoma* recognizes the due-process significance of a state-conferred adjudicative safeguard governing liberty, and *Mullane v. Central Hanover Bank & Trust Co.* requires notice reasonably calculated to permit meaningful action. 447 U.S. 343, 346 (1980); 339 U.S. 306, 314–15 (1950). Although a state-law violation alone does not establish § 1983 liability, the FAC alleges a distinct federal process injury, not simply a missing assignment form. FAC ¶¶ 200–202, 234–240; ROA.279, 296–297.

Randles also preserves the obvious-case route to clearly established law recognized in *Dilworth v. Tucker*, 179 F.4th 992, 996–97 & n.5 (5th Cir. 2026). FAC ¶¶ 201, 240 alleges at least reckless or callous indifference in maintaining a practice that eliminated a meaningful chance to object before confinement. ROA.279, 297. *Thomas* illustrates the judicial-versus-administrative notice divide; *Hicks* and *Mullane* predated the pleaded deprivation and supply the constitutional process principles. Whether this combination defeats qualified immunity cannot be

resolved by treating the notice practice as protected adjudication. Opening Br. 49–50, 52–53.

Nor could the FCR impose a generalized heightened pleading rule. *Anderson v. Valdez* rejects heightened Rule 9 pleading based merely on qualified immunity; *Schultea v. Wood* permits a tailored reply when that defense is properly raised. 845 F.3d 580, 589–90 (5th Cir. 2016); 47 F.3d 1427, 1433–34 (5th Cir. 1995) (en banc). The FCR expressly demanded heightened pleading. ROA.699. Appellants contested unasserted defenses and requested leave to specify Evans's personal implementation and when notice was practicable. ROA.807, 822–823, 826, 867. The court's collective immunity ruling cannot establish futility without addressing that preserved cure. ROA.702. Qualified immunity concerns Count V damages, not prospective official-capacity relief. *Eriakha*, slip op. at 18 n.51.

*Carey v. Piphus* permits nominal damages for denial of constitutionally required process even absent proof of a different substantive outcome. 435 U.S. 247, 266–67 (1978). Randles pleads nominal damages, compensatory damages for injury caused by the asserted deprivation, and punitive damages based on at least reckless or callous indifference. FAC ¶¶ 234–240; ROA.296–297. Each remedy has its own elements, but the absence of a guaranteed different contempt result

does not defeat the pleaded completed-process injury. The claim should not have been categorically dismissed on the State's judicial-immunity theory.

## II. The State's nonadversity theory does not defeat the pleaded administrative and prospective claims

### A. The challenged administrative functions differ from neutral adjudication

The State's nonadversity defense must address the conduct and relief pleaded. State Br. 8–10. Chapter 74 creates regional administrative and records duties; § 74.059(a) separately confers the receiving court's powers on an assigned judge. Tex. Gov't Code §§ 74.005, 74.041–.043, 74.046, 74.059(a); Tex. Const. art. V, §§ 1, 8, 31. *Werlein v. Calvert* distinguished regional presiding service from exercising judicial powers while assigned to a court. 460 S.W.2d 398, 401–02 (Tex. 1970). State law identifies the duties; federal law classifies the challenged function. *Diaz v. Cantu*, 123 F.4th 736, 746–50 (5th Cir. 2024).

*Whole Woman's Health v. Jackson* and *Bauer v. Texas* protect judges acting only as neutral adjudicators rather than adversaries enforcing challenged requirements. 595 U.S. 30, 39–40 (2021); 341 F.3d 352, 359–61 (5th Cir. 2003). *Reule v. Jackson* likewise treated a vexatious-filing determination as adjudication despite an administrative title. 114 F.4th at 365–68. But *Supreme Court of Virginia v. Consumers Union of the United States, Inc.* recognized a basis for prospective relief when an official possesses enforcement authority distinct from adjudication.

446 U.S. 719, 731–37 & n.16 (1980). The district court's categorical approach failed to distinguish neutral adjudication from the FAC's alleged implementation, notice, recordkeeping, and prospective conflict-screening practices. State Br. 8–10; Opening Br. 47–52.

**B. Blacklock's Chapter 74 implementation duties connect him to prospective relief**

The State overlooks Blacklock's pleaded administration of Chapter 74 through the Office of Court Administration (OCA). State Br. 10–11. The chief justice must ensure implementation of the Supreme Court's administrative responsibilities under Chapter 74. Tex. Gov't Code § 74.006. Section 74.021 assigns administrative control to that court; §§ 74.004 and 74.023(b) place OCA and its director under the chief justice. OCA implements administrative rules and assists regional judges, who must perform duties he assigns. Id. §§ 72.011(a), 72.023(b), 72.026–.027, 74.046(a)(8). Regional offices maintain records and staff. *Id*. §§ 74.043(a), 74.050.

The FAC alleges more than Blacklock's generalized duty to uphold the law. It connects his OCA implementation and nondisclosure decisions to missing assignment orders, withheld records, and absent advance notice and conflict safeguards despite alleged actual notice of those practices. FAC ¶¶ 155–158, 197; ROA.267, 278. *La Union del Pueblo Entero v. Nelson* requires an official-specific

connection rather than abstract supervisory responsibility. 163 F.4th 239, 263–75 (5th Cir. 2025). The pleaded implementation and nondisclosure conduct supplies the asserted link the State overlooks. State Br. 10–11; ROA.850–851, 862–863; Opening Br. 47–52.

The requested declarations address record access, identification of assigned judges, and conflict disclosure before anticipated proceedings, with alternatives limited to particular courts or cases. FAC ¶¶ 145–158, 225; ROA.264–267, 287–289. *Reule*'s OCA publication had not caused the challenged filing restrictions; the alleged administration here is pleaded as contributing to the deprivation. 114 F.4th at 367–68. Corrective administration would partly redress the alleged injuries without ordering reversal of a state judgment. *In re Justices of the Supreme Court of Puerto Rico* distinguished administrative responsibility from adjudication. 695 F.2d 17, 25–27 (1st Cir. 1982). This is the defendant-specific prospective theory missing from the State's analysis. State Br. 11.

### C. The State's nonadversity argument fails to account for each distinct injury and remedy

The State calls the FAC mere dissatisfaction with judicial decisions, but its claim-and-remedy analysis is incomplete. State Br. 2, 10–11. Appellants plead pending proceedings, advance administrative safeguards, and case-specific alternatives—not a federal appellate review of state judgments. FAC ¶¶ 145–156,

225–229; ROA.264–267, 287–294. *Town of Chester v. Laroe Estates, Inc.* requires standing for each claim and form of relief. *581 U.S. 433, 439 (2017)*. The following allegations show why the State's single judicial-nonadversity label cannot dispose of all four appellants' theories.

Randles alleges confinement before any filed or served written assignment identifying Catterton and before usable advance notice of his status. FAC ¶¶ 49, 52; ROA.234–235. The State's September 11 notice concerned Harris, not the Catterton service preceding June 4–6 confinement. ROA.235, 332, 366. The FAC pleads further hearings and targeted prospective safeguards; separately, Count V alleges a completed injury redressable through Evans's personal damages without any power to reverse Catterton's ruling. FAC ¶¶ 145–156, 200–202, 234–240; ROA.264–267, 279, 296–297. *Society of Separationists, Inc. v. Herman* distinguishes damages standing from prospective standing. *959 F.2d 1283, 1285, 1289 (5th Cir. 1992) (en banc)*.

Yan alleges Catterton acted November 6, 2024 without a produced assignment authorizing that service. FAC ¶¶ 83–85; ROA.245–247. The later order, dated January 9, 2025, purports to assign Catterton prospectively but was filed February 6; the request bears January 13. ROA.505, 507. The date discrepancy and absence of produced earlier authority support Yan's pleaded

authority-and-records claim, not a demand to reverse the underlying ruling. ROA.471–472; Opening Br. 49. He also alleges non-disposition of his February 11 objection and concrete costs from the challenged fee-waiver proceedings. FAC ¶¶ 83–94; ROA.245–249.

The State misreads FAC paragraph 102 as saying Evans recused. State Br. 11; ROA.251. Yan's declaration identifies Terry's recusal and the subsequent recusal of a judge of the receiving 360th Court; Evans allegedly continued directing regional assignments to Wells, Harris, and Wallace. ROA.472–473; FAC ¶¶ 104–105, 148, 151–156; ROA.252–253, 265–267. Transfer therefore did not terminate the prospective claim against Evans's regional administration or Blacklock's pleaded OCA administration.

As to Terry, the FAC alleges that assignment-request work occurred under her supervision and that related Terry–Evans communications remain unproduced. ROA.248, 472. Those allegations support the preserved claim concerning her connection to assignment information; if additional facts about present custody or control are needed for prospective relief, Appellants requested targeted amendment. ROA.867; Opening Br. 54, 58–62. The State's account of recusal does not itself adjudicate that distinct administrative-records theory.

Ross alleges distinct proceedings that the State improperly collapses. The March 13, 2023 assignment and notice naming counsel relate to Cause No. 18-E-0625 in the 23rd District Court; they do not establish authority or timely notice for Dean's separate August 28, 2023 service in DFPS Cause No. 23-F-0331 in the 130th District Court. ROA.430–431; FAC ¶¶ 56–58; ROA.236–237; State Br. 8–9. The FAC ties confinement and family-integrity interests to protected liberty, and alleges continued proceedings for which Brown's advance assignment and conflict-disclosure administration would provide prospective relief. FAC ¶¶ 109, 117–118, 146, 225(7), 229; ROA.254, 256, 264, 288–293. Ross's alleged late awareness is not the sole premise; the two assignments, resulting injuries, and official responsibilities are distinct.

Tuter alleges Wheless assigned Cooks after a recusal motion, provided notice at 9:29 a.m. on December 12, 2024, and that Tuter filed his first objection about 3:21 p.m. before the hearing commenced, without advance hearing notice. FAC ¶¶ 62–64, 191; ROA.238–239, 276. The pleading links the objection opportunity to protected property interests; Section III.C addresses § 74.053(c)'s precise timing rule. Wheless also allegedly knew before assigning Roach that Roach's spouse had mediated the same case for fees. FAC ¶¶ 59–66; ROA.237–239. Wheless's prospective assignment and conflict-screening duties—not a

request that he adjudicate the past recusal ruling—supply the asserted administrative connection. FAC ¶¶ 147, 151, 225, 229; ROA.264–266, 287–293.

Tuter also pleads a distinct impartial-tribunal injury: each party allegedly paid Laura Roach $1,400 for mediation in Tuter's case, and her husband later presided without disclosure despite allegedly knowing of those same-case payments and a claimed community-property interest. FAC ¶¶ 59–66, 107–108; ROA.237–239, 253–254. *Jimenez v. Guerrero* distinguished financial connections unconnected to a litigant's own case; these allegations concern same-case income. 133 F.4th 483, 493–95 (5th Cir. 2025). *Tumey v. Ohio*, *Aetna Life Insurance Co. v. Lavoie*, and *Caperton v. A.T. Massey Coal Co.* supply the federal impartiality framework. 273 U.S. 510, 523 (1927); 475 U.S. 813, 824–25 (1986); 556 U.S. 868, 876–87 (2009). The State's cited mandamus dispositions did not decide that federal theory. State Br. 9–10. The requested disclosures and Wheless's alleged administrative screening conduct must not be conflated with adjudication by Roach. FAC ¶¶ 225(8), 229(3)–(4); ROA.289, 293.

Catterton's alleged mediation business and use of judicial credentials in marketing support the requested advance conflict disclosures in Randles's and Yan's pending matters. FAC ¶¶ 49, 52, 83–85, 106, 225(5), 229(3); ROA.234–235, 245–247, 253, 288, 293. Harris's later assignments and alleged mediation

relationship with Yan's opposing counsel support the separately requested disclosure before renewed service. FAC ¶¶ 53, 105–106, 225(6), 229(3); ROA.235, 252–253, 288, 293. These prospective remedies are limited to advance authority, records, and conflict safeguards; none asks a federal court to decide the underlying family dispute.

*Lujan v. Defenders of Wildlife* recognizes that procedural relief protecting a concrete interest does not require proof that proper process would change the merits outcome. 504 U.S. 555, 572 n.7 (1992). The FAC pleads identified continuing proceedings, concrete liberty or property interests, and prospective administrative safeguards connected to responsible officials. FAC ¶¶ 145–156, 225–229; ROA.264–267, 287–294. That pleaded combination defeats the State's categorical equation of all requested relief with disagreement about judicial rulings, subject to the defendant- and remedy-specific inquiry required by Article III.

## III. The State's immunity defenses do not dispose of prospective federal relief

### A. The State’s consent argument does not answer the pleaded *Young* exception

Texas’s lack of consent does not defeat *Young*. The FAC invokes that exception, seeks prospective official-capacity relief, and disclaims retrospective official-capacity damages. FAC ¶ 15; ROA.226. *Verizon Maryland Inc. v. Public*

*Service Commission of Maryland* permits that inquiry without state waiver. 535 U.S. 635, 645–46 (2002). *Green Valley Special Utility District v. City of Schertz* likewise requires it despite absent consent or abrogation. 969 F.3d 460, 471–73 (5th Cir. 2020) (en banc). The FCR's operative analysis found neither consent nor abrogation but did not apply *Young* to the alleged continuing practices and connected officials. ROA.694–695.

The State's alternative argument invokes *Whole Woman's Health*'s neutral-judge limitation and § 1983's restriction on judicial injunctions. State Br. 16. Neither disposes of the FAC's differently pleaded administrative responsibilities or its requests for prospective declarations. The district court extended an adjudicatory classification to notice, records, and assignment implementation without a function-specific analysis. *Whole Woman's Health*, 595 U.S. at 39–40; Opening Br. 47–52. Section III.D addresses the separate statutory rule for injunctions.

*Young* does not establish the underlying federal violation, and officials without authority to give relief are not proper defendants. *Eriakha v. University of Mississippi* distinguished connected officials who could provide prospective relief from an official who neither initiated nor ratified the challenged action and could not redress it. No. 26-60007, slip op. at 9–11 (5th Cir. Sept. 9, 2026). The FAC

alleges particular implementation and record responsibilities of Blacklock, Evans, Brown, and Wheless; the State's sovereign-immunity argument does not resolve those pleaded connections. FAC ¶¶ 145–158, 197, 225; ROA.264–267, 278, 287–289.

**B. The State's notice defense does not answer Count II's challenge to judicial authority**

Count II challenges tribunal authority independently of advance notice. Randles alleges confinement before a produced written assignment authorizing Catterton; Yan challenges November 2024 acts predating a later order framed prospectively. ROA.233–235, 245–247, 507. The FAC ties the alleged absence of lawfully constituted adjudicative authority and Terry's alleged unauthorized delegation to protected liberty and property interests under the Fourteenth Amendment. FAC ¶¶ 166–174; ROA.270–272. At dismissal, well-pleaded allegations are taken as true. *Lee v. Verizon Communications, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016). Calling Catterton 'assigned' does not establish authorization for the specific challenged dates. State Br. 8–9.

Assignment authority is separate from the duty to communicate identity and status. Section 74.056 governs assignments; § 74.059(a) defines the assigned judge's powers; the order at ROA.507 defines its own court, case, duration, and scope and separately directs notification and posting. *In re State ex rel. Wice*

distinguishes the statutory assignment authority of retired, former, and senior judges from the constitutional authority of active elected judges. 668 S.W.3d 662, 674 (Tex. Crim. App. 2023). This status-specific structure defeats the State's assumption that the label 'assigned' proves authority for every earlier act.

Article V, § 11 imposes a separate selection sequence when a district judge is constitutionally disqualified: consent selection precedes appointment through prescribed law. Tuter alleges Roach's same-case financial interest, invoking that constitutional ground. FAC ¶¶ 59–63, 107–108; ROA.237–238, 253–254, 651–654. The State's general reliance on assignment practices does not displace a selection predicate that is triggered if the pleaded disqualification is established. Opening Br. 50–52.

The unproduced records reinforce this authority challenge. Randles requested Catterton's assignment orders from OCA and Evans; neither allegedly produced an order or filing location. FAC ¶¶ 125–126; ROA.258–259. Yan requested orders, requests, and communications under Texas Rule of Judicial Administration 12 and alleged nonproduction. FAC ¶¶ 94, 128; ROA.249, 259, 471–472. The State's description of Catterton's acts does not establish their authorization. State Br. 9.

Appellants preserved both theories. The renewed preliminary-injunction papers sought documented tribunal authority before further acts. ROA.302–303, 310, 321–322. The response challenged Terry's informal delegation and missing lawful authorization; Rule 59(e) renewed that objection. ROA.863–864, 921. Opening pages 47–52 presented tribunal authority and the objection opportunity separately. Remand should address both.

**C. The State's notice argument overlooks that a timely, qualifying objection bars the assigned judge**

Count III alleges loss of a meaningful opportunity to exercise a statutory objection before a tribunal affected liberty or property. FAC ¶¶ 52, 59, 185–193; ROA.235, 237, 275–277. Under § 74.053(b), a timely and qualifying objection bars the assigned judge; the presiding judge has no discretion to override that bar. *Hicks v. Oklahoma* protects against arbitrary loss of a state-created adjudicative safeguard affecting liberty, even when the ultimate outcome might have been the same. 447 U.S. 343, 346 (1980). *Mullane v. Central Hanover Bank & Trust Co.* requires constitutionally meaningful notice. 339 U.S. 306, 314 (1950). The FAC pleads a federal procedural deprivation connected to concrete interests, not an independent federal right to insist on every state-law formality. Opening Br. 49–53.

The statutory qualifications matter. Section 74.053(a)(1) requires identification of judicial status; (a)(2) requires notice to counsel when reasonable and practicable and time permits. Subsection (b) ordinarily permits each party in a civil case one objection; (d) removes that limit for an assigned judge or justice defeated in the last primary or general election in which that person sought the judicial office held; (e) excludes active judges; and (f) permits email notice and objections. FAC ¶ 39; ROA.230–231. Identity and status thus determine which objection right applies. First AJR Rules 4.1, 6.1–6.2, and 6.5–6.6 govern Wheless's Chapter 74 administration, status identification, and assigned powers under § 74.059(a).

Section 74.053(c) fixes the objection deadline at the earlier of seven days after actual notice or before commencement of the first hearing or trial, including pretrial hearings; a written good-cause motion may extend it. This is not an automatic seven-day grace period. Tuter alleges notice on the hearing day and filing before the hearing began; he contends his statutory objection was timely. FAC ¶¶ 62–64, 191; ROA.238–239, 276. His separate federal contention is that the compressed notice and hearing process arbitrarily prevented meaningful use of the statutory safeguard before adjudication of protected property interests. Opening Br. 44–45, 49–53.

Administrative rules cannot override the statute. Sections 22.003(b) and 22.004(a) limit inconsistent rulemaking and abridgment of substantive rights. *In re Geomet Recycling LLC* confirms that procedural rules cannot authorize action contrary to statute. 578 S.W.3d 82, 88 (Tex. 2019). The State's preference characterization does not answer the lost qualifying-objection opportunity. State Br. 8–9.

Advance identification permits examination of applicable conflicts. For assignments on or after September 1, 2025, § 74.055(c)(7) requires a retired or former judge to certify willingness not to hear a matter involving the judge's current or former client as a party during the assignment. Act of May 23, 2025, 89th Leg., R.S., ch. 1151, §§ 3–5. It does not govern earlier assignments. The alleged Catterton/Harris mediation businesses and Harris's relationship with opposing counsel support the separate financial-risk inquiry; counsel's client relationship alone does not satisfy the party-client restriction. FAC ¶¶ 40, 105–106, 187; ROA.231, 252–253, 275. Advance disclosure permits invocation of applicable statutory, Article V, § 11, and federal protections. Opening Br. 17–18, 49–50, 55–57.

*Mosley v. Texas Health & Human Services Commission* distinguished affirmative government misdirection that defeated judicial review from failure to

explain a legal remedy. 593 S.W.3d 250, 263–64 (Tex. 2019). Here the alleged omissions concern assignment identity, status, and records needed to act, not merely legal advice. FAC ¶¶ 49, 52, 62–64, 124–129, 186, 191; ROA.234–235, 238–239, 258–259, 275–276. *Mosley* supplies a limited lost-process analogy; *Hicks* and *Mullane* supply the federal connection to the pleaded deprivation.

*Pennhurst State School & Hospital v. Halderman* bars an injunction directing state officials to comply with state law as such. 465 U.S. 89, 106 (1984). Count II and Count III instead plead federal due-process injuries: authority to adjudicate protected interests and arbitrary loss of a meaningful opportunity to invoke a mandatory objection safeguard. ROA.267–279; Opening Br. 49–50. *Harrison v. Young* distinguishes federal due-process claims from barred state-law commands. 48 F.4th 331, 339 (5th Cir. 2022). State law defines the asserted official duties; federal law supplies the alleged constitutional injury. The State's *Pennhurst* objection thus does not justify dismissing the pleaded federal theories. State Br. 12; *Diaz*, 123 F.4th at 744 & n.5.

**D. Section 1983's injunction restriction does not dispose of prospective declarations**

Section 1983 restricts injunctions for acts or omissions in a judicial officer's judicial capacity unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983. Its text does not impose that same restriction on

declarations or classify conduct by title. Justiciability and each defendant's connection remain necessary. The FAC specifies prospective declarations concerning assignment authority, notice, conflict safeguards, and record access before future proceedings, with court-, county-, and case-specific alternatives. FAC ¶¶ 224–225; ROA.286–290, 293–294. The FCR invoked the injunction restriction without applying *Young* to those declarations and responsible officials. ROA.694–696.

*Machetta v. Moren* involved adjudicative acts, no pleaded statutory injunction exception, and an unspecified declaration subject to *Younger*. 726 F. App'x 219, 220 (5th Cir. 2018). *Arvie v. Cathedral of Faith Missionary Baptist Church* likewise involved no pleaded exception or specified prospective declaration; interference with state adjudication raised additional *Younger* and federal-mandamus concerns. No. 24-30759, slip op. at 11–12 (5th Cir. June 3, 2025). Here, the FAC identifies declarations concerning advance assignment authority, notice, conflict disclosure, and records access, with case-specific alternatives. FAC ¶¶ 224–225; ROA.286–290. The State's authorities do not transform those distinct requested declarations into prohibited judicial injunctions. State Br. 12, 16.

The FAC seeks prospective declarations first and preserves conditional injunctions only within the governing restrictions. FAC ¶¶ 224–229; ROA.286–294. Paragraph 226 further pleads that unreliable advance docketing and nondisclosure made declaratory relief practically unavailable before the assigned judge acted. ROA.291. Section 1983's exception for injunctions concerning judicial acts and the separate treatment of nonjudicial implementation must be applied to those pleaded remedies—not used to dismiss declarations categorically. FAC ¶¶ 124–129, 155, 197, 226–231; ROA.258–259, 267, 278, 291–295; Opening Br. 47–53.

*LaBranche* sought an order compelling a state judge to vacate conflicting summary judgments. *LaBranche v. Becnel*, 559 F. App’x 290, 291 (5th Cir. 2014); State Br. 11. The requested assignment, notice, records, and conflict safeguards address alleged due-process deprivations before future proceedings rather than vacating state judgments. FAC ¶¶ 155–158, 197, 225; ROA.267, 278, 287–289.

## IV. The State's *Middlesex* factors do not satisfy *Sprint*'s *Younger* threshold

*Younger* begins with *Sprint*’s three categories: ongoing criminal prosecutions, certain civil enforcement proceedings, and civil proceedings involving orders uniquely furthering state courts’ judicial functions. 571 U.S. at 78–82. *Middlesex*’s ongoing-case, important-interest, and adequate-opportunity

factors do not independently establish a category. Id. at 81–82; *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). *Google, Inc. v. Hood* follows that sequence. 822 F.3d 212, 222 (5th Cir. 2016). Although the FCR recited *Sprint*, its operative analysis directed visiting-judge questions generally to state court without connecting each proceeding and remedy to a qualifying category. ROA.686–687, 692–693, 913. State pages 18–22 repeat the factors without supplying those connections.

The State has not shown that every pending family matter and every requested prospective record or assignment safeguard falls within a *Sprint* category. *Moore v. Sims* involved child-abuse proceedings; it did not classify all private family disputes as civil enforcement. 442 U.S. 415, 419–23 (1979). *Sprint* identifies contempt in *Juidice v. Vail* and judgment enforcement in *Pennzoil Co. v. Texaco Inc.* as proceedings implicating unique judicial functions; *Daves v. Dallas County* addressed restructuring criminal bail proceedings. 430 U.S. 327 (1977); 481 U.S. 1 (1987); 64 F.4th 616, 625–31 (5th Cir. 2023) (en banc). A valid abstention analysis must identify the actual qualifying state mechanism and explain how a particular federal remedy interferes with it; the State's generic ongoing-case defense does neither. State Br. 18–22.

*DeSpain v. Johnston*'s discussion of state appellate exhaustion does not eliminate *Sprint*'s threshold. 731 F.2d 1171, 1177–78 (5th Cir. 1984); State Br. 20–21. A later state appeal does not itself place an ordinary private dispute within a qualifying category. Nor does contempt in one appellant's case establish interference by another appellant's requested records declaration. The FAC seeks information and safeguards before future assigned service, with alternatives limited to identified proceedings. FAC ¶¶ 145–156, 225–228; ROA.264–267, 287–294. State page 22 does not identify what qualifying mechanism each such declaration would obstruct. Opening pages 32 and 45 preserved this distinction for Wheless and the other judicial defendants.

Even for a qualifying proceeding, the adequate-opportunity factor concerns an actual opportunity through state procedures to present the federal claim. *Moore*, 442 U.S. at 425–26, 432; *Pennzoil*, 481 U.S. at 14–15. FAC ¶ 226 alleges undisclosed assignment authority and material conflicts deprived Appellants of meaningful prehearing review. ROA.291. The State's generalized reference to later appeals does not answer the alleged inability to obtain and act on necessary identifying information before the challenged exercises of authority. Appellants rely on that particular procedural obstruction, not a presumption that every adverse state ruling makes state remedies inadequate.

Independently, *Deakins v. Monaghan* forbids dismissal of an otherwise viable damages claim subject to *Younger* when the requested damages cannot be awarded in the ongoing state proceeding; the federal court must stay that claim. 484 U.S. 193, 202–03 (1988). Count V seeks personal damages from Evans for a completed injury. FAC ¶¶ 200–202, 234–240; ROA.279, 296–297. The State's request for blanket dismissal does not address the mandatory stay alternative if abstention otherwise applies. State Br. 22; Opening Br. 67–68.

## V. Preservation, procedural prejudice, and amendment independently support remand

### A. The opening brief preserved these distinct grounds for reversal

The State conflates the appellate issue with the doctrines supporting it. Rule 28(a)(5) requires an issue statement; Rule 28(a)(8)(A) requires supporting contentions, reasons, authorities, and record citations. Issue 1 attacked the proxy dismissal of "every claim against every defendant." Opening Br. 12. The FCR's standing, *Younger*, sovereign-immunity, judicial-immunity, qualified-immunity, and futility grounds supported that disposition. ROA.690–702. The opening brief contested their application to distinct claims, defendants, functions, capacities, and remedies. Opening Br. 25–33, 43–56, 58–62. A preserved issue encompasses supporting arguments fairly within its scope. *Kamen v. Kemper Fin. Servs., Inc.*,

500 U.S. 90, 99 (1991); *Yee v. City of Escondido*, 503 U.S. 519, 534–35 (1992); *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 379 (1995).

The State's "wholly silent" premise ignores the opening brief's *Ex parte Young* and *La Union* analysis of administrative responsibility, *Forrester* and *Reule* functional-immunity analysis, and *Sprint* threshold challenge to *Younger*. Opening Br. 32–33, 44–45, 47–53; State Br. 13–19. *Quintanilla* distinguished a substantively unrelated new issue from *Balentine*'s meaningfully related and developed arguments. 114 F.4th 453, 463–64 (5th Cir. 2024). This appeal presents the latter: no new claim or reversal of position. *Megalomedia* likewise recognizes enlargements of existing arguments while rejecting a changed litigating position. *Megalomedia Inc. v. Phila. Indem. Ins. Co.*, No. 23-20570, slip op. at 17 n.17 (5th Cir. Sept. 14, 2026). Reserving defenses "not decided below" did not relinquish challenges to FCR grounds expressly decided. Opening Br. 20, 53. The State's abandonment claim fails.

**B. Extending Wheless's motion to different claims prejudiced Appellants**

*Taylor v. Acxiom Corp.* found no prejudice from extending dismissal to defendants facing the same allegations. 612 F.3d 325, 340 (5th Cir. 2010). This case involves different claims: Blacklock's alleged OCA implementation, Evans's personal notice liability, Brown's assignment responsibilities, and Tuter's same-

case financial-conflict theory. Opening Br. 25–31. The FCR extended common sovereign-immunity, adjudicatory-classification, and heightened-pleading premises across those distinct claims and held amendment futile. ROA.694–702, 913. The State has not shown a valid, fully briefed common ground supporting that collective disposition. State Br. 23–24.

The February 5 order required all-defendant responses by February 12. ROA.577–578. Plaintiffs sought until February 25 because Tuter was preparing for his February 16 trial; the court denied the extension February 10. ROA.580, 589. Rule 12(a)(1)(C) and (a)(4) govern responsive pleadings, not motion memoranda. Local Rule 7.1(e)–(f) supplies the latter deadlines. Schedule discretion does not itself answer the claimed prejudice. State Br. 23–24.

The State emphasizes that all motions, responses, and objections preceded the final decision; the adoption order says it reviewed the objections. State Br. 24–25; ROA.913. Yet it retained the challenged premises, granted Wheless's motion, and denied six later motions as moot without identifying Roach's ECF No. 25. ROA.702, 913. The objections requested leave to add personal-responsibility and qualified-immunity detail and supplemental briefing. ROA.823, 826, 867. Filing those papers did not provide the requested amendment opportunity; Rule 59(e) denial kept the action closed. ROA.940–943.

**C. The dismissal's legal errors cannot establish that targeted amendment is futile**

Without conceding a FAC deficiency, Appellants identified specific amendments: additional facts about Blacklock's OCA implementation and redressability; Evans's personal administration of notice, practicability, and Randles's damages; and each official's present responsibility for recurring prospective injuries. ROA.823, 826, 850–851, 860–867; Opening Br. 53, 58–62. *Carver v. Atwood* recognizes amendment to address capacity or the proper defendant where supported by the facts. 18 F.4th 494, 498–99 (5th Cir. 2021). The FCR's categorical futility conclusion did not address whether those particular cures could state viable claims. State Br. 25; ROA.702.

The January 9 FAC preceded Wheless's motion and the FCR. ROA.219, 577, 684. *Association of American Physicians & Surgeons Educational Foundation v. American Board of Internal Medicine* recognizes the importance of considering amendment after briefing and a ruling identify pleading defects. 103 F.4th 383, 394–95 (5th Cir. 2024). Compliance with the compressed response order did not withdraw Appellants' subsequent amendment requests. ROA.823, 826, 867; Opening Br. 59–60.

Rule 15 governs the request to reopen for amendment. *Calhoun v. Collier*, 78 F.4th 846, 853–55 (5th Cir. 2023); *Farmers Tex. Cnty. Mut. Ins. Co. v. 1st*

*Choice Accident & Inj., L.L.C.*, 168 F.4th 271, 276–80 (5th Cir. 2026). Appellants sought leave before judgment and renewed it afterward. ROA.823, 826, 867, 940–941. Dismissal without prejudice closed this action. ROA.914. *Farmers* permits affirmance on an ample and obvious Rule 15 ground despite the wrong standard. The FCR's general efficiency and delay references did not evaluate these identified cures. ROA.702.

A futility ruling dependent on Rule 12(b)(6) legal conclusions is reviewed de novo, while non-futility Rule 15 grounds ordinarily receive abuse-of-discretion review. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). Rule 59(e)'s underlying legal decisions retain their applicable review. *Bruckner Truck Sales, Inc. v. Guzman*, 148 F.4th 341, 344 (5th Cir. 2025); Opening Br. 66. Once the district court's *Young*, functional-immunity, and *Sprint* premises are corrected, generalized efficiency concerns cannot sustain its failure to assess the identified amendments. ROA.694–702. Unresolved alternative grounds may be addressed in the first instance on remand. *Rutila v. United States Department of Transportation*, 12 F.4th 509, 511 n.3 (5th Cir. 2021); Opening Br. 53–58, 67.

## CONCLUSION

The Court should vacate the judgment and Rule 59(e) denial as to the nine State appellees and remand: Randles's claims against Blacklock, Evans, Catterton,

and Harris; Ross's against Blacklock, Brown, and Dean; Tuter's against Blacklock, Wheless, and Roach; and Yan's against Blacklock, Evans, Terry, Catterton, and Harris. Opening Br. 67; ROA.267–279. Count V's personal damages claim against Evans, in particular, cannot be disposed of by treating his alleged administrative notice conduct as Catterton's adjudication.

Counts I–III preserve their federal impartial-tribunal, lawful-authority, and meaningful-objection theories and the related prospective official-capacity declarations, subject to the distinct restrictions governing any conditional injunction. Count IV is the requested declaratory vehicle against Blacklock, Evans, Brown, and Wheless, not a freestanding substantive claim. Count V seeks compensatory, nominal, and punitive damages against Evans personally. FAC ¶¶ 200–202, 224–240; ROA.279, 286–297.

The requested remand includes primary regional-practice relief, narrower district-, county-, and case-specific alternatives, appropriate individual-capacity damages, taxable costs, and conditional attorney's fees if counsel is retained and statutory requirements are satisfied. ROA.287–300. The Court should permit targeted amendment for any curable pleading defect and, if *Younger* applies to an otherwise viable damages claim that the state court cannot resolve, order a stay rather than dismissal.

## CERTIFICATE OF SERVICE

I certify that on October 20, 2026, a true and correct copy of this brief was served on all counsel of record and any unrepresented parties required to be served under Federal Rule of Appellate Procedure 25.

Method of service: email

*/s/ Conghua Yan*
Conghua Yan

## CERTIFICATE OF COMPLIANCE

This brief contains 6,211 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f), and complies with the 6,500-word limit in the Court's October 9, 2026 order.

This brief complies with the typeface and type-style requirements of Rules 32(a)(5) and 32(a)(6) because it uses a proportionally spaced 14-point Times New Roman typeface.

*_/s/ Conghua Yan_*
Conghua Yan