U.S. COURT OF APPEALS
RECEIVED
Oct 21, 2026
FIFTH CIRCUIT

**No. 26-10606**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

Samuel Randles; Patrick Wayne Tuter; Conghua Yan; Kaitlan Ross,
*Plaintiffs-Appellants*

v.

Jimmy Blacklock, in his official capacity as Chief Justice of the Supreme Court of Texas; David L. Evans, in his official and individual capacities as the statutory Presiding Judge of the Eighth Administrative Judicial Region; Susan Brown, in her official capacity as Presiding Judge of the Eleventh Administrative Judicial Region; Ray Wheless, in his official capacity as Presiding Judge of the First Administrative Judicial Region; Crawford R. Randy Catterton, William Wren Bill Harris, Sherill Youngberg Dean, and Kim Cooks, in their official capacities as retired judges sitting by assignment; John Roach, Jr., in his official capacity as Presiding Judge; Cynthia Favila Terry, in her official capacity as Presiding Judge of the 325th District Court and in her individual capacity; Lisa Grimaldi, in her official capacity as Court Coordinator and, to the extent permitted by law, in her individual capacity; Kirk Moss, in his individual capacity; Tom Wilder, in his official and individual capacities as District Clerk of Tarrant County; and Tarrant County, Texas,
*Defendants-Appellees*

On Appeal from the United States District Court for the Northern District of Texas
Fort Worth Division, Civil Action No. 4:25-cv-01422-O-BP

**REPLY BRIEF OF APPELLANT CONGHUA YAN
IN RESPONSE TO MOSS, GRIMALDI, AND WILDER**

Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, TX 76092
(214) 228-1886
arnold200@gmail.com

## CERTIFICATE OF INTERESTED PERSONS

The undersigned pro se Appellant Conghua Yan identifies the following persons and entities for evaluation of possible disqualification or recusal.

Plaintiffs-Appellants: Samuel Randles; Patrick Wayne Tuter; Conghua Yan; and Kaitlan Ross.

Defendants-Appellees: Jimmy Blacklock; David L. Evans; Susan Brown; Ray Wheless; Crawford R. Randy Catterton; William Wren Bill Harris; Sherill Youngberg Dean; Kim Cooks; John Roach, Jr.; Cynthia Favila Terry; Lisa Grimaldi; Kirk Moss; Tom Wilder; and Tarrant County, Texas, in the capacities stated in the Court's caption.

Lower court: United States District Court for the Northern District of Texas, Fort Worth Division; Chief District Judge Reed O'Connor; and Magistrate Judge Hal R. Ray, Jr.

Counsel and organizations: Scot Macdonald Graydon, Office of the Attorney General of Texas; Katherine E. Owens and Craig Manning Price, Tarrant County Criminal District Attorney's Office.

/s/ Conghua Yan
Conghua Yan
Pro se, for himself

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................................ 2

TABLE OF CONTENTS ........................................................ 3

TABLE OF AUTHORITIES ........................................................ 5

Cases ........................................................ 5

Statutes and Rules ........................................................ 7

INTRODUCTION ........................................................ 8

I. Wheless's assignment defenses do not justify dismissing Yan's distinct claims. . 8

II. Damages can redress the notice injury without reversing the indigency order. . 10

III. Official titles alone cannot establish immunity. ........................................ 15

A. Invoking qualified immunity does not establish discretionary authority. ...... 15

B. Wilder's immunity defenses do not answer his alleged clerk practices. ........ 16

C. Permission to contest indigency does not answer Moss's alleged joint participation. ........................................................ 19

D. Grimaldi identifies no judicial command covering the alleged notice failures. ........................................................ 21

IV. Prospective relief targets defendants' practices, not reversal of rulings. .......... 22

V. *Rooker-Feldman* and *Younger* do not justify the dismissal entered. ................. 25

VI. Appellees' defenses overlook the unequal treatment, obstruction, and retaliation alleged. ........ 28

A. Unequal charges for identical records supply the comparator appellees overlook. ........ 28

B. Count VII alleges lost appellate review and preserves a targeted cure. ........ 29

C. Authority to contest indigency does not authorize retaliation for appellate activity. ........ 30

VII. The County's policy, policymaker, and causation require separate analysis. ........ 31

VIII. Dismissal errors cannot establish that amendment is futile. ........ 34

CONCLUSION ........ 37

CERTIFICATE OF SERVICE ........ 38

CERTIFICATE OF COMPLIANCE ........ 39

## TABLE OF AUTHORITIES

### Cases

*Anderson v. Valdez*, 845 F.3d 580 (5th Cir. 2016) ....................16
*Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993) ....................20, 21
*Arnone v. Cnty. of Dallas*, 29 F.4th 262 (5th Cir. 2022) ....................32
*Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994) ....................10
*Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383 (5th Cir. 2024) ....................9, 34
*Book People, Inc. v. Wong*, 91 F.4th 318 (5th Cir. 2024) ....................23
*Bowlby v. City of Aberdeen*, 681 F.3d 215 (5th Cir. 2012) ....................13, 18
*Brooks v. George Cnty.*, 84 F.3d 157 (5th Cir. 1996) ....................18
*Bruckner Truck Sales, Inc. v. Guzman*, 148 F.4th 341 (5th Cir. 2025) ....................36
*Burns v. Reed*, 500 U.S. 478 (1991) ....................21
*Calhoun v. Collier*, 78 F.4th 846 (5th Cir. 2023) ....................35
*Campbell v. Wilder*, 487 S.W.3d 146 (Tex. 2016) ....................17, 23, 33
*Carey v. Piphus*, 435 U.S. 247 (1978) ....................13, 14
*Charles v. Atkinson*, 826 F.3d 841 (5th Cir. 2016) ....................32
*Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309 (5th Cir. 2019) ....................15
*Christopher v. Harbury*, 536 U.S. 403 (2002) ....................29, 30
*Clay v. Allen*, 242 F.3d 679 (5th Cir. 2001) ....................17
*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) ....................10, 18
*Crowley v. Bannister*, 734 F.3d 967 (9th Cir. 2013) ....................32
*Dallas Cnty. v. Halsey*, 87 S.W.3d 552 (Tex. 2002) ....................20
*Daves v. Dallas Cnty.*, 64 F.4th 616 (5th Cir. 2023) (en banc) ....................27
*Davis v. Tarrant Cnty.*, 565 F.3d 214 (5th Cir. 2009) ....................21, 24, 33
*Davis v. Warren*, No. 24-40599 (5th Cir. Apr. 21, 2026) ....................34, 35
*Deakins v. Monaghan*, 484 U.S. 193 (1988) ....................27
*Dennis v. Sparks*, 449 U.S. 24 (1980) ....................20
*Diggles v. Surratt*, No. 4:23-cv-78, 2023 WL 6963666 (S.D. Tex. Oct. 20, 2023) ....................20
*English v. Crochet*, 154 F.4th 369 (5th Cir. 2025) ....................25
*Ex parte Young*, 209 U.S. 123 (1908) ....................22, 25
*Farmers Tex. Cnty. Mut. Ins. Co. v. 1st Choice Accident & Inj., L.L.C.*, 168 F.4th 271 (5th Cir. 2026) ....................35

*Forrester v. White*, 484 U.S. 219 (1988) ....................................................21
*Groden v. City of Dallas*, 826 F.3d 280 (5th Cir. 2016) ..................................33, 34
*Hafer v. Melo*, 502 U.S. 21 (1991) ....................................................16
*Hope v. Pelzer*, 536 U.S. 730 (2002) ....................................................15
*Jennings v. Stephens*, 574 U.S. 271 (2015) ....................................................10
*Johnson v. Tarrant Cnty.*, No. 4:24-cv-686-O, 2025 WL 438366 (N.D. Tex. Feb. 7, 2025), aff'd, No. 25-10540, slip op. at 1 (5th Cir. Aug. 21, 2026) (per curiam) (unpublished) ....................................................35
*Jones v. Flowers*, 547 U.S. 220 (2006) ..................................11, 16, 22
*Juidice v. Vail*, 430 U.S. 327 (1977) ....................................................27
*Keenan v. Tejeda*, 290 F.3d 252 (5th Cir. 2002) ..................................30, 31
*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) ....................................................32
*Mathews v. Eldridge*, 424 U.S. 319 (1976) ..................................11, 23
*Meadours v. Ermel*, 483 F.3d 417 (5th Cir. 2007) ....................................................15
*Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950) ....................11, 16
*Paterson v. Weinberger*, 644 F.2d 521 (5th Cir. 1981) ....................................................11
*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) ....................23
*Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987) ....................................................27
*Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988) ....................................................13
*Perniciaro v. Lea*, 901 F.3d 241 (5th Cir. 2018) ....................................................19
*Reule v. Jackson*, 114 F.4th 360 (5th Cir. 2024) ....................................................14
*Rivera Castelan v. Taylor*, No. 25-50714 (5th Cir. Aug. 6, 2026) ....................18
*Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir. 1996) ....................................................31
*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc) ....................................................16
*Severin v. Par. of Jefferson*, 357 F. App'x 601 (5th Cir. 2009) ....................20, 21
*Skinner v. Switzer*, 562 U.S. 521 (2011) ....................................................26
*Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673 (5th Cir. 2007) ............11
*Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013) ..................................26, 27
*Sweetin v. City of Tex. City*, 48 F.4th 387 (5th Cir. 2022) ....................................................15
*T. M. v. Univ. of Md. Med. Sys. Corp.*, No. 25-197 (U.S. June 18, 2026) ............26
*Taylor v. Acxiom Corp.*, 612 F.3d 325 (5th Cir. 2010) ....................................................8
*Taylor v. Riojas*, 592 U.S. 7 (2020) ....................................................15
*Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586 (5th Cir. 2016) ............................35
*Thomas v. City of Dallas*, 175 F.3d 358 (5th Cir. 1999) ..................................16, 22

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) .............................................14
*Truong v. Bank of Am., N.A.*, 717 F.3d 377 (5th Cir. 2013) ............................26, 30
*United States v. Scroggins*, 599 F.3d 433 (5th Cir. 2010) ...............................17, 21
*Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021) ................................................13
*Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000) .............................................28
*Waller v. Hanlon*, 922 F.3d 590 (5th Cir. 2019) .............................................29, 30
*Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021) .......................................24
*Wilder v. Merritt*, No. 02-16-00477-CV (Tex. App.—Fort Worth Nov. 16, 2017, pet. denied) (mem. op.) .......................................................................17
*Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005) ...................................12, 18, 33
*Wyatt v. Cole*, 504 U.S. 158 (1992) .....................................................................19
*Yan v. Texas*, No. 25-10752, 2026 WL 2447137 (5th Cir. Aug. 20, 2026) (unpublished) ......................................................................................34
*Zinermon v. Burch*, 494 U.S. 113 (1990) ...............................................................12

**Statutes and Rules**

42 U.S.C. § 1983 .............................................................................27, 32
42 U.S.C. § 1988 ...................................................................................14
Fed. R. Civ. P. 12 ............................................................................11, 35
Fed. R. Civ. P. 15 ............................................................................35, 37
Fed. R. Civ. P. 59(e) ...........................................................8, 32, 35, 36
Fed. R. Civ. P. 7(b)(1)(B) .......................................................................35
Fed. R. Civ. P. 8 .....................................................................................16
Fed. R. Evid. 201(b) ................................................................................11
5th Cir. R. 47.5.4 ....................................................................................34
N.D. Tex. Civ. R. 15.1 .............................................................................35
Tex. Att’y Gen. Op. No. GA-0164 (2004) ...............................................19
Tex. Gov’t Code § 52.047 ........................................................................19
Tex. Gov’t Code § 52.051(a) ...................................................................19
Tex. Loc. Gov’t Code §§ 203.001, 203.002, 203.005 ..............................32
Tex. R. Civ. P. 145 ......................................... 10–12, 14, 18–20, 23, 24, 27, 30, 33
Tex. R. Civ. P. 21a(e) ..............................................................................11

## INTRODUCTION

The Court should vacate the dismissal and remand. Wilder, Grimaldi, and Moss characterize their functions as presenting indigency evidence, scheduling a hearing, and contesting indigency. The complaint alleges that Wilder maintained preferential processing, Grimaldi failed to correct an unreadable hearing date, and Moss knowingly used that process. Count VI alleges that they helped withdraw an existing cost exemption without meaningful notice and an opportunity to be heard. Count VII alleges that they also obstructed appellate review and retaliated against Yan for seeking it. A later indigency ruling answers neither the completed notice injury nor the alleged retaliatory conduct. First Amended Complaint ("FAC") ¶¶ 71–75, 203–223; ROA.241–243, 280–286; Opening Br. 32–43.

### I. Wheless's assignment defenses do not justify dismissing Yan's distinct claims.

The judgment's collective disposition did not establish common grounds. Appellees compare their motions with Wheless's, but the order granted Wheless's ECF No. 15, denied Wilder's and Moss's motions as moot, and did not identify Grimaldi's ECF No. 48. Wilder Br. 8; Grimaldi Br. 9; Moss Br. 8; ROA.913. Finality does not establish correct merits analysis; the Rule 59 denial supplied no additional rationale. ROA.940–943.

*Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010), permitted extension where the same allegations supplied a common basis and no prejudice

resulted. Yan's objections distinguished clerk practices, defective notice, and knowing participation from Wheless's assignments. ROA.820–823, 874–888. Moss compares his motion with the expanded findings, conclusions, and recommendation ("FCR"), not Wheless's brief, which supplied no Moss-specific qualified-immunity analysis. Moss Br. 8; ROA.567–576, 684–703. That comparison assumes the extension Yan challenges.

The February 5 order required a response for every defendant by February 12; the requested extension to February 25 was denied, and the FCR issued February 18. ROA.577–580, 589, 684. Yan filed objections before adoption, and the order states that the court reviewed them. ROA.820–823, 874–888, 913. The objections distinguished the functions and requested targeted briefing and amendment; adoption of the collective analysis did not supply the requested opportunity to cure. ROA.702, 823, 826, 867; Opening Br. 25–31.

Unresolved defenses needing first-instance treatment should return to the district court. *Association of American Physicians & Surgeons Educational Foundation v. American Board of Internal Medicine*, 103 F.4th 383, 393–94 (5th Cir. 2024), followed that course for state action despite substantial appellate briefing; Moss's joint-participation issue warrants it. Opening Br. 62–66. Alternative affirmance also cannot enlarge the expressly without-prejudice

judgment absent a cross-appeal. *Jennings v. Stephens*, 574 U.S. 271, 276–77 (2015); *Arvie v. Broussard*, 42 F.3d 249, 250–51 (5th Cir. 1994); ROA.914.

Wilder's added judicial-immunity theory and Grimaldi's new assignment-based standing and *Rooker-Feldman* applications do not substitute for that analysis. Wilder Br. 15; Grimaldi Br. 12, 15; ROA.720–722, 759–762.

## II. Damages can redress the notice injury without reversing the indigency order.

Personal damages redress the alleged denial of a meaningful hearing even though defendants cannot reverse the judge's indigency decision. Wilder Br. 9–11; Grimaldi Br. 10–13; Moss Br. 9–12. FAC ¶¶ 211–213 allege withdrawal of existing Texas Rule of Civil Procedure 145 protection without adequate notice or an opportunity to be heard and seek damages from these defendants personally. ROA.283; Opening Br. 32, 41–43. No future proceeding is needed to adjudicate that completed injury.

Yan alleges that the cost exemption and ordinary court services attached to his May 1, 2024 Statement and remained when the November 6 hearing began. FAC ¶¶ 67–68, 83; ROA.239–240, 245–246. Rule 145(c)(3), then in force, required ordinary services upon filing; subsection (a) included copy fees, and (f)(2) conditioned payment on ability to afford costs. Opening Br. 34, 37–38. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541 (1985), distinguishes the state-created entitlement from the process required for its deprivation. State law

identifies the benefit; federal due process governs its withdrawal without constitutionalizing every procedural detail.

The October 28 service date and November 6 hearing allowed nine days, less than Rule 145(f)(1)'s ten-day requirement. ROA.496–497; FAC ¶ 73; ROA.242. Yan also alleges that his partial notice bore an unreadable handwritten hearing date; Grimaldi knew and supplied no corrected setting after his November 5 request. FAC ¶¶ 71–75; ROA.241–243. Neither Texas Rule of Civil Procedure 21a(e)'s transmission presumption nor judicial notice resolves that pleaded unreadability. Rule 12(b)(6) and facial jurisdictional review favor reasonable inferences for Yan; resolving contrary outside evidence on the merits implicates Rule 12(d). *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); Fed. R. Evid. 201(b).

Due process required usable notice. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950), requires notice reasonably conveying the necessary information and time to appear. *Jones v. Flowers*, 547 U.S. 220, 230–34 (2006), requires reasonable additional steps when the State knows notice failed and practicable correction remains. Yan's request for the missing setting was not an admission that he knew it. Grimaldi Br. 19. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), required weighing the existing benefit, the risk of withdrawal in Yan's

absence, and practicable timely, readable notice. Because Rule 145(f)(1) put the evidentiary burden on Yan, usable notice would have allowed him to present his evidence. FAC ¶¶ 73–75; ROA.242–243. Appellees do not analyze those factors.

The alleged notice practice was not necessarily a random, unauthorized deprivation. *Zinermon v. Burch*, 494 U.S. 113, 135–39 (1990), addresses predictable deprivation where advance safeguards are feasible; *Woodard v. Andrus*, 419 F.3d 348, 353–54 (5th Cir. 2005), applies that distinction to a maintained clerk fee practice. Staff allegedly generated the notice, received Yan's clarification request, and left the date uncorrected, linked to Wilder's recurring practices. FAC ¶¶ 71–75, 205–210; ROA.241–243, 281–283.

Rule 145's initiation routes did not dispense with notice. Moss calls his contest sworn, but ROA.496 supplies no sworn factual showing. Moss Br. 7 n.3, 15. The 2021 amendment subjected reporters to the same sworn-evidence requirement. Wilder instead invokes the court's own initiative under subsection (e)(2); subsection (f)'s hearing safeguards applied before ordering payment under either route. Wilder Br. 16 n.4, 18.

The court's independent authority also did not establish that a separate inquiry displaced Moss's contest. The January 13 findings identify his October 28 contest and November 6 hearing. ROA.511. The FAC alleges Turner accepted that contest for the clerk's office under the practice Wilder maintained. FAC ¶¶ 69,

207; ROA.240, 281. Those findings do not sever that alleged contribution. Opening Br. 41–43.

Later findings did not supply the participation already denied. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 221–22, 227 (5th Cir. 2012), recognized a completed procedural injury despite later review; rejection of its equal-protection theory did not defeat due process. *Bowlby* involved already-issued business permits revoked without advance notice or an opportunity to respond. Yan similarly alleges withdrawal of an existing exemption after a hearing he could not meaningfully attend; possible restoration on review does not supply the process previously denied. FAC ¶¶ 67–75, 211; ROA.239–243, 283. The January 6, 2025 appellate order vacated the original order for missing findings; the January 13 findings referred back to November's hearing and nonappearance. ROA.529–531, 510–512. Moss's assertion that Yan could not controvert financial evidence cites notice allegations, not an admission. Moss Br. 17; ROA.242. *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978), and *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84–87 (1988), reject making the procedural right depend on the underlying defense's merits.

Nominal damages independently redress a completed procedural injury without proof of a different indigency outcome. *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291–92 (2021). Compensatory damages require actual loss caused by the

deprivation. FAC ¶ 212 identifies required costs and fees, related financial pressure, and anxiety, sleeplessness, and emotional distress attributed to the challenged deprivation. ROA.283. *Carey* permits compensation for distress caused by denial of process but requires proof of that injury; it does not presume distress or make every consequence of an adverse ruling compensable. 435 U.S. at 263–67. FAC ¶¶ 213 and 223 seek both remedies from Wilder, Grimaldi, and Moss personally and from the County, plus legally available punitive damages against the individuals. ROA.283, 286.

Traceability does not require proximate causation or that a defendant be the final actor. *Reule v. Jackson*, 114 F.4th 360, 367 & n.3 (5th Cir. 2024). FAC ¶¶ 205–213 connect each defendant's conduct to the denied participation. ROA.281–283. Standing must be assessed by claim and remedy. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

The conditional-fees objection does not defeat those claims. Grimaldi Br. 20; Moss Br. 20. FAC ¶ 244 disclaims fees for Yan's own pro se time and currently seeks only taxable costs, preserving § 1988 fees if counsel is later retained and Yan prevails. ROA.299. That reservation does not require a present fee award.

Moss's future-contact argument does not answer his personal liability for completed conduct. Moss Br. 11–12. The Rule 145 injunction he cites names

Wilder and the County, while FAC ¶¶ 213 and 223 seek damages from Moss personally. ROA.283, 286, 293.

## III. Official titles alone cannot establish immunity.

### A. Invoking qualified immunity does not establish discretionary authority.

Appellees invoke qualified immunity without establishing discretionary authority over the challenged notice, filing, service, and records functions. Wilder Br. 15; Grimaldi Br. 16; Moss Br. 14. That threshold burden is theirs. *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 318–19 (5th Cir. 2019); *Sweetin v. City of Tex. City*, 48 F.4th 387, 392 (5th Cir. 2022). *Meadours v. Ermel*, 483 F.3d 417, 421–22 & n.3 (5th Cir. 2007), permits shared analysis for materially indistinguishable acts, not merely related offices.

Even if appellees establish that authority, the absence of a similar case does not establish immunity. Wilder Br. 16–17; Grimaldi Br. 17; Moss Br. 15. Yan must show a violation of clearly established federal law, but novel conduct can meet that standard when existing precedent makes its unlawfulness obvious. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002); *Taylor v. Riojas*, 592 U.S. 7, 8–9 (2020).

The right asserted is the right to usable notice before an existing cost exemption is withdrawn at a hearing: persons administering that process may not knowingly use a notice that fails to communicate the setting and leave a known, practicably correctable failure unaddressed. FAC ¶¶ 71–75, 204–211; ROA.241–

243, 280–283. *Mullane*, 339 U.S. at 314–15; *Jones*, 547 U.S. at 230–34; *Thomas v. City of Dallas*, 175 F.3d 358, 364–65 (5th Cir. 1999). Those precedents must be applied to each defendant's own alleged knowledge and participation.

The FCR required heightened complaint pleading and expressly found no constitutional violation or clearly established right. ROA.699. *Anderson v. Valdez*, 845 F.3d 580, 589–90 (5th Cir. 2016), requires ordinary Rule 8 plausibility review before a tailored reply under *Schultea v. Wood*, 47 F.3d 1427, 1433–34 (5th Cir. 1995) (en banc). Those alternative conclusions require application to Count VI's notice allegations and the distinct theories in Section VI; the FCR's visiting-judge discussion does not supply that application. Opening Br. 43, 53.

**B. Wilder's immunity defenses do not answer his alleged clerk practices.**

Sovereign immunity does not bar damages from Wilder personally. *Hafer v. Melo*, 502 U.S. 21, 25–31 (1991), distinguishes the capacity sued from the official character of the conduct. Counts VI and VII expressly request personal damages. FAC ¶¶ 213, 223; ROA.283, 286. Neither Wilder's asserted state-official status nor the absence of a waiver answers that demand. Wilder Br. 13–14. The FCR's requirement that officials have acted in individual capacities repeated the error. ROA.699.

The FAC attributes the challenged practices to Wilder's own directions and ratification: at least two additional DA-assisted unsworn proxy contests,

preferential staff filing and service without fees the FAC characterizes as mandatory, unequal record access, and June 2025 directions to purge and reorganize earlier docket records, impairing later access. FAC ¶¶ 69, 76, 79, 96–103, 207–210; ROA.240–244, 249–252, 281–283; Opening Br. 41–44. His denial of concerted conduct does not erase those allegations. Wilder Br. 4. His description of presenting indigency evidence identifies neither a judicial function nor a judicial instruction covering those office choices. Wilder Br. 16 n.4, 18.

Wilder's bare judicial-immunity assertion identifies neither a protected act nor a judicial command and should be treated as abandoned. Wilder Br. 15; *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010). The adopted FCR nevertheless requires correction: *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001), protected bail-order execution but remanded other filing and record claims for qualified-immunity analysis. The FCR identifies no command covering these alleged practices. ROA.697.

*Campbell v. Wilder*, 487 S.W.3d 146, 151–54 (Tex. 2016), separated the clerk's cost administration under uncontested indigency affidavits from judicial cost allocation. Applying Texas's functional test, *Wilder v. Merritt* rejected derived judicial immunity for this same clerk's cost tabulation and taxation; even assuming discretion, those duties belonged to the clerk, not the judge. No. 02-16-00477-CV,

slip op. at 9–12 (Tex. App.—Fort Worth Nov. 16, 2017, pet. denied) (mem. op.). That prior-Rule-145 distinction does not classify every clerk function.

Rule 145(c)(3) assigns ordinary services to the clerk upon filing the sworn Statement; the 2016 comment requires those services without payment. Opening Br. 34. *Brooks v. George County*, 84 F.3d 157, 164–65 (5th Cir. 1996), denied qualified immunity for the sheriff's failure to perform expressly assigned recordkeeping and transmission duties. *Rivera Castelan v. Taylor*, No. 25-50714, slip op. at 7–10 (5th Cir. Aug. 6, 2026), distinguished an administrator's discretionary policy duties from transmission assigned to a magistrate. Here, Rule 145 names Wilder as duty holder. State law identifies the duty; federal law determines the immunity classification. Other management functions require separate classification. *Rivera* supplies that framework, not past fair warning; the federal notice authorities below predate the alleged conduct.

For acts found discretionary, Wilder's mere-Rule-145 explanation does not address his alleged knowing or deliberately indifferent maintenance of deficient processing and notice. Wilder Br. 16–17; FAC ¶¶ 207–211; ROA.281–283. *Loudermill* distinguishes an existing entitlement from the process required to withdraw it; *Bowlby* recognizes the completed prehearing injury; *Woodard* applies due process to a clerk's maintained fee practice. 470 U.S. at 541; 681 F.3d at 221–22; 419 F.3d at 353–54. Those preexisting rules must be applied to Wilder's own

alleged implementation or ratification of the process denying Yan meaningful participation before withdrawal of his exemption.

**C. Permission to contest indigency does not answer Moss's alleged joint participation.**

Moss defends his right to contest indigency; Yan challenges his alleged knowing use of the clerk's preferential process. Moss Br. 14–16. The FAC alleges that the clerk accepted and filed his contest on his behalf, staff endorsed or generated the notice, and Moss knowingly used that instrument to trigger state power. FAC ¶¶ 69–75, particularly ¶ 75(1), 205, 210; ROA.240–243, 281–283. The electronic certificate records filing and transmission. It does not establish that Yan received a legible setting or negate the alleged staff assistance in filing and service. ROA.496–497; FAC ¶¶ 69, 75, 79; ROA.240, 242–244.

Moss claims immunity for contesting indigency, so his personal interest in transcript fees matters. Texas Government Code § 52.047 authorizes transcript fees; § 52.051(a) separately provides governmental salary. Texas Attorney General Opinion GA-0164, at 6 (2004), recognizes the reporter's authority to retain transcript fees, and Rule 145's 2016 comment addresses contesting indigency before incurring record-preparation expense. The salary-versus-fee point was preserved at ROA.822. If the challenged function is pursuit of separately payable compensation for Moss's own benefit rather than governmental reporting, *Wyatt v. Cole*, 504 U.S. 158, 168–69 (1992), weighs against qualified immunity. *Perniciaro*

*v. Lea*, 901 F.3d 241, 251–54 (5th Cir. 2018), requires the historical and policy inquiry for the particular setting. Neither a fee interest nor a job title eliminates that functional inquiry.

Moss's alleged joint participation can establish state action without automatically giving him a judge's immunity. *Dennis v. Sparks*, 449 U.S. 24, 27–29 (1980). Merely filing and winning would not suffice; FAC ¶¶ 75(1), 205, and 210–211 allege knowing use of the staff-assisted mechanism. ROA.242–243, 281–283. That participation must be tested against Section II's preexisting federal notice rules. The objections presented both state action and immunity. ROA.884–889. The FCR's occupational immunity rationale did not apply those rules to that conduct. ROA.698–699.

*Diggles v. Surratt*, No. 4:23-cv-78, 2023 WL 6963666, at *7 (S.D. Tex. Oct. 20, 2023), rejected claims lacking adequate allegations of the reporter's conduct and clearly established law. FAC ¶¶ 75(1) and 205 identify Moss's alleged knowing use; Section II supplies the federal notice authorities. ROA.242–243, 281.

*Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435–38 (1993), rejects occupational absolute immunity. *Dallas County v. Halsey*, 87 S.W.3d 552, 556–57 (Tex. 2002), treated separately paid record preparation as ministerial, without deciding a Rule 145 contest. Moss's passing citation to *Severin v. Parish of Jefferson*, 357 F. App'x 601, 605 (5th Cir. 2009), identifies no judicial instruction

covering his acts. Moss Br. 16. That undeveloped derivative-immunity theory should be treated as abandoned. *Scroggins*, 599 F.3d at 446–47.

**D. Grimaldi identifies no judicial command covering the alleged notice failures.**

Grimaldi must justify absolute immunity for the function she performed. *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Antoine*, 508 U.S. at 432 & n.4. *Forrester v. White*, 484 U.S. 219, 227–29 (1988), makes function decisive. On information and belief, the FAC alleges that Grimaldi handwrote the setting and signed the same page as Moss's partial contest, giving it the appearance of court endorsement. FAC ¶ 75; ROA.242–243. It also alleges deficient notice and knowing failure to correct the unreadable setting. FAC ¶¶ 71–75, 206; ROA.241–243, 281. Grimaldi faults Yan for not alleging a departure from judicial instructions that she does not identify. Grimaldi Br. 15–16. *Severin*, 357 F. App'x at 605, involved employees acting at judges' express direction; it does not establish that the alleged notice failures followed such a direction.

ROA.496–497 records filing and transmission; Yan's declaration at ROA.471 concerns a later assignment instruction. Neither identifies a judicial command covering the November notice failure, regardless of whether endorsement preceded filing. Administrative direction is not automatically adjudication. *Davis v. Tarrant County*, 565 F.3d 214, 222–23 nn.3–4 (5th Cir. 2009).

*Thomas v. City of Dallas*, 175 F.3d 358, 363–65 (5th Cir. 1999), denied a notice administrator absolute immunity and found the constitutional and clearly-established notice standards satisfied, but reversed summary judgment to resolve whether her conduct was intentional or plainly incompetent rather than negligent. Grimaldi allegedly received Yan's November 5 clarification request and left the setting uncorrected before November 6. FAC ¶¶ 73–75; ROA.242–243. Yan's emailed request supports the inference that a legible setting could have been supplied through that channel. FAC ¶ 73(2); ROA.242. The FAC further alleges that Grimaldi knew nonappearance would likely be used to deny the Statement and withdraw the exemption. FAC ¶ 74(2); ROA.242. That alleged knowledge bears directly on *Thomas*'s distinction between intentional or plainly incompetent notice administration and mere negligence. Those allegations support the inference of a known, practicably correctable notice failure under *Jones*, not merely ordinary scheduling.

**IV. Prospective relief targets defendants' practices, not reversal of rulings.**

Wilder's alleged recurring practices support relief against his own future conduct. FAC ¶ 225(13) alleges ongoing inadequate notice in pending matters; ¶¶ 96–99 and 207 allege repeat contests and maintained processing practices. ROA.249–250, 281, 290. Those allegations address Yan's future exposure and Wilder's enforcement connection under *Ex parte Young*, 209 U.S. 123, 159–60

(1908), insofar as he acts for the State; County attribution is addressed in Section VII. Wilder cites ¶¶ 226–227 while omitting ¶ 225(13). Wilder Br. 14. His own practices, not reversal of a judge's ruling, are targeted. See *Book People, Inc. v. Wong*, 91 F.4th 318, 335 (5th Cir. 2024).

*Campbell* rejected successive motions to retax as an adequate answer to the clerk's systematic policy. 487 S.W.3d at 152–54. Retaxing corrects individual cost errors; requiring separate challenges to the same policy produces repeated litigation. Here, additional clerk-directed contests allegedly followed appellate review and created renewed cost barriers. Correcting one assessment would not necessarily prevent recurrence. FAC ¶¶ 95–99, 212; ROA.249–250, 283.

The injunction must prevent the pleaded federal due-process and equal-protection violations. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 103–06 (1984), distinguishes that relief from enforcement of state law. Rule 145 identifies the benefit and existing safeguards; the Constitution supplies the right. Readable, timely notice enables participation; ordinary service addresses the alleged one-sided process; and evidentiary support bears on the risk of erroneous withdrawal. FAC ¶¶ 204–211; ROA.280–283. FAC ¶ 229(5) targets unsupported contests and deficient processing and notice, with narrower alternatives in ¶ 228, including relief limited to the affected court or Yan's cases. ROA.291–293. *Mathews* requires deciding which safeguards are necessary to prevent the alleged

federal injury, permitting relief tailored to the violation established. FAC ¶¶ 204–211; ROA.280–283. *Davis*, 565 F.3d at 228, involved superseded guidelines; Wilder identifies no comparable cessation here.

Grimaldi's assignment-and-notice claims concern her own administrative acts. The January 6 appellate order directed findings after vacatur, not a particular judge's assignment. ROA.529–531. The FAC alleges she invoked that order when requesting Catterton's assignment on January 13, 2025, identifies an assignment order dated January 9, and alleges Yan received no notice until February 6, affecting his opportunity to object. FAC ¶¶ 84–94; ROA.246–249. The printed date does not establish earlier transmission. Yan's account of Terry's instruction supplies neither an appellate command nor an explanation for delayed notice. ROA.471. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 40 (2021), concerned adjudication and neutral docketing; the alleged misstatement and delayed notice require their own classification. Grimaldi Br. 12; Opening Br. 47–52, 57.

Grimaldi's page 13 argument targets the wrong injunction. She invokes hypothetical future Rule 145 contests and cites FAC ¶ 229(5), which seeks relief against Wilder and Tarrant County. ROA.293. The injunction requested against her addresses assignment requests and notices under ¶ 229(1), (7). ROA.292, 294. Her participation in a future indigency contest therefore does not define the assignment-and-notice injunction preserved at Opening Br. 57–58.

Yan's transfer requires examination of his future exposure. The FAC identifies his active matter in the 360th District Court while seeking relief against Grimaldi's request-and-notice practices in 325th District Court proceedings. FAC ¶¶ 148, 174, 229(7); ROA.265, 272, 294. The inquiry is whether her actual duties still affect Yan or create a concrete threat of recurrence. Chapter 74 remedies do not answer allegations that deficient notice prevented their use. Grimaldi Br. 12–13. Opening Br. 54, 57–58, 60–62 preserved targeted amendment if that continuing connection requires particularization.

Whatever further showing prospective relief requires after transfer, that inquiry does not determine whether personal damages can remedy Grimaldi's completed November notice conduct. FAC ¶¶ 213, 223; ROA.283, 286.

The FCR's alternative Monell conclusion, ROA.698, does not resolve whether Grimaldi's pleaded Chapter 74 function supports prospective relief under *Young*. The FAC places her assignment requests under Terry's supervision and targets her own request-and-notice conduct. FAC ¶¶ 85–87, 229(1), (7); ROA.247–248, 292, 294. Opening Br. 43, 54, 57–58 preserved that ongoing-violation and enforcement-connection inquiry.

## V. *Rooker-Feldman* and *Younger* do not justify the dismissal entered.

*Rooker-Feldman* turns on the source of injury and requested relief. *English v. Crochet*, 154 F.4th 369, 373–75 (5th Cir. 2025), rejects the former inextricably-

intertwined expansion. *T. M. v. University of Maryland Medical System Corp.*, No. 25-197, slip op. at 1, 7–8 & n.4, 16 n.10 (U.S. June 18, 2026), requires a preexisting state judgment and a federal demand for its review and rejection; further state appellate review does not itself control. Count VI seeks damages for defendants' antecedent denial of meaningful notice and participation without reversing the cost order. FAC ¶¶ 211–213; ROA.283. *Truong v. Bank of America, N.A.*, 717 F.3d 377, 382–84 (5th Cir. 2013), likewise treated damages claims for misleading the court and inducing lost participation as independent because they did not require overturning the judgment.

The prospective claims challenge future administration rather than demand review of a state decision. FAC ¶¶ 227–229 exclude merits revision and target future processing and notice, with narrower alternatives. ROA.291–294. *Skinner v. Switzer*, 562 U.S. 521, 532 (2011), permits independent challenges to rules governing decisions. Grimaldi's added reliance on Catterton's assignment does not analyze her alleged misstatement and delayed notice or the relief sought. Grimaldi Br. 12, 15; ROA.759–762.

An ongoing family case does not alone trigger *Younger*. The FCR listed *Sprint*'s categories at ROA.686 but applied general considerations—ongoing litigation, state interests, and state review—at ROA.692–693. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78–82 (2013), requires a qualifying

category and claim-specific application. Appellees invoke protection of judicial functions without identifying comparable interference from personal damages. Wilder Br. 11–12; Grimaldi Br. 13–14; Moss Br. 12–13. *Juidice v. Vail*, 430 U.S. 327, 330, 335–36 (1977), involved contempt procedures; *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 10–14 (1987), judgment enforcement. Count VI damages neither suspend collection nor dictate indigency. *Daves v. Dallas County*, 64 F.4th 616, 630–32 (5th Cir. 2023) (en banc), involved ongoing federal oversight of criminal bail procedures.

The prospective claims require separate examination of what each requested safeguard would require defendants to do and whether it would interfere with a qualifying state proceeding. Later review alone supplies neither that analysis nor a *Sprint* category. FAC ¶¶ 227–229; ROA.291–294.

At minimum, otherwise viable personal and municipal damages under Counts VI–VII must be stayed if *Younger* is the sole obstacle. *Deakins v. Monaghan*, 484 U.S. 193, 202–04 (1988), requires retention where the state proceeding cannot award those damages, even if a separate state action could. Rule 145(g) determines cost obligations; appellees identify no means there to adjudicate § 1983 damages. FAC ¶¶ 213, 223; ROA.283, 286; Opening Br. 39. The without-prejudice label does not convert dismissal into retention of jurisdiction. ROA.914.

## VI. Appellees' defenses overlook the unequal treatment, obstruction, and retaliation alleged.

### A. Unequal charges for identical records supply the comparator appellees overlook.

Wilder's copy-fee practice supplies a concrete comparator. FAC ¶¶ 101 and 208 allege intentional differential treatment: in No. 4:24-cv-00579 the DA's civil division received free records for an individual-capacity defendant while Yan was charged for the same materials, at Wilder's direction or ratification and without a rational basis. ROA.251, 282; Opening Br. 34–35, 41. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam), recognizes a class-of-one claim without a racial classification. Appellees' focus on race and differing indigency-contest roles does not address those comparable record requests. Wilder Br. 18–19; Grimaldi Br. 19–20; Moss Br. 18.

*Olech* also supplies the preexisting comparison for the FCR's clearly-established-law ground: intentionally unequal terms for the same public service without a rational basis. Here, the alleged disparity is Wilder's charging Yan for the identical records furnished free to opposing counsel. 528 U.S. at 564–65; ROA.251, 282, 699.

Preferential filing and service supply a separate pleaded comparison. FAC ¶ 70(3) alleges waiver of a conference-certificate requirement for court-affiliated contestants while ordinary indigent litigants remained subject to it; ¶¶ 75 and 79 allege one-sided notice and service assistance. ROA.241–244. The comparison

concerns access to those procedural benefits, not whether contestants and declarants carry the same substantive burden of proving indigency. Material similarities and differences must be assessed against the particular filing, service, or record request. Paragraphs 205–210 connect Wilder's maintained practice, Grimaldi's endorsement and notice, and Moss's knowing use to intentional differential treatment. ROA.281–283. FAC ¶ 210 also alleges that this preferential contest processing lacked a rational basis. ROA.282–283. Permission to contest indigency does not explain the alleged preferential filing and service assistance.

**B. Count VII alleges lost appellate review and preserves a targeted cure.**

*Christopher v. Harbury*, 536 U.S. 403, 415–18 (2002), and *Waller v. Hanlon*, 922 F.3d 590, 601–02 (5th Cir. 2019), require an arguable underlying claim, official frustration, and a remedy unavailable in an existing or still-available action. Count VII alleges that the process attributed to Moss, Grimaldi, and Wilder in FAC ¶¶ 205–207 removed the exemption, producing cost and record barriers and loss of merits review of the pleaded due-process challenge. FAC ¶¶ 95(3), 100, 212, 214–217; ROA.249–251, 281–285; Opening Br. 39–40. Paragraph 223 requests personal damages. ROA.286.

The January 29, 2025 letter in No. 13-24-00617-CV warned of dismissal absent arrangements and proof concerning payment for the clerk's record; the docket records dismissal on February 27. ROA.527, 491. FAC ¶¶ 100 and 212

supply the inability-to-pay and causal allegations. ROA.250–251, 283. The June 2025 records allegations concern later obstruction. FAC ¶ 103; ROA.251–252.

*Waller* rejected an anticipated loss while the underlying claim remained actively litigated; Yan alleges dismissal and lost merits review. 922 F.3d at 601–02; FAC ¶¶ 100, 212, 215–217; ROA.250–251, 283–285. If particulars are needed, Opening Br. 40 preserved amendment identifying the due-process issue and relief sought in the affected appeal, its arguable merit, the record material or opportunity lost through each defendant's acts, and why relief for that loss could no longer be obtained in another available action; the court should assess how each defendant's acts caused that loss. *Harbury*, 536 U.S. at 415–18. That inquiry does not dispose of the independent notice or retaliation claims; damages for antecedent obstruction do not seek reinstatement of the appeal. *Truong*, 717 F.3d at 383.

**C. Authority to contest indigency does not authorize retaliation for appellate activity.**

*Keenan v. Tejeda*, 290 F.3d 252, 258–60 (5th Cir. 2002), requires protected activity, ordinary-firmness injury, and substantial retaliatory motivation. The FAC alleges that months passed without a comparable contest after Yan's Rule 145 Statement, but the challenged process advanced after his appellate and postjudgment activity and his constitutional grounds became known. FAC ¶¶ 218–220; ROA.285. Moss allegedly knowingly used the staff-endorsed notice; Grimaldi endorsed it and failed to correct the setting; Wilder maintained the processing

practice and directed further DA-assisted contests. FAC ¶¶ 73–75, 96–98, 205–210, 221–222; ROA.242–243, 249–250, 281–283, 286. Paragraph 220 alleges that the burdens would not have arisen in the same manner and time but for his petitioning and were intended to punish and deter review. The timing, selective processing, and repeat contests support that alleged motive.

*Rolf v. City of San Antonio*, 77 F.3d 823, 827–28 (5th Cir. 1996), reversed dismissal where civil condemnation allegedly punished protected opposition. Authority to use a civil procedure did not answer retaliatory purpose. *Keenan* likewise recognized the established First Amendment protection but required some actual restriction, not complete silence. 290 F.3d at 258–60. FAC ¶¶ 212 and 216–220 allege cost barriers, obstructed appellate pursuit, and dismissal, supplying the asserted concrete hindrance and ordinary-firmness injury; continued filing does not negate those allegations. ROA.283–285. Appellees' merits discussions do not apply those facts to the retaliation elements. Wilder Br. 17–19; Grimaldi Br. 18–20; Moss Br. 16–18.

**VII. The County's policy, policymaker, and causation require separate analysis.**

The judgment expressly dismissed the County claims, and Yan appealed that dismissal. ROA.914, 944–945. The FCR separately rejected municipal liability despite the absence of County-specific motion practice. ROA.6–12, 700–701. Opening Br. 33–39, 62–64, 67–68 challenged that ruling, and the objections and

Rule 59 motion preserved the County analysis and service-period issue. ROA.804–805, 820–821, 936–937. The three individual appellees supply no Monell analysis or express adoption of an argument for the County. *Charles v. Atkinson* addresses service and appearance when claims were not resolved by the judgment or an earlier order. 826 F.3d 841, 843 (5th Cir. 2016). *Crowley v. Bannister* exercised appellate jurisdiction and vacated a judgment favoring an unserved defendant. 734 F.3d 967, 974–76 (9th Cir. 2013). If nonservice foreclosed that merits adjudication, it should be vacated and remanded for proper proceedings.

Municipalities possess neither absolute nor qualified immunity under § 1983. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993). County attribution separately turns on the particular function under Texas law, not Eleventh Amendment status. *Arnone v. County of Dallas*, 29 F.4th 262, 266–68 (5th Cir. 2022). Local Government Code §§ 203.001, 203.002, and 203.005 assign elected officers office-record policies and plans, supporting attribution of Wilder's alleged records choices subject to the statutory allocation or delegation of authority. FAC ¶¶ 101, 103, 207–210; ROA.251–252, 281–283. Section 203.002(3)–(5) specifically assigns preservation and disposition responsibilities. The alleged directions to purge and reorganize docket records therefore implicate that office's records-management choices, to be assessed under the statutory allocation of authority. FAC ¶ 103; ROA.251–252.

Those statutes do not classify every fee or notice function. Rule 145(c)(3) assigns ordinary services to the clerk, and *Campbell* distinguishes his cost administration from judicial cost adjudication. 487 S.W.3d at 151–54. The FAC attributes favored processing and repeat-contest directions to Wilder. FAC ¶¶ 69, 76, 79, 96–99, 207–210; ROA.240, 243–244, 249–250, 281–283. *Woodard*'s Louisiana fee authority and *Davis*'s Texas judicial-appointment function do not determine that Texas clerk function. 419 F.3d at 352–54; 565 F.3d at 227.

*Groden v. City of Dallas*, 826 F.3d 280, 284–86 (5th Cir. 2016), treats the authorized policymaker's identity as a legal question but requires facts connecting policy or custom, authority, and injury. FAC ¶¶ 69, 76, 96–99, and 207–212 allege recurring preferential processing, Wilder's direction or ratification, and resulting deprivation of meaningful notice. ROA.240, 243, 249–250, 281–283. An actionable custom need not be formally adopted. ROA.700. The FCR acknowledged the alleged routine waiver of contest filing fees before requiring factual support for an officially adopted policy. ROA.700–701. Paragraphs 101 and 208 connect differential records charges to economic and litigation harm; Count VII separately attributes appellate obstruction and retaliatory burdens to the maintained process. ROA.251, 282, 284–286. Those are the pleaded policy and moving-force connections requiring review under the FCR's independent grounds. ROA.700–701. An individual's immunity does not establish absence of a

constitutional violation. *Groden*, 826 F.3d at 284 n.2. Remand should address those elements and the preserved request to clarify authority, recurring practices, or causation if needed.

**VIII. Dismissal errors cannot establish that amendment is futile.**

Futility must address the identified cures under the correct tests. Sections II, III, and VI answer the FCR's constitutional and immunity alternatives; Section VII addresses policy attribution. ROA.697–701. The preserved amendment request identifies personal responsibility, policy attribution, notice and knowledge, the access claim's underlying claim and unavailable remedy, and the prospective claims' continuing connection. ROA.820–824, 932–934, 940–941; Opening Br. 40, 54, 57–58, 60–62.

Grimaldi and Moss invoke *Yan v. Texas*, No. 25-10752, 2026 WL 2447137, at *3 (5th Cir. Aug. 20, 2026). Grimaldi Br. 9–10; Moss Br. 8–9. That unpublished decision concerns a separate record; it does not decide this FAC's sufficiency or these proposed clarifications. 5th Cir. R. 47.5.4.

The January 9, 2026 FAC preceded Wheless's motion, the February 5 collective-response order, and the February 18 FCR. ROA.6–8, 577–578, 684. Page counts do not establish repeated failure after notice of those defects. *Association of American Physicians*, 103 F.4th at 394–95, requires a meaningful opportunity to replead. *Davis v. Warren* likewise declined to treat one prior

amendment as a best-case pleading where adequate understanding of the deficiencies remained unclear. No. 24-40599, slip op. at 13–15 (5th Cir. Apr. 21, 2026).

Moss's Rule 7(b)(1)(B) and Local Rule 15.1 objection overlooks filings specifying Wilder's policy and ratification, the notice sequence, protected benefit, and Moss's knowing participation. Moss Br. 9; ROA.821–823, 874–875, 884–893, 940–941. *Johnson v. Tarrant County*, No. 4:24-cv-686-O, 2025 WL 438366, at *8 (N.D. Tex. Feb. 7, 2025), aff'd, No. 25-10540, slip op. at 1 (5th Cir. Aug. 21, 2026) (per curiam) (unpublished), involved repeated failures to cure and absence of particular proposed grounds. Yan identified those particulars and sought leave before judgment. The FCR's futility ruling did not rely on Moss's formal ground.

Rule 15 governs the preserved request to reopen for amendment. *Calhoun v. Collier*, 78 F.4th 846, 853–55 (5th Cir. 2023); *Farmers Tex. Cnty. Mut. Ins. Co. v. 1st Choice Accident & Inj., L.L.C.*, 168 F.4th 271, 276–80 (5th Cir. 2026). Yan sought leave before judgment and renewed it under Rule 59(e). ROA.823, 826, 940–941. Dismissal without prejudice closed this action, and the Rule 59 denial kept it closed. ROA.914, 943. Futility receives de novo Rule 12(b)(6) review; other Rule 15 grounds receive abuse-of-discretion review. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). *Farmers* permits affirmance on an ample and obvious Rule 15 ground despite use of the wrong standard. 168 F.4th at 277–

80. The FCR's efficiency and delay references identify no concrete bad faith, prejudice, or repeated post-notice failure tied to the proposed cures. ROA.702.

The underlying legal errors retain their governing review. *Bruckner Truck Sales, Inc. v. Guzman*, 148 F.4th 341, 344 (5th Cir. 2025), applies de novo review when reconsideration challenges a ruling itself reviewed de novo. Opening Br. 24–25, 66. Appellees' general Rule 59 discussion answers neither those errors nor the separate amendment request. Wilder Br. 6–8; Grimaldi Br. 7–10; Moss Br. 6–9.

## CONCLUSION

The Court should vacate ECF Nos. 61, 62, and 65 as to Yan's claims against Wilder, Grimaldi, Moss, and Tarrant County and remand. Counts VI–VII require separate adjudication of personal and municipal damages; the prospective declaratory and injunctive claims require examination of the continuing practices alleged. Any otherwise cognizable damages claim subject only to *Younger* should be stayed. If a correctly analyzed claim requires further detail, the district court should address the preserved request for targeted amendment under Rule 15. Yan retains the requested ancillary relief in FAC ¶ 244 and the prayer. ROA.299–300.

Respectfully submitted,


*<u>/s/ Conghua Yan</u>*
Conghua Yan
2140 E. Southlake Blvd., Suite L-439
Southlake, TX 76092
(214) 228-1886
arnold200@gmail.com
Pro se, for himself

## CERTIFICATE OF SERVICE

I certify that on October 20, 2026, a true and correct copy of this brief was served on all counsel of record and any unrepresented parties required to be served under Federal Rule of Appellate Procedure 25.

Method of service: email

*/s/ Conghua Yan*

## CERTIFICATE OF COMPLIANCE

This brief contains 6,409 words, excluding the portions exempted by Federal Rule of Appellate Procedure 32(f), as computed by LibreOffice Writer, and complies with the 6,500-word limit in the Court's October 9, 2026 order.

This brief complies with the typeface and type-style requirements of Rules 32(a)(5) and 32(a)(6) because it uses a proportionally spaced 14-point Times New Roman typeface.

*/s/ Conghua Yan*
Conghua Yan